**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| Integra LifeSciences Corp., Integra LifeSciences Sales LLC, Confluent Surgical, Inc., and Incept LLC,<br><br>      Plaintiffs,<br><br>v.<br><br>HyperBranch Medical Technology, Inc.,<br><br>      Defendant. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs, Integra LifeSciences Corp., Integra LifeSciences Sales LLC, Confluent Surgical, Inc. and Incept LLC (hereinafter "Plaintiffs"), for their complaint for patent infringement against Defendant, HyperBranch Medical Technology, Inc. (hereinafter "HyperBranch"), state as follows:

**NATURE OF CASE**

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and particularly 35 U.S.C. §§ 271 and 281.

**THE PARTIES**

**Plaintiffs Integra LifeSciences Corp., Integra LifeSciences
Sales LLC, Confluent Surgical, Inc. and Incept LLC**

2. Integra LifeSciences Corp. ("Integra") is a Delaware corporation with a principal place of business at 311 Enterprise Drive, Plainsboro, New Jersey, 08536.

3. Integra LifeSciences Sales LLC ("Integra Sales") is a Delaware corporation with a principal place of business at 311 Enterprise Drive, Plainsboro, New Jersey, 08536.

4. Confluent Surgical, Inc. ("Confluent") is a Delaware corporation with a principal place of business at 311 Enterprise Drive, Plainsboro, New Jersey, 08536.

5. Integra and Integra Sales are directly or indirectly controlled by or under common control with Confluent and are therefore affiliates of Confluent.

6. Incept LLC ("Incept") is a Delaware Limited Liability Company with its principal place of business in Lexington, Massachusetts.

7. Integra is a world leader in the design, development, and manufacturing of technologically advanced medical devices. Integra is significantly invested in the design, development, and manufacturing of products for orthopedics, tissue technologies, and specialty surgical solutions, with an emphasis on products that help heal and/or regenerate tissue.

8. Integra Sales sells and distributes Integra medical technology products including products for orthopedics, tissue technologies, and specialty surgical solutions, with an emphasis on products that help heal and/or regenerate tissue.

9. Confluent is a medical device company that pioneered the development of in-situ polymerized biomaterials with applications as synthetic sealants and hemostats in minimally invasive surgery, adhesion prevention, and interventional procedures.

10. Incept is a medical technology company that promotes and advances technology innovation and entrepreneurship with a primary focus on life sciences to meet important unmet medical technology needs.

11. Confluent and its affiliates, Integra and Integra Sales, are the exclusive licensees, with rights to enforce for past and current infringement, of U.S. Patent No. 7,009,034 directed to "Biocompatible Crosslinked Polymers" which legally and duly issued on March 7, 2006 ("the

'034 patent"). Incept is the owner by assignment of the '034 patent. A true and correct copy of the '034 patent is attached as Exhibit A.

12. Confluent and its affiliates, Integra and Integra Sales, are the exclusive licensees, with rights to enforce for past and current infringement, of U.S. Patent No. 7,592,418 directed to "Biocompatible Crosslinked Polymers with Visualization Agents" which legally and duly issued on September 22, 2009 ("the '418 patent"). Incept is the owner by assignment of the '418 patent. A true and correct copy of the '418 patent is attached as Exhibit B.

13. Confluent and its affiliates, Integra and Integra Sales, are the exclusive licensees, with rights to enforce for past and current infringement, of U.S. Patent No. 7,332,566 directed to "Biocompatible Crosslinked Polymers with Visualization Agents" which legally and duly issued on February 19, 2008 ("the '566 patent"). Incept is the owner by assignment of the '566 patent. A true and correct copy of the '566 patent is attached as Exhibit C.

14. Confluent and its affiliates, Integra and Integra Sales, are the exclusive licensees, with rights to enforce for past and current infringement, of U.S. Patent No. 6,566,406 directed to "Biocompatible Crosslinked Polymers" which legally and duly issued on May 20, 2003 ("the '406 patent"). Incept is the owner by assignment of the '406 patent. A true and correct copy of the '406 patent is attached as Exhibit D.

15. Confluent and its affiliates, Integra and Integra Sales, are the exclusive licensees, with rights to enforce for past and current infringement, of U.S. Patent No. 8,003,705 directed to "Biocompatible Hydrogels Made with Small Molecule Precursors" which legally and duly issued on August 23, 2011 ("the '3,705 patent"). Incept is the owner by assignment of the '3,705 patent. A true and correct copy of the '3,705 patent is attached as Exhibit E.

16. Confluent and its affiliates, Integra and Integra Sales, are the exclusive licensees, with rights to enforce for past and current infringement, of U.S. Patent No. 8,535,705 directed to "Biocompatible Polymers and Hydrogels and Methods of Use" which legally and duly issued on September 17, 2013 ("the '5,705 patent"). Incept is the owner by assignment of the '5,705 patent. A true and correct copy of the '5,705 patent is attached as Exhibit F.

17. Collectively the '034 patent, the '418 patent, the '566 patent, the '406 patent, the '3,705 patent, and the '5,705 patent will be referred herein as "the patents-in-suit".

### Defendant HyperBranch Medical Technology, Inc.

18. HyperBranch is a Delaware Corporation with its principal place of business at 800-12 Capitola Drive, Durham, North Carolina, 27713-4410.

19. HyperBranch is engaged in the business of, *inter alia*, designing, developing, manufacturing, and selling restorable surgical sealants for general and specialized surgical use.

20. Upon information and belief, HyperBranch is registered to do business in Delaware, and is doing business in Delaware.

21. Upon information and belief, HyperBranch's registered agent in Delaware is Corporation Service Company, 2711 Centerville Road, Wilmington, DE 19808.

### JURISDICTION AND VENUE

22. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331 and 1338(a).

23. On information and belief, this Court has personal jurisdiction over HyperBranch at least because (i) HyperBranch is a Delaware corporation; (ii) HyperBranch is registered with the Delaware Secretary of State to do business in Delaware; and/or (iii) HyperBranch has a registered agent in Delaware.

24. Venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391(b) and 1400(b).

### Integra's Dural Sealant Technology

25. The patents-in-suit relate to Integra's and Integra Sales' dural sealant products and technology, particularly those used by neurosurgeons and orthopedic spine surgeons. These sealants minimize cerebrospinal fluid leaks upon completion of the surgical procedure and coexist with other Integra and Integra Sales products that provide surgeons with solutions for surgical procedures in the head and spine.

### COUNT I –INFRINGEMENT OF THE PATENTS-IN-SUIT UNDER 35 U.S.C §271(a)

26. Plaintiffs incorporate herein the allegations of paragraphs 1 through 25 above.

27. Plaintiffs have never licensed or permitted HyperBranch to practice any of the legal rights granted under the patents-in-suit.

28. HyperBranch has, literally or under the doctrine of equivalents, infringed, and is infringing, one or more claims of each of the patents-in-suit under at least 35 U.S.C. §271(a) by making, using, selling, offering to sell, and/or importing into the United States products including its Adherus Autospray Dural Sealant, Adherus Dural Sealant, and Adherus Spinal Sealant.

29. On information and belief, HyperBranch has been made aware of and has had knowledge of the patents-in-suit since at least January 31, 2015 and HyperBranch's infringement of the patents-in-suit has been, and continues to be, with full knowledge of the patents-in-suit and is a deliberate and willful infringement thereof.

30. By reason of HyperBranch's infringement of the patents-in-suit, HyperBranch has caused and continues to cause each of the Plaintiffs to suffer damage and to cause Integra and

Integra Sales to suffer damage and irreparable harm that monetary damages are inadequate to compensate.

31. Integra and Integra Sales have no adequate remedy at law for HyperBranch's infringement of the patents-in-suit.

32. HyperBranch's infringement of the patents-in-suit will continue unless enjoined by this Court.

**COUNT II – INDUCED INFRINGEMENT OF THE PATENTS-IN-SUIT UNDER §271(b)**

33. Plaintiffs incorporate herein the allegations of paragraphs 1 through 32 above.

34. Plaintiffs have never licensed or permitted HyperBranch to practice any of the legal rights granted under the patents-in-suit.

35. HyperBranch has actively induced infringement, and is actively inducing infringement of one or more claims of the patents-in-suit under at least 35 U.S.C. §271(b) by aiding and abetting, encouraging and intending its customers and recipients and possibly others as yet unknown to plaintiffs to use, sell or offer to sell, the Adherus Autospray Dural Sealant, Adherus Dural Sealant, and/or Adherus Spinal Sealant in a manner that directly infringes one or more claims of each of the patents-in-suit

36. On information and belief, HyperBranch has been made aware of and had knowledge of the patents-in-suit since at least January 31, 2015 and HyperBranch's induced infringement of the patents-in-suit has been, and continues to be, with full knowledge of the patents-in-suit and is a deliberate and willful infringement thereof.

37. By reason of HyperBranch's induced infringement of the patents, HyperBranch has caused and continues to cause each of the Plaintiffs to suffer damage and Integra and Integra Sales to suffer damage and irreparable harm that monetary damages are inadequate to compensate.

38. Integra and Integra Sales have no adequate remedy at law for HyperBranch's induced infringement of the patents-in-suit.

39. HyperBranch's induced infringement of the patents-in-suit will continue unless enjoined by this Court.

**COUNT III –INFRINGEMENT OF THE PATENTS-IN-SUIT UNDER 35 U.S.C §271(f)(1)**

40. Plaintiffs incorporate herein the allegations of paragraphs 1 through 39 above.

41. Plaintiffs have never licensed or permitted HyperBranch to practice any of the legal rights granted under the patents-in-suit.

42. HyperBranch has, literally or under the doctrine of equivalents, infringed and is infringing one or more claims of the patents-in-suit under at least 35 U.S.C. §271(f)(1) by supplying from the United States all or a substantial portion of the components of at least one of the claims of the patents-in-suit where such components are uncombined in whole or in part and encouraging and/or intending its customers to use the Adherus Autospray Dural Sealant, Adherus Dural Sealant, and/or Adherus Spinal Sealant in a manner that would infringe on the product, device, or apparatus claimed in one or more of the patents-in-suit.

43. On information and belief, HyperBranch has been made aware of and has had knowledge of the patents-in-suit since at least January 31, 2015 and HyperBranch's infringement of the patents-in-suit has been, and continues to be, with full knowledge of the patents-in-suit and is a deliberate and willful infringement thereof.

44. By reason of HyperBranch's infringement of the patents-in-suit, HyperBranch has caused and continues to cause each of the Plaintiffs to suffer damage and to cause Integra and Integra Sales to suffer damage and irreparable harm that monetary damages are inadequate to compensate.

45. Integra and Integra Sales have no adequate remedy at law for HyperBranch's infringement of the patents-in-suit.

46. HyperBranch's infringement of the patents-in-suit will continue unless enjoined by this Court.

## COUNT IV – CONTRIBUTORY INFRINGEMENT OF THE PATENTS-IN-SUIT UNDER § 271(c)

47. Plaintiffs incorporate herein the allegations of paragraphs 1 through 46 above.

48. Plaintiffs have never licensed or permitted HyperBranch to practice any of the legal rights granted under the patents-in-suit.

49. HyperBranch has contributorily infringed, and is contributorily infringing, one or more claims of the patents-in-suit under at least 35 U.S.C. §271(c) by selling, and/or offering to sell to customers and possibly others as yet unknown to Plaintiffs, the Adherus Autospray Dural Sealant and/or Adherus Dural Sealant for use in a manner that infringes one or more claims of the patents-in-suit, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patented claims and not a staple article or commodity of commerce suitable for substantial noninfringing use

50. On information and belief, HyperBranch has been made aware of and had knowledge of the patents-in-suit since at least January 31, 2015 and HyperBranch's contributory infringement of the patents-in-suit has been, and continues to be, with full knowledge of the patents-in-suit and is a deliberate and willful infringement thereof.

51. By reason of HyperBranch's contributory infringement of the patents-in-suit, HyperBranch has caused and continues to cause each of the Plaintiffs to suffer damage and Integra and Integra Sales to suffer damage and irreparable harm that monetary damages are inadequate to compensate.

52. Integra and Integra Sales have no adequate remedy at law for HyperBranch's contributory infringement of the patents-in-suit.

53. HyperBranch's contributory infringement of the patents-in-suit will continue unless enjoined by this Court.

**COUNT V – INFRINGEMENT OF THE PATENTS-IN-SUIT UNDER 35 U.S.C §271(f)(2)**

54. Plaintiffs incorporate herein the allegations of paragraphs 1 through 53 above.

55. Plaintiffs have never licensed or permitted HyperBranch to practice any of the legal rights granted under the patents-in-suit.

56. HyperBranch has, literally or under the doctrine of equivalents, infringed and is infringing, one or more claims of the patents-in-suit under at least 35 U.S.C. §271(f)(2) by supplying one or more of the Adherus Autospray Dural Sealant, Adherus Dural Sealant and/or Adherus Spinal Sealant from the United States which is at least one component of at least one of the claims of the patents-in-suit where such at least one component is specifically made or especially adapted for use in the at least one of the claims of the patents-in-suit and not a staple article of commerce suitable for non-infringing use; where such component is uncombined in whole or in part, knowing that such component is made for and intending that such component be combined in a manner that would infringe on the product, device or apparatus claimed in one or more of the patents-in-suit if such combination occurred in the United States.

57. On information and belief, HyperBranch has been made aware of and has had knowledge of the patents-in-suit since at least January 31, 2015 and HyperBranch's infringement of the patents-in-suit has been, and continues to be, with full knowledge of the patents-in-suit and is a deliberate and willful infringement thereof.

58. By reason of HyperBranch's infringement of the patents-in-suit, HyperBranch has caused and continues to cause each of the Plaintiffs to suffer damage and to cause Integra and

Integra Sales to suffer damage and irreparable harm that monetary damages are inadequate to compensate.

59. Integra and Integra Sales have no adequate remedy at law for HyperBranch's infringement of the patents-in-suit.

60. HyperBranch's infringement of the patents-in-suit will continue unless enjoined by this Court.

## JURY DEMAND

In accordance with the Seventh Amendment of the United States Constitution, Plaintiffs demand a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that:

a) Pursuant to 35 U.S.C. §271(a), this Court enter judgment that HyperBranch has been and is currently infringing the patents-in-suit;

b) Pursuant to 35 U.S.C. §271(b), this Court enter judgment that HyperBranch has been and is currently inducing infringement of the patents-in-suit;

c) Pursuant to 35 U.S.C. §271(c), this Court enter judgment that HyperBranch has been and is currently contributorily infringing the patents-in-suit;

d) Pursuant to 35 U.S.C. §271(f)(1), this Court enter judgment that HyperBranch has been and is currently infringing the patents-in-suit;

e) Pursuant to 35 U.S.C. §271(f)(2), this Court enter judgment that HyperBranch has been and is currently infringing the patents-in-suit;

f) HyperBranch, its officers, agents, servants, employees, assigns, successors in interest, parents, and attorneys, and all those in active concert or participation with them who

received actual notice of the injunction, by personal service or otherwise, be preliminarily and permanently enjoined from infringing the patents-in-suit;

g) HyperBranch be directed to pay Plaintiffs the amount of damages Plaintiffs have sustained as a result of HyperBranch's acts of patent infringement, and that such damages be trebled under 35 U.S.C. §284;

h) This be declared an exceptional case under 35 U.S.C. §285;

i) Plaintiffs be awarded their attorneys' fees;

j) HyperBranch be directed to pay an award of pre-judgment interest, post-judgment interest, and costs of the suit to Plaintiffs; and

k) Plaintiffs be granted such other further relief as the Court may deem proper and just.

Dated: September 15, 2015

*Of Counsel:*

Robert F. Altherr, Jr.
Christopher B. Roth
**BANNER & WITCOFF, LTD.**
1100 13th Street NW
Suite 1200
Washington, DC 20005
Telephone: (202) 824-3000

John P. Iwanicki
**BANNER & WITCOFF, LTD.**
28 State Street, Suite 1800
Boston, MA 02109
Telephone: (617) 720-9600

**YOUNG CONAWAY STARGATT & TAYLOR LLP**

*/s/ Karen L. Pascale*
_____
Karen L. Pascale (#2903) [kpascale@ycst.com]
James L. Higgins (#5021) [jhiggins@ycst.com]
Rodney Square
1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6600

*Attorneys for Plaintiffs, Integra LifeSciences Corp., Integra LifeSciences Sales LLC, Confluent Surgical, Inc., and Incept LLC*

## **EXHIBIT LIST**

| Exhibit | Description |
| --- | --- |
| A | U.S. Patent No. 7,009,034 |
| B | U.S. Patent No. 7,592,418 |
| C | U.S. Patent No. 7,332,566 |
| D | U.S. Patent No. 6,566,406 |
| E | U.S. Patent No. 8,003,705 |
| F | U.S. Patent No. 8,535,705 |