IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTEGRA LIFESCIENCES CORP., ) <br> INTEGRA LIFESCIENCES SALES LLC, ) <br> CONFLUENT SURGICAL, INC., and ) <br> INCEPT LLC, ) <br>   ) <br> Plaintiffs,   ) <br> v.   ) <br>   ) <br> HYPERBRANCH MEDICAL ) <br> TECHNOLOGY, INC., ) <br>   ) <br> Defendant.   ) <br> _____) | Civil Action No. 15-819-LPS-CJB |

**MEMORANDUM ORDER**

At Wilmington this **12th day of February, 2016**.

**WHEREAS**, the Court has considered both Plaintiffs Integra LifeSciences Corp. ("Integra"), Integra LifeSciences Sales LLC, Confluent Surgical, Inc. ("Confluent"), and Incept LLC's (collectively, "Plaintiffs") and Defendant HyperBranch Medical Technology, Inc.'s ("Defendant") letter submissions, (D.I. 76-79), relating to the parties' pending motion seeking resolution of certain discovery disputes, (D.I. 74), as well as the parties' arguments made during the teleconference with the Court on Tuesday, February 9, 2016;

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

1. With respect to the dispute regarding Plaintiffs' Request for Production No. 3, which seeks production of "[f]ive samples of each HyperBranch Product as sold or offered for sale by HyperBranch[,]" (D.I. 76 at 1; *id.*, ex. A at 4), Plaintiffs' request is GRANTED. The samples are indisputably relevant to the claims and defenses in the matter. *See* Fed. R. Civ. P. 26(b); *see also Regents of the Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1572 (Fed. Cir.

1997) (explaining that an accused product must include every limitation of the asserted claim or an equivalent to infringe); *Everlight Elecs. Co., Ltd. v. Nichia Corp.*, Civil Action No. 12-CV-11758, 2013 WL 6713789, at *2 (E.D. Mich. Dec. 20, 2013) ("Courts recognize the essential nature of accused product samples in patent infringement cases."). The Court has no basis to find otherwise here. The real dispute between the parties is as to the way in which Plaintiffs may use these samples prior to or during an upcoming preliminary injunction hearing—and whether this use will amount to the promulgation of "new" infringement arguments that go beyond what Plaintiffs argued in their opening brief. (D.I. 79 at 1; *id.*, ex. L at 32-33) The Court is ill-equipped to make that determination without seeing Plaintiffs' arguments in context; it will address any such issue regarding "new" infringement arguments after briefing is complete. To the extent that the parties dispute whether Plaintiffs may include a rebuttal expert report from their infringement expert as an exhibit to their reply brief, Plaintiffs may do so, so long as that report (and Plaintiffs' reply brief) simply responds to the arguments in Defendant's opposition brief, and does not put forward "new" infringement arguments.

2. With regard to Defendant's first discovery dispute, Defendant's request is GRANTED, and the Court ORDERS Plaintiffs to "obtain and produce responsive Confluent-related documents from the 2006-2014 timeframe that remain at Medtronic/Covidien, including a search of email of Covidien custodians working on behalf of Confluent using the same search terms as have already been applied by Plaintiffs for their own custodians." (D.I. 77 at 3) It is not disputed that the documents, which currently remain in the possession of Medtronic, are under the "control" of at least certain Plaintiffs for purposes of Federal Rule of Civil Procedure 34(a). That is, it is not disputed that Plaintiffs have a contractual right to obtain such documents from

Medtronic pursuant to Section 5.10 of the Stock Purchase Agreement governing Integra's acquisition of the Confluent business from Covidien. (*Id.* at 2); *Mercy Catholic Med. Ctr. v. Thompson*, 380 F.3d 142, 160 (3d Cir. 2004); *Haskins v. First Am. Title Ins. Co.*, Civil No. 10-5044 (RMB/JS), 2012 WL 5183908, at *1 (D.N.J. Oct. 18, 2012).

       3.     Plaintiffs nevertheless contend that the documents are "equally accessible" to Defendant, and that Defendant should thus request them from Medtronic via a third party subpoena and pay for the production of the documents. (D.I. 78 at 2) The Court disagrees. These documents are not, for example, publically available documents that would truly be "equally accessible" to either side. *See, e.g., Bleecker v. Standard Fire Ins. Co.*, 130 F. Supp. 2d 726, 738-39 (E.D.N.C. 2000) (finding production of manuals by a party unnecessary where the manuals were of public record). Instead, Plaintiffs and Medtronic have a relationship that is fundamentally different than the relationship between Defendant and Medtronic—the documents are in the possession of a party (Medtronic) that acquired a company (Covidien) with whom Plaintiffs recently completed a large financial transaction. Relatedly, Plaintiffs have contractual rights to these Confluent-related documents, rights that must be honored by Medtronic. Indeed, Plaintiffs have already requested certain documents from Medtronic pursuant to Section 5.10 during this litigation. (D.I. 77, ex. G at 106; *id.*, ex. H at 1) In contrast, Defendant would be forced to utilize a subpoena issued pursuant to Federal Rule of Civil Procedure 45 in order to get these documents from Medtronic—a subpoena that could be subject to challenge in various ways by Medtronic in court. *See* Fed. R. Civ. P. 45(d).[1] And unlike Plaintiffs, who have "reasonable

---

[1]     The case that Plaintiffs cite as most analogous, *S.E.C. v. Strauss*, No. 09 Civ. 4150(RMB)(HBP), 2009 WL 3459204 (S.D.N.Y. Oct. 28, 2009), on further review, is not particularly apposite. In *Strauss*, plaintiff United States Securities and Exchange Commission ("SEC") had obtained remote access to an electronic database maintained by a third party, and a

access during regular normal business hours" to the documents pursuant to Section 5.10, (D.I. 77 at 2), Defendants have no such right to access that might help facilitate an orderly and focused collection of the materials.

4. For these reasons, the Court finds that Plaintiffs should produce the documents, which are not disputed to be relevant and to be in their "control." The Court will rely on Defendant to make targeted requests for documents and to work with Plaintiffs to minimize further discovery disputes regarding these materials.

5. As to Defendant's third discovery issue,[2] its Interrogatory No. 8 requested, *inter alia*, that as to claim 6 of United States Patent No. 8,003,705 (the "'3705 patent"), Plaintiffs identify the priority date of claim 6, and "provide all of the factual and legal bases for that contention, and identify all documents and evidence [Plaintiffs] claim supports that contention."

---

defendant sought to require the SEC to share its access to the database with him. *Strauss*, 2009 WL 3459204, at *2-3. The district court declined to order this, finding that the database was equally available to the defendant (via the use of a Rule 45 subpoena), and that the defendant could simply pay the third party provider in order to obtain access to the materials. *Id.* at *11-12. Importantly, though, the *Strauss* Court's decision was also driven by the fact that were the SEC required to share its access to the database with the defendant, this would "create significant burdens" on the SEC, forcing it to "limit its own access" to the materials, to interfere with its ability to view certain files, and create the potential for abuse (in that one party could prevent the other from viewing a file). *Id.* at *12. The unusual circumstances in *Strauss* are not at play here. Requiring Plaintiffs to exercise their contractual rights to the documents at issue would not limit their own access to the documents in any way, or create the other kinds of burdens that were at issue in *Strauss*. To be sure, Plaintiffs will have to expend time (and, it appears, money) to make this production with Medtronic's help. But they will thereafter retain the same access to the Medtronic/Covidien documents as they had before, pursuant to Section 5.10, thereby preserving their ability to prepare for litigation.

[2] The Court defers ruling on Defendant's second discovery issue—whether Plaintiff Confluent adequately prepared its Rule 30(b)(6) witness to discuss Confluent's activities in the 2006-2014 time frame—until Defendant has had the opportunity to depose third-party Medtronic. The parties shall jointly submit a letter three business days after the Medtronic deposition concludes, apprising the Court of whether this issue has been mooted, or whether it still requires resolution.

4

(D.I. 77, ex. J at 7) Plaintiffs' supplemental response, (*id.*, ex. K at 7), was clearly deficient on that score, as demonstrated in part by the more full explanation that they provided on this issue in their responsive discovery dispute letter, (D.I. 78 at 4). The Court orders that Defendant's request for a supplemental response to the interrogatory be GRANTED. By no later than **February 19, 2016,** Plaintiffs shall provide a more complete response to this interrogatory regarding claim 6 of the '3705 patent—one that, *inter alia*, identifies those portions of the November 9, 2001 application that support their claim that "Mr. Bennett's contributions were described in the '034 specification." (*Id.*)

6. Because this Memorandum Order may contain confidential information, it has been released under seal, pending review by the parties to allow them to submit a single, jointly proposed, redacted version (if necessary) of the order. Any such redacted version shall be submitted no later than **February 19, 2016** for review by the Court, along with a detailed explanation as to why disclosure of any proposed redacted material would "work a clearly defined and serious injury to the party seeking closure." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) (internal quotation marks and citation omitted). The Court will subsequently issue a publicly-available version of its Memorandum Order.

_____
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE