IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Integra LifeSciences Corp., Integra LifeSciences Sales LLC, Confluent Surgical, Inc., and Incept LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>HyperBranch Medical Technology, Inc.,<br><br>    Defendant. | Civil Action No.  15-819-LPS-CJB |

**PLAINTIFFS' LETTER TO THE HONORABLE CHRISTOPHER J. BURKE REGARDING DISPUTED ISSUES IN SCHEDULING ORDER**

*Of Counsel:*

Robert F. Altherr, Jr.
Christopher B. Roth
**BANNER & WITCOFF, LTD.**
1100 13th Street NW
Suite 1200
Washington, DC 20005
Telephone: (202) 824-3000

Jason S. Shull
**BANNER & WITCOFF, LTD.**
Ten South Wacker Drive
Suite 3000
Chicago, IL 60606
Telephone: (312) 463-5000

John P. Iwanicki
**BANNER & WITCOFF, LTD.**
28 State Street, Suite 1800
Boston, MA 02109
Telephone: (617) 720-9600

**YOUNG CONAWAY STARGATT & TAYLOR LLP**
Karen L. Pascale (#2903) [kpascale@ycst.com]
James L. Higgins (#5021) [jhiggins@ycst.com]
Rodney Square
1000 North King Street
Wilmington, DE  19801
Telephone: (302) 571-6600

*Attorneys for Plaintiffs, Integra LifeSciences Corp., Integra LifeSciences Sales LLC, Confluent Surgical, Inc., and Incept LLC*

August 29, 2016

Dear Judge Burke:

      In accordance with the Court's Oral Order of August 12, 2016, Plaintiffs submit this letter setting forth their position as to the disputed issues between the parties regarding the content of the proposed Scheduling Order.

1. **Narrowing of Asserted Claims**

      At the outset of this case, Plaintiffs provided Defendant with infringement claim charts and the Declaration of Dr. Jimmy W. Mays demonstrating a *prima facie* case of infringement of the asserted claims of the patents-in-suit. Discovery has been limited solely to six (6) patent claims identified for the purpose of resolving the preliminary injunction motion. No discovery has yet been permitted with respect to any of the other claims of the six patents-in-suit for which a *prima facie* case of infringement has already been demonstrated. Defendant proposes that Plaintiffs, without discovery of Defendant's defenses, be required by September 9, 2016 to narrow the asserted claims to no more than 16 claims and no more than 3 from any patent. Defendant also proposes that by April 27, 2017, Plaintiffs further reduce the number of asserted claims to 8, with no more than 2 claims per patent. Defendants' proposals are without merit at this preliminary stage of the proceedings and contrary to this Court's prior rulings on this same issue.

      Plaintiffs, on the other hand, propose that no more than 24 disputed claim terms (up to 4 per patent-in-suit) be submitted to the Court for claim construction (*see* Section 2, *infra*) and that within 30 days after the claim construction order is issued, the asserted claims to be presented at trial be narrowed to a maximum of 18 claims.

      Plaintiffs understand and respect the Court's inherent authority to limit the number of claims, proposed claim terms for construction, and basis for invalidity. *See e.g., Intellectual Ventures LLC v. Check Point Software Ltd.*, et al, C.A. No. 10-1067-LPS (D.I. 162, *Transcript of November 3, 2011 Telephone Conference before Judge Stark*); *Masimo Corp. v. Philips Electronics North American Corp.*, 918 F.Supp.2d 277, 282 (D. Del. 2013). Each claim is an enforceable patent right and Plaintiffs should be entitled to discover at least whether Defendant has any defenses to the identified, infringed claims, before they are eliminated from the trial. As many dependent claims share common limitations, a reasonable number of discovery requests can be tailored to address the subject matter of all of the claims. Allowing discovery to proceed without prematurely and severely limiting the number of claims will not hinder the Court's ability to manage its own docket and will ensure due process to the Plaintiffs in developing, with the benefit of discovery and Defendant's invalidity contentions, their strongest case for trial. Limiting the claims at this stage—before discovery and before Defendant even serves its invalidity contentions—would defeat the very purpose of due process.

      Defendant's proposal that Plaintiffs be required to reduce the number of asserted claims for which a *prime facie* case of infringement has been shown, prior to receiving even Defendant's identification of affirmative defenses and preliminary invalidity contentions, is inconsistent with the Court's similar exercise of its authority. *See, Intellectual Ventures*, D.I. 162, pp. 27-33 (reduction in number of asserted claims appropriate more than 6 months <u>after</u> receiving discovery from Defendant including Defendant's preliminary invalidity contentions (i.e., claim charts of the asserted invalidating references)); *Masimo*, 918 F.Supp. 2d at 286

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Christopher J. Burke
August 29, 2016
Page 2

(reduction in number of asserted claims from 95 to 30 <u>after</u> receiving invalidity contentions from defendant so that plaintiff "will not be modifying the number of asserted claims blindly"); *Softview LLC v. Apple Inc.*, C.A. No. 10–389–LPS, Tr. 9/6/11, D.I. 105, pp. 20-37 (reduction in claims required only <u>after</u> at least initial noninfringement and invalidity contentions served by defendants); *Personalized User Model, LLP v. Google, Inc.*, C.A. No. 09–5252–LPS, Tr. 9/8/10, pp. 7-8 (requiring invalidity contentions to be completed prior to any further reduction in asserted claims); *Nuvasive, Inc v. Globus Medical Inc.*, C.A. No. 10–849–LPS, Tr. 11/3/11, D.I. 88, pp. 9-22 (reduction required <u>after</u> provision of noninfringement contentions and at least preliminary invalidity contentions ). Further, Defendant's proposal of limiting the number of asserted claims to eight for dispositive motion practice and trial—while providing itself the right to bring any number of noninfringement positions, any number of non-prior art invalidity or unenforeability defenses, and up to 5 prior art grounds for every asserted claim—is far from a balanced proposal.

### 2. <u>Limitation on Number of Disputed Claim Construction Terms for Construction</u>

Consistent with its proposal above to minimize undue burden, Plaintiffs have proposed that the number of disputed claim terms be limited to 24. Defendant has not offered any counter-proposal to Plaintiffs' position. Plaintiffs' position is consistent with how this Court has dealt with this issue in the past, and Defendants have offered no basis for why the Court should vary from this procedure. *See Orthophoenix LLC v. DFine Inc., et al*, C.A. No. 13-01628-LPS, D.I. 101, pp. 5 (limiting proposed terms for construction to 22 from 11 asserted patents).

### 3. <u>Limitation on Final Invalidity Contentions</u>

Defendant proposes that it be limited to 5 prior art grounds per asserted claim, and totals of 20 prior art references and 32 total prior art grounds (anticipation and/or obviousness). This, however, would also allow Defendant to present at trial any number of non-prior art invalidity or unenforceability defenses and any number of non-infringement defenses. That is far from a balanced proposal, especially since Plaintiffs have proposed limiting the total number of claims at trial to 18 asserted claims. Plaintiffs' proposal that Final Invalidity Contentions be limited to 3 invalidity defenses per asserted claim, i.e., 54 total defenses for all 18 asserted claims, is more than reasonable.

Respectfully submitted,
*/s/ Karen L. Pascale*
Karen L. Pascale (No. 2903)

cc: Clerk, U.S. District Court (By Hand Delivery)
Counsel of Record (By CM/ECF and E-mail)
01:19200376.1

2