IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTEGRA LIFESCIENCES CORP., INTEGRA LIFESCIENCES SALES LLC, CONFLUENT SURGICAL, INC., and INCEPT LLC,<br><br>          Plaintiffs,<br><br>v.<br><br>HYPERBRANCH MEDICAL TECHNOLOGY, INC.,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>) C.A. No. 15-819 (LPS) (CJB)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## HYPERBRANCH MEDICAL TECHNOLOGY, INC.'S
## LETTER TO THE HONORABLE CHRISTOPHER J. BURKE
## REGARDING SCHEDULING ORDER DISPUTES

OF COUNSEL:

Jonathan G. Graves
Stephen C. Crenshaw
Kevin A. Lake
COOLEY LLP
One Freedom Square
Reston Town Center
11951 Freedom Drive
Restin, VA 20190
(703) 456-8000

Adam M. Pivovar
COOLEY LLP
1299 Pennsylvania Avenue, NW,
Suite 700
Washington, DC 20004
(202) 842-7889

August 29, 2016

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Thomas C. Grimm (#1098)
Jeremy A. Tigan (#5239)
Stephen J. Kraftschik (#5623)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
tgrimm@mnat.com
jtigan@mnat.com
skraftschik@mnat.com

*Attorneys for HyperBranch Medical Technology, Inc.*

Dear Judge Burke:

The parties' principal scheduling order disputes[1] concern (1) whether there should be reductions of asserted claims and prior art before claim construction and additional fact discovery, and (2) the number of asserted claims and invalidity grounds to be elected with final contentions.

**(1) Initial Election of Asserted Claims and Prior Art**

Plaintiffs wish to litigate through claim construction and fact discovery all 109 claims across their 6 patents even though Plaintiffs have already received during the preliminary injunction process all necessary technical documents regarding HyperBranch's accused products. HyperBranch has proposed initial reductions of asserted claims and prior art references – that Plaintiffs select 16 claims and HyperBranch be limited to no more than 10 prior art references per patent. Plaintiffs, however, have refused to agree to any reduction of asserted claims until 4 days before the close of fact discovery.[2] Notably, Plaintiffs also refused to reduce their 109 asserted claims during the preliminary injunction phase, but the Court rejected Plaintiffs' position and required them to reduce to 6 their asserted claims.

The Federal Circuit has held that district courts may limit the number of patent claims asserted by a plaintiff, even at the outset of a case, as long as the plaintiff is allowed to seek leave to add additional claims upon a showing of good cause. *See In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1303, 1312 (Fed. Cir. 2011). Hence, scheduling Orders entered by this Court, and Judge Stark, frequently include an early reduction of asserted claims and prior art. *See, e.g.*, Ex. A at 10-12; Ex. C at 13; Ex. E at 5-6. This Court's scheduling orders regularly include an initial selection occurring around the time of initial contentions, before the beginning of claim construction proceedings. *See, e.g.*, Ex. B (rejecting defendant's proposal that the scheduling order not include a preliminary election of asserted claims); Ex. D at 20 ("I am inclined to impose some sort of schedule for reduction of not just, of course, the prior art references but the asserted claims."); Ex. F at 24-25 ("[T]here should be some meaningful reduction of the number of asserted claims and prior art references relatively soon in this case and certainly not have to wait until after invalidity contentions are served.").

The initial reduction of asserted claims and prior art is even more appropriate here because the parties conducted extensive discovery and merits briefing during the preliminary injunction proceedings. HyperBranch produced over 500,000 pages of documents, including extensive technical documentation and the prior art known to HyperBranch. In addition,

---

[1] The parties also dispute the number of interrogatories to be allocated to each side, and the number of claim terms that may be submitted for claim construction. HyperBranch cannot agree to a limit on the number of claim terms to be construed when Plaintiffs might be asserting up to 109 claims at the time of claim construction proceedings.

[2] Plaintiffs' proposed schedule includes another deadline for reduction of asserted claims of 30 days after the Court issues its claim construction opinion. It is unclear which of their two conflicting proposals Plaintiffs believe should control, but there may be little practical difference between the two. If the Court conducts the *Markman* hearing in early February 2017, as requested by the parties, and issues its opinion 60 days later, a deadline for claim reduction of 30 days after the opinion would fall just after the close of fact discovery.

Plaintiffs deposed HyperBranch's CEO, chief scientist, technical expert and economic expert. Where most plaintiffs are required to preliminarily elect asserted claims without the benefit of much, if any, discovery, Plaintiffs here have the benefit of the extensive discovery conducted during the preliminary injunction phase. Thus, Plaintiffs' position that they need to have complete knowledge of all of HyperBranch's defenses to all 109 claims before they can make any election of asserted claims rings hollow.

Like their failed motion for a preliminary injunction, Plaintiffs' refusal to reduce the asserted claims until the close of fact discovery appears to be another attempt to overwhelm much smaller HyperBranch with the heavy expense of unnecessary litigation. Further, Plaintiffs' approach is inefficient and unduly burdensome. It is simply unreasonable for Plaintiffs to require HyperBranch to defend against all 109 claims through claim construction and fact discovery, particularly in light of the extensive discovery Plaintiffs have already obtained.[3]

### (2) Number of Asserted Claims and Prior Art Reference In Final Contentions

After the parties' meet and confer, Plaintiffs inserted a new proposal that HyperBranch be limited to 3 invalidity grounds per claim. HyperBranch has agreed to a reasonable limitation on its asserted grounds for invalidity based on prior art under 35 U.S.C. §§ 102 and 103. HyperBranch's proposal is commensurate with and directly responsive to the proposed reduction of asserted claims. In contrast, Plaintiffs' proposal is unreasonable. Specifically, limiting HyperBranch to three specific *grounds* of invalidity per claim would unduly hinder HyperBranch's due process rights to defend itself by asserting statutorily authorized defenses.

There is only one statute for infringement, 35 U.S.C. § 271, with three separate grounds of infringement (direct, induced, and contributory), but there are at least 4 separate statutes for invalidity that provide different grounds for invalidity. *See, e.g.*, 35 U.S.C. §§ 101, 102, 103, and 112. Plaintiffs assert each of these three grounds of infringement, and have not agreed to reduce their *grounds* for asserting infringement.

Additionally, whereas infringement is based on a single evaluation of an accused product against the asserted claim, a patent claim itself can be invalid for a variety of distinct reasons under these statutes. Likewise, invalidity theories can be contingent on legal determinations like the priority date for claims, which the parties disputed during the preliminary injunction phase. The uncertainty associated with the priority date means that there would be differences in the prior art available to demonstrate invalidity for a given claim under 35 U.S.C. § 102(a), § 102(b), § 102(e), and § 103(c). Plaintiffs' extreme proposal would prohibit HyperBranch from effectively pursuing such alternative defenses.

---

[3] HyperBranch's agreement to the overall schedule set forth in the parties' Joint [Proposed] Scheduling Order, including trial in the first quarter of 2018, is expressly contingent on Plaintiffs selecting a reasonable number of asserted claims at the outset. If Plaintiffs instead are permitted to maintain up to 109 claims through claim construction and fact discovery, the schedule negotiated by the parties would need to be extended by approximately 6 months.

Respectfully,

*Thomas C. Grimm*

Thomas C. Grimm (#1098)

TCG/gm
cc:    Clerk of the Court (by hand)
       Counsel of Record (by CM/ECF)

10348607.6