# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| FOREST LABORATORIES, INC., FOREST LABORATORIES HOLDINGS, LTD., MERZ PHARMA GMBH & CO. KGAA, MERZ PHARMACEUTICALS GMBH, and ADAMAS PHARMACEUTICALS, INC., | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 14-121-LPS |
| TEVA PHARMACEUTICALS USA, INC., WOCKHARDT USA LLC, WOCKHARDT BIO AG, WOCKHARDT LTD., SUN PHARMA GLOBAL FZE, and SUN PHARMACEUTICAL INDUSTRIES, LTD., | ) ) ) ) ) ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| FOREST LABORATORIES, INC., FOREST LABORATORIES HOLDINGS, LTD., and ADAMAS PHARMACEUTICALS, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 14-200-LPS |
| APOTEX CORP., APOTEX INC., ZYDUS PHARMACEUTICALS (USA), INC., CADILA HEALTHCARE LTD. (d/b/a/ ZYDUS CADILA), PAR PHARMACEUTICAL, INC., ANCHEN PHARMACEUTICALS, INC., and – ACTAVIS LABORATORIES FL, INC., | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

FOREST LABORATORIES, INC., FOREST )
LABORATORIES HOLDINGS, LTD., )
MERZ PHARMA GMBH & CO. KGAA, )
MERZ PHARMACEUTICALS GMBH, and )
ADAMAS PHARMACEUTICALS, INC., )
                                         )
           Plaintiffs, )
                                         )
            v. )    Civil Action No. 14-508-LPS
                                       )
AMNEAL PHARMACEUTICALS LLC, )
AMNEAL PHARMACEUTICALS OF NEW )
YORK, LLC, AMERIGEN )
PHARMACEUTICALS, INC., AMERIGEN )
PHARMACEUTICALS LTD., and MYLAN )
PHARMACEUTICALS INC., )
                                         )
           Defendants. )

FOREST LABORATORIES, INC., FOREST )
LABORATORIES HOLDINGS, LTD., and )
ADAMAS PHARMACEUTICALS, INC., )
                                         )
           Plaintiffs, )
                                         )
            v. )    Civil Action No. 14-686-LPS
                                       )
RANBAXY INC., RANBAXY )
LABORATORIES LIMITED, and TEVA )
PHARMACEUTICALS USA, INC., )
                                         )
           Defendants. )

FOREST LABORATORIES, LLC, FOREST   )
LABORATORIES HOLDINGS, LTD., and   )
ADAMAS PHARMACEUTICALS, INC.,      )
                                   )
          Plaintiffs,              )
                                   )
     v.                            )     Civil Action No. 14-1058-LPS
                                   )
LUPIN LIMITED, LUPIN               )
PHARMACEUTICALS, INC., PAR         )
PHARMACEUTICAL, INC., ANCHEN       )
PHARMACEUTICALS, INC., AMERIGEN    )
PHARMACEUTICALS, INC., and         )
AMERIGEN PHARMACEUTICALS LTD.,     )
                                   )
          Defendants.              )

## SCHEDULING ORDER

This __18th__ day of __November__, 2014, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on October 14, 2014, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1.     Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard. Plaintiffs and the Teva, Wockhardt, Sun, Apotex, Cadila/Zydus, Par/Anchen, Amneal, Amerigen, and Ranbaxy Defendants exchanged their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) in August 2014. Plaintiffs and the Mylan and Lupin Defendants shall exchange their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on October 31, 2014. If they have not already done so, the parties are to review the Court's Default Standard for Discovery of Electronic Documents, which is posted at

3

http://www.ded.uscourts.gov (see Orders, etc., Policies & Procedures, Ad Hoc Committee for Electronic Discovery), and is incorporated herein by reference.

2.    Joinder of Other Parties and Amendment of Pleadings.    All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before April 30, 2015.

3.    Discovery.    Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

a.    Discovery Cut Off.  All fact discovery in this case shall be initiated so that it will be completed on or before July 9, 2015.

b.    Document Production.    Document production shall be substantially complete by April 18, 2015.

c.    Requests for Admission.    A maximum of 50 common requests for admission are permitted for each side.  No more than an additional 20 individual requests for admission for plaintiffs to a particular defendant family[1] and an additional 20 individual

---

[1]    The parties agree that a defendant family, as used throughout this Scheduling Order, consists of the defendant entities who are closely related to each other.  For purposes of this case there are eleven (11) separate defendant families, as follows: (i) Teva Pharmaceuticals USA, Inc.; (ii) Wockhardt USA LLC, Wockhardt Bio AG, and Wockhardt Ltd.; (iii) Sun Pharma Global FZE and Sun Pharmaceutical Industries, Ltd.; (iv) Apotex Corp. and Apotex Inc.; (v) Zydus Pharmaceuticals (USA), Inc. and Cadila Healthcare Limited; (vi) Par Pharmaceutical, Inc. and Anchen Pharmaceuticals, Inc.; (vii) Amneal Pharmaceuticals LLC and Amneal Pharmaceuticals of New York, LLC; (viii) Amerigen Pharmaceuticals, Inc. and Amerigen Pharmaceuticals Ltd.; (ix) Mylan Pharmaceuticals Inc.; (x) Ranbaxy Inc. and Ranbaxy Laboratories Limited; and (xi) Lupin Limited and Lupin Pharmaceuticals, Inc.    All parties agree that Mylan Pharmaceuticals, Inc.'s consent to this proposed order is without prejudice to and does not constitute a waiver of its pending motion to dismiss for lack of personal jurisdiction (D.I. 25) and any arguments raised therein.    All parties further agree that Mylan is not consenting to or otherwise subjecting itself to the personal jurisdiction of the Court by agreeing to the entry of this proposed order.

4

requests for admission for each defendant family to plaintiffs are permitted. These limitations do not apply to requests for admission related to the authentication of documents.

        d.    <u>Interrogatories</u>.

        i.    A maximum of 10 common interrogatories are permitted for plaintiffs directed towards all defendants, and a maximum of 10 common interrogatories are permitted for all defendants directed towards plaintiffs. No more than an additional 15 individual interrogatories are permitted for plaintiffs directed toward each defendant family, and no more than an additional 15 individual interrogatories are permitted for each defendant family directed towards plaintiffs.

        ii.    The Court encourages the parties to serve and respond to contention interrogatories early in the case, but contention interrogatories shall not be served before the completion of the Initial Discovery in Patent Litigation required by the Court's Default Standard for Discovery. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

        e.    <u>Depositions</u>.

        i.    <u>Limitation on Hours for Deposition Discovery</u>.

All of the defendants collectively on one side shall be limited to a total of one hundred and eighty (180) hours of taking testimony by deposition upon oral examination. Plaintiffs on the other side shall be limited to a total of thirty-five (35) hours of taking testimony by deposition upon oral examination with respect to each defendant family. These limitations do

not apply to third-party depositions, except that any depositions of plaintiffs' former employees and inventors shall be included in defendants' 180-hour limit.

The parties reserve the right to seek more time on a showing of good cause.

With the exception of depositions for inventors, no deposition shall exceed seven (7) hours of time on the record. Depositions of inventors shall not exceed fourteen (14) hours of time on the record.

When an interpreter is required, each 1.5 hours of actual deposition time will count as one hour toward the total time permitted. Defendants will reasonably coordinate in advance of depositions to avoid duplicative questioning

      ii.    Location of Depositions.  Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district, or at another location in the United States convenient for the witness. Exceptions to this general rule may be made by order of the Court.  A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

     f.    Disclosure of Expert Testimony.

      i.    Expert Reports.  For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before August 6, 2015. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party, including any assertions of secondary considerations of nonobviousness, is due on or before September 17, 2015.  Reply expert reports shall be limited to issues of secondary considerations, teaching away, unexpected results, or other issues that could not have

6

been raised in opening reports, and are due on or before October 1, 2015. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. All expert depositions shall be completed by November 12, 2015.

      ii.    Objections to Expert Testimony. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than December 10, 2015.

      g.    Discovery Matters and Disputes Relating to Protective Orders. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact Chambers at (302) 573-4571 to schedule a telephone conference. On a date to be set by separate order, but not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. On a date to be set by separate order, but not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition. Should any document(s) be filed under seal, a courtesy copy of the sealed document(s) must be provided to the Court within one (1) hour of e-filing the document(s).

      Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

If a discovery related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

4.    Application to Court for Protective Order.    Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within thirty (30) days from the date of this Order.    Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(g) above.

> Any proposed protective order must include the following paragraph:
>
> Other Proceedings.    By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5.    Papers Filed Under Seal.    When filing papers under seal, counsel shall deliver to the Clerk an original and one (1) copy of the papers. In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

8

6. <u>Courtesy Copies</u>. The parties shall provide to the Court two (2) courtesy copies of all briefs and one (1) courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

7. <u>ADR Process</u>. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

8. <u>Interim Status Report</u>. On April 23, 2015, counsel shall submit a joint letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date. Thereafter, if the Court deems it necessary, it will schedule a status conference.

9. <u>Tutorial Describing the Technology and Matters in Issue</u>. Unless otherwise ordered by the Court, the parties shall provide the Court, no later than the date on which their responsive claim construction briefs are due, a tutorial on the technology at issue. In that regard, the parties may separately or jointly submit a DVD of not more than 30 minutes. The tutorial should focus on the technology in issue and should not be used to argue claim construction contentions. The parties may choose to file their tutorial(s) under seal, subject to any protective order in effect. Each party may comment, in writing (in no more than 5 pages) on the opposing party's tutorial. Any such comment shall be filed no later than the date on which the answering claim construction briefs are due. As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial.

10. <u>Claim Construction Issue Identification</u>. On February 2, 2015, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed

9

with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on March 5, 2015. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

11.    Claim Construction Briefing.    The parties shall contemporaneously submit initial briefs on claim construction issues on March 19, 2015.    The parties' answering/responsive briefs shall be contemporaneously submitted on April 16, 2015.   No reply briefs or supplemental papers on claim construction shall be submitted without leave of the Court. Local Rule 7.1.3(4) shall control the page limitation for initial (opening) and responsive (answering) briefs.

12.    Hearing on Claim Construction.   On May 4, 2015 at 1:00 p.m., the Court will hear argument on claim construction.    The parties shall notify the Court, by joint letter submission, no later than the date on which their answering claim construction briefs are due: (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

13.    Case Dispositive Motions.   There will be no summary judgment motions without leave of Court.

14.    Reduction in Number of Asserted Claims and Number of Asserted Prior Art References and Combinations Thereof.   Plaintiffs' initial infringement contentions pursuant to

10

Paragraph 4(c) of the Court's Default Standard for Discovery of Electronic Documents shall assert no more than 15 claims from each patent and no more than a total of 48 claims. Defendants' initial invalidity contentions pursuant to paragraph 4(d) of the Court's Default Standard for Discovery of Electronic Documents shall assert no more than 18 prior art references against each asserted patent and no more than a total of 70 references. No later than 28 days before the service of expert reports by the party with the initial burden of proof, plaintiffs shall reduce their asserted claims to no more than 8 claims from each patent and no more than a total of 24 claims.

[Plaintiffs' Proposal: By the date set for the service of expert reports by the party with the initial burden of proof (August 6, 2015), defendants shall reduce their asserted prior art to no more than 9 references against each asserted patent and no more than a total of 40 references. For purposes of this paragraph, each obviousness combination counts as a separate prior art reference. Upon a showing of diligence, and with due consideration for prejudice, a party may seek to modify this order for good cause shown. Any request to increase the limits contained in this order must specifically show why the inclusion of additional asserted claims or prior art references is warranted.]

[**Defendants' Proposal:** By the later of (a) the date set for the service of expert reports by the party with the initial burden of proof (August 6, 2015) or (b) 28 days following issuance of an order construing all disputed claim terms of the patents-in-suit, defendants shall reduce their asserted prior art to no more than 9 references against each asserted patent and no more than a total of 40 references. Upon a showing of diligence, and with due consideration for prejudice, a party may seek to modify this order for good cause shown. Any request to increase the limits contained in this order must specifically show why the inclusion of additional asserted claims or prior art references is warranted. The limits contained in this paragraph shall not apply

to background references relied upon by experts to illustrate principles and facts that were generally known in the relevant field prior to or at the time of the alleged invention.]



15. Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

16. Pretrial Conference. On January 29, 2016, the Court will hold a pretrial conference in Court with counsel beginning at 9:00 a.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before January 19, 2016. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order. The Court will advise the parties at or before the above-scheduled pretrial conference whether an additional pretrial conference will be necessary.

17. Motions *in Limine*. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. The parties will exchange *in limine* requests on or before January 7, 2016, oppositions to MIL requests on January 14, 2016, and replies on January 21, 2016. Each party shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument and may be opposed by a maximum of three (3) pages of argument, and the party making the *in limine* request may

12

add a maximum of one (1) additional page in reply in support of its request. If more than

one party is supporting or opposing an *in limine* request, such support or opposition shall be

combined in a single three (3) page submission (and, if the moving party, a single one (1)

page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted

on *in limine* requests, unless otherwise permitted by the Court.

     18.   Trial. This matter is scheduled for a five (5) to ten (10) day bench trial

beginning on February 16, 2016, with the subsequent trial days beginning at 9:00 a.m. The

Court will set the exact number of trial days at the final pretrial conference. The trial will

be timed, and counsel will be allocated a total number of hours in which to present their

respective cases.

_____

UNITED STATES DISTRICT JUDGE

# EXHIBIT B

Case 1:15-cv-00891-LPS Document 172-1 Filed 08/29/16 Page 16 of 73 PageID #: 9480
Case 1:14-cv-00121-LPS Document 55 Filed 11/03/14 Page 1 of 23 PageID #: 573

1

```
 1                    IN THE UNITED STATES DISTRICT COURT

 2                    IN AND FOR THE DISTRICT OF DELAWARE

 3   FOREST LABORATORIES, INC., FOREST      :
     LABORATORIES HOLDINGS, LTD.,           :   CIVIL ACTION
 4   MERZ PHARMA GMBH & CO. KGAA,           :
     MERZ PHARMACEUTICALS GMBH, and         :
 5   ADAMAS PHARMACEUTICALS, INC.,          :
                                            :
 6             Plaintiffs,                  :
     v                                      :
 7                                          :
     TEVA PHARMACEUTICALS USA, INC.,        :
 8   WOCKHARDT USA LLC, WOCKHARDT           :
     BIO AG, WOCKHARDT LTD., SUN            :
 9   PHARMA GLOBAL FZE, and SUN             :
     PHARMACEUTICAL INDUSTRIES, LTD.,       :
10                                          :   NO. 14-121-LPS
               Defendants.                  :
11   ------------------------------------
     FOREST LABORATORIES, INC., FOREST      :
12   LABORATORIES HOLDINGS, LTD., and       :   CIVIL ACTION
     ADAMAS PHARMACEUTICALS, INC.,          :
13                                          :
               Plaintiffs,                  :
14   v                                      :
                                            :
15   APOTEX CORP., APOTEX INC., ZYDUS       :
     PHARMACEUTICALS (USA), INC., CADILA    :
16   HEALTHCARE LTD. (d/b/a/ ZYDUS CADILA), :
     PAR PHARMACEUTICAL, INC., ANCHEN       :
17   PHARMACEUTICALS, INC., and ACTAVIS     :
     LABORATORIES FL, INC.,                 :
18                                          :   NO. 14-200-LPS
               Defendants.                  :
19                                  - - -

20                         Wilmington, Delaware
                        Tuesday, October 14, 2014
21                         Telephone Conference

22                                  - - -

23   BEFORE:        HONORABLE LEONARD P. STARK, Chief Judge

24                                  - - -

25                              Brian Gaffigan
                                Registered Merit Reporter
```

Case 1:15-cv-00842-LPS Document 173-1 Filed 09/29/16 Page 17 of 33 PageID #: 5481
Case 1:14-cv-00121-LPS Document 55 Filed 11/03/14 Page 20 of 29 PageID #: 592

20

1    case for trial, including discussion of possibly limiting

2    prior art references.

3              THE COURT:  Well, I appreciate that, but I am

4    inclined to impose some sort of schedule for reduction of

5    not just, of course, the prior art references but the

6    asserted claims.  As I understand it from your colleague,

7    there is over 114 claims right now potentially being

8    asserted and eight patents.  How soon could defendants

9    willingly see themselves sitting down, having a conversation

10   about how to streamline this case?

11             MR. HUNT:  Yes, Your Honor.  Eric Hunt again on

12   behalf of the defendants.

13             We are unfortunately at this stage in the case

14   where it's difficult for defendants to know.  There will

15   need to be some level of fact discovery, and we will need

16   to have some consultation with our experts following the

17   default disclosures in the Court's electronic discovery

18   rules.

19             So while we had proposed perhaps toward the end

20   of expert discovery in our counterproposal, we certainly

21   would be willing to move that discussion up with plaintiffs,

22   but we've got to have some meaningful discovery before we

23   can truly evaluate the number of prior art references that

24   we may be dealing with here.

25             THE COURT:  Okay.  Thank you.  Is there any

Case 1:15-cv-00842-LPS Document 173-1 Filed 09/29/16 Page 18 of 33 PageID #: 9482
Case 1:14-cv-00121-LPS Document 55 Filed 11/03/14 Page 21 of 29 PageID #: 593

21

1    other defendant that may want to address anything?

2              Back to plaintiff, if you want to respond.

3              MR. ARMENIO:  Yes, Your Honor.  Thank you, Your

4    Honor.

5              Taking the last one first, the reduction.  We

6    think the way we have got it proposed is we have got to come

7    down, right in our contentions, we have got to come down to

8    no more than 15 claims per patent and no more than 48 claims

9    total.  So we're undertaking to come way down right in the

10   initial disclosures, and we think that is the right time for

11   the defendants to pare down their prior art references.

12             What we've got proposed is 18 prior art references

13   per patent for no more than a total of 60 references.  And we

14   offered to work with defendant to adjust the number a bit, one

15   way or the other.  They just haven't wanted to engage.  I

16   think, Your Honor, the real benefit is gained when we do this

17   focusing down as part of the disclosure process and then do

18   it a second time after claim construction, right before expert

19   discovery, as Your Honor has staged it in many other cases.

20   I think that is the way to get a focused, efficient case.  By

21   having the first pare-down in the exchange of contentions,

22   we're going fo focus fact discovery; and then by having a

23   second pare-down right before expert discovery, we're going to

24   narrow and focus expert discovery all with the benefit that we

25   can present a much more focused crystallized dispute for Your

Case 1:15-cv-00892-LPS Document 173-1 Filed 09/29/16 Page 19 of 73 PageID #: 5483

1    Honor at trial.

2              With respect, going in reverse order, to the visa

3    issue, we think that the default language very adequately

4    covers that.  There is already a provision made for exceptions

5    to the general rule.  And I don't understand there to be any

6    need for a protracted process.  If we ask for an individual to

7    be deposed and a defendant says that that person can not make

8    it because of a visa issue, I doubt it would ever have to go

9    to Your Honor.  I think counsel could work it out; but if it

10   had to go to Your Honor, there is already language for that in

11   Your Honor's default rules, so I don't think we need any more

12   language there.

13             With respect to the discovery limits, I think we

14   see from the defendants how unworkable this case will get.

15   If I heard correctly, the defendants were saying there were

16   196 hours they wanted over and above the 150 hours, so we

17   can see that this case would rapidly spiral out of control

18   if former employees and former employees who were inventors

19   aren't counted towards the 140 or 150 hour limits.

20             So what I respectfully request is that Your Honor

21   set one of those numbers or meet in the middle and leave

22   it that parties can apply to the Court to amend that limit

23   should there be good cause.  In that way, if there is really

24   a legitimate need to go over 140 or 150 hours of depositions,

25   there can be an application if the parties can't reach

1    agreement.

2              Similarly, on the RFAs and the interrogatories.

3    I just can't understand how, at the beginning of the case,

4    we want to say automatically there should be 650 requests

5    for admission and 190 interrogatories.  I think that is just

6    a recipe for an inefficient, bloated case.  I think the

7    plaintiffs' proposal is much more focused.  It gives everyone

8    discovery that they need but sets reasonable limits, but,

9    again, with the caveat that anybody can ask for more by

10   agreement.  And the parties would be reasonable, I'm sure.

11   If someone really had an important interrogatory that hadn't

12   yet been asked, there should be agreement among counsel.

13   And if there weren't, they could come to Your Honor for good

14   cause and get adjustments.

15             I just think it's a recipe for a very

16   inefficient case if we're going to have 650 requests for

17   admission, 190 interrogatories, and some 300-plus hours of

18   depositions.  I just don't see it as being necessary.

19             THE COURT:  All right.  Mr. Armenio, at the

20   moment, what would be your anticipated deadline for your

21   initial infringement contentions?  The date that you would

22   be reducing your asserted claims?

23             MR. ARMENIO:  We see stage one with our local

24   Rule 4(c) disclosures.  So I think we're going to be

25   disclosing in the next day or so just the accused products

Case 1:14-cv-00121-LPS Document 173-1 Filed 09/29/16 Page 21 of 23 PageID #: 9485
Case 1:14-cv-00121-LPS Document 55 Filed 11/03/14 Page 24 of 29 PageID #: 596

24

1    and the patents in suit, and then when our deadline comes

2    up under the local rules for outlining the asserted claims,

3    that is when we are prepared to make our first cutdown in

4    terms of asserted claims, and that cutdown would get us down

5    to no more than 15 claims from any patent but no more than

6    48 total across all of the various patents.

7                THE COURT:  So that would be, you envision,

8    approximately 60 days or so from now when you would be doing

9    that?

10               MR. ARMENIO:  Yes, Your Honor.

11               THE COURT:  You are not proposing any reduction

12   from defendants until their 4(d) response; is that right?

13               MR. ARMENIO:  That's correct, Your Honor.  So

14   they would see our reduction and see all of our claim

15   infringement contentions before having to make any reduction.

16               THE COURT:  Thank you very much.  Is there any

17   last word from defendants?

18               MR. PATEL:  Your Honor, this is Sal Patel just

19   on the deposition hours.

20               I don't believe what we're asking for is 150

21   plus another 196.  What I was trying to illustrate is that

22   if we go with 14 hours per inventor, that is 196 hours right

23   there.  I'm still not sure exactly how many inventors are

24   former employees.

25               THE COURT:  Are there any other defendants?

Case 1:14-cv-00841-LPS Document 1751 Filed 09/29/16 Page 22 of 73 PageID #: 59486
Case 1:14-cv-00121-LPS Document 55 Filed 11/03/14 Page 25 of 29 PageID #: 597

25

1          Okay.  Thank you.  So let me give you some

2     decisions.

3          Where we're headed is that by Friday of this

4     week, I want to have a revised proposed scheduling order to

5     reflect the dates and the decisions that I'm about to give

6     you.

7          Let me say, first, sort of conceptually, the way

8     I'm seeing this case based on what you have told me is that

9     at the moment it is a big case in the sense of there is

10    eight patents, 114 claims, 12 defendant families.  Because

11    it's big like that, at the moment, you will see I'm going to

12    lean towards allowing the defendants to take something close

13    to the amount of discovery that they are requesting so that

14    they can have a fair chance to know what they need to know

15    to present their case when we ultimately get to trial.

16         But also because it's big, I think it's very

17    important, notwithstanding that it's an ANDA case, that

18    there be a schedule in place and a mechanism for bringing

19    the case down to size to something much more manageable at

20    each stage in the case and certainly by the time we get to

21    trial, so I am going to be requiring that there be something

22    like the reduction that the plaintiffs are proposing.

23         Let me be more concrete.

24         At page 4, on the requests for admission, I'm

25    adopting the plaintiffs' language but I'm going to change

1    some of the numbers.  So we'll go with plaintiffs' proposal,

2    but it will be a maximum of 50 common requests for admission

3    for each side.

4              Then at the bottom of that section, on page 4,

5    it will be an additional 20 individual requests for

6    admission for each defendant family to plaintiffs.

7              I think that's an appropriate number of requests

8    for admission in light of the size of the case.

9              On interrogatories, I'm going to go with the

10   defendants' proposal.  So that proposal that carries over

11   from the bottom of page 5 to the top of page 6, I'm going to

12   go with that.  Again, it's really for the reasons I have

13   already articulated.

14             On the deposition hours, I think the simplest

15   way to proceed here is going to be the best.  So I'm giving

16   a total of 180 hours to the defendants.  So whereas the

17   dispute was 140 versus 150, I'm doing 180, but that is

18   because I'm including in that 180 the former inventors and

19   employees.

20             I am going to also go with the defendants that

21   they have in theory up to 14 hours maximum with any inventor.

22             Having said all that, let me add, of course, if

23   this turns out to be too few hours, you will need to meet

24   and confer and come back to me if you can't work out that

25   dispute.  Of course, also, defendants are going to be under

Case 1:14-cv-00121-LPS Document 351 Filed 09/29/16 Page 24 of 73 PageID #: 5488
Case 1:14-cv-00121-LPS Document 55 Filed 11/03/14 Page 24 of 29 PageID #: 599

27

1    an expectation to coordinate and not abuse any witness and

2    don't use all the hours just because you have them.  But

3    with all of those caveats, I think the numbers that I have

4    given you, based on the size of the case, are reasonable.

5         In terms of location of depositions, I'm

6    certainly very sympathetic to the concern that the defendant

7    raises.  I can't imagine that if there is an issue with a

8    visa and plaintiffs are promptly notified of that and all

9    good faith efforts have been made to obtain the visa and yet

10   it's still not forthcoming, I can't imagine that plaintiffs

11   are going to be unreasonable about that.  For that reason, I

12   don't think the additional language proposed by defendants

13   here is needed.

14        If there were a dispute, I can't imagine that I

15   wouldn't agree with the defendants under those circumstances

16   that that constitutes good cause for an exception to our

17   general rule.  So we'll just rely on our general language

18   there on location of depositions.

19        Going forward, at page 11.  The hearing on claim

20   construction will be May 4th, 2015.  May 4, 2015 at 1:00 p.m.

21        Then we come to the dispute on the reduction in

22   the number of asserted claims and the number of asserted

23   prior art references.

24        As I have already indicated, conceptually I'm

25   with the plaintiffs.  I think that something along the lines

Case 1:15-cv-00842-LPS Document 172-1 Filed 09/29/16 Page 25 of 33 PageID #: 9489
Case 1:14-cv-00121-LPS Document 55 Filed 11/03/14 Page 28 of 29 PageID #: 600

28

1    of what they propose here is going to turn out to be helpful

2    to all sides, and certainly to the Court.

3              I am, however, going to give the parties a

4    chance, not a long time but a chance to talk, to meet and

5    confer now that defendants hopefully understand that I am

6    going to impose something like this, see if you can come to

7    an agreement.  If the defendants really think the plaintiffs

8    are moving too quickly or if the cuts that they propose are

9    too severe, then get me your counterproposal in the

10   submission on Friday.

11             As I understand it, the plaintiffs aren't --

12   they are putting on themselves a burden to go first and to

13   reduce their case substantially 60 days from now and not

14   require any reduction by the defendants until 90 days from

15   now.  I don't know what the defendants are going to propose.

16             So hopefully you can work something out.  If

17   you can't, I'll look at your competing proposals on Friday.

18   But there will be something in the final scheduling order

19   accomplishing the goals that the plaintiffs have set out

20   there.

21             That takes me to paragraph 16.  The pretrial

22   conference will be on January 29th, 2016.  January 29, 2016,

23   beginning at 9:00 a.m.

24             The pretrial order will be due on January 19th.

25   January 19, 2016.

# EXHIBIT C

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ROBERT BOSCH LLC,                )
                                 )
            Plaintiff,           )
                                 )   C.A. No.  12-574-LPS-CJB
      v.                         )   C.A. No.  14-142-LPS-CJB
                                 )
ALBEREE PRODUCTS, INC.,          )   **JURY TRIAL DEMANDED**
API KOREA CO., LTD., and         )
SAVER AUTOMOTIVE PRODUCTS, INC., )
                                 )
            Defendants.          )

## SCHEDULING ORDER

This __9th__ day of ~~August~~ September, 2014, the Court having conducted a Case Management

Conference/ Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) and

Judge Stark's Revised Procedures for Managing Patent Cases (which is posted at

http://www.ded.uscourts.gov; see Chambers, Judge Leonard P. Stark, Patent Cases) on August 4,

2014, and the parties having determined after discussion that the matter cannot be resolved at this

juncture by settlement, voluntary mediation, or binding arbitration;

IT IS HEREBY ORDERED that:

    1.    Consolidation.  This civil action is consolidated with the original filed action, Case

No. 1:12-cv-574-LPS-CJB, which is the Lead Case.  All filings subsequent to the initial pleadings

shall be made in the Lead Case.

    2.    Defendants' Answers to Complaints.  Notwithstanding the pending motions to

dismiss for lack of personal jurisdiction (12-cv-574, D.I. 45–50; 14-cv-142, D.I. 6, 7, 14–19),

Defendants shall file their answers to Plaintiff's complaints (12-cv-574, D.I. 38; 14-cv-142, D.I.

1) on or before **August 31, 2014**.  The parties stipulate and agree that by answering the

complaints, Defendants' objections to jurisdiction as presented in their motions to dismiss are not
waived.

        3.     Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.

        The parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure
26(a)(1) on or before **August 29, 2014**. If they have not already done so, the parties are to review
the Court's Default Standard for Discovery, Including Discovery of Electronically Stored
Information ("ESI") (which is posted at http://www.ded.uscourts.gov; *see* Other Resources,
Default Standards for Discovery, and is incorporated herein by reference).

        4.     Start of Discovery. A party may seek discovery from any source in accordance
with the Federal Rules of Civil Procedure and this Court's Local Rules.

        5.     Joinder of Other Parties and Amendment of Pleadings. All motions to join other
parties, and to amend or supplement the pleadings, shall be filed on or before **March 20, 2015**.

        6.     Application to Court for Protective Order. Should counsel find it will be necessary
to apply to the Court for a protective order specifying terms and conditions for the disclosure of
confidential information, counsel should confer and attempt to reach an agreement on a proposed
form of order and submit it to the Court by **September 5, 2014**. Should counsel be unable to
reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph
11(i) below.

        Any proposed protective order must include the following paragraph:

> Other Proceedings. By entering this order and limiting the
> disclosure of information in this case, the Court does not
> intend to preclude another court from finding that
> information may be relevant and subject to disclosure in
> another case. Any person or party subject to this order who
> becomes subject to a motion to disclose another party's
> information designated "confidential" [the parties should list
> any other level of designation, such as "highly confidential,"

2

which may be provided for in the protective order] pursuant
to this order shall promptly notify that party of the motion so
that the party may have an opportunity to appear and be
heard on whether that information should be disclosed.

7.    Papers Filed Under Seal. In accordance with section G of the Administrative

Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed

document shall be filed electronically within seven (7) days of the filing of the sealed document.

Should any party intend to request to seal or redact all or any portion of a transcript of a

court proceeding (including a teleconference), such party should expressly note that intent at the

start of the court proceeding. Should the party subsequently choose to make a request for sealing

or redaction, it must, promptly after the completion of the transcript, file with the Court a motion

for sealing/redaction, and include as attachments (1) a copy of the complete transcript highlighted

so the Court can easily identify and read the text proposed to be sealed/redacted, and (2) a copy of

the proposed redacted/sealed transcript. With their request, the party seeking redactions must

demonstrate why there is good cause for the redactions and why disclosure of the redacted

material would work a clearly defined and serious injury to the party seeking redaction.

8.    Service. The parties consent to service by email, pursuant to Fed. R. Civ. P.

5(b)(2)(E). When the document(s) for service exceeds 20 MB, the serving party shall either

divide the documents into a series of e-mails each of a size less than 20 MB, or serve the

documents by password-protected file transfer protocol ("FTP"). Microsoft Word files of

discovery requests shall be provided to the opposing party.

9.    Courtesy Copies. Other than with respect to "discovery matters," which are

governed by Paragraph 12(i), and the final pretrial order, which is governed by paragraph 24, the

parties shall provide to the Court two (2) courtesy copies of all briefs and one (1) courtesy copy of

3

any other document filed in support of any briefs (*i.e.*, appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

      10.    <u>ADR Process</u>. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

      11.    <u>Disclosures</u>. Absent agreement among the parties, and approval of the Court:

      a.    By **September 19, 2014**, Plaintiff shall identify the accused product(s), including accused methods and systems, and its damages model, as well as the asserted patent(s) that the accused product(s) allegedly infringe(s). Plaintiff shall also produce the file history for each asserted patent.

      b.    By **October 17, 2014**, Defendants shall produce core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications. Defendants shall also produce sales figures for the accused product(s).

      c.    By **October 31, 2014**, Plaintiff shall produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes.

      d.    By **November 14, 2014**, Defendants shall produce their initial invalidity contentions for each asserted claim, as well as the known related invalidating references.

      e.    By **June 12, 2015**, Plaintiff shall provide final infringement contentions.

      f.    By **June 26, 2015**, Defendants shall provide final invalidity contentions.

12.     <u>Discovery</u>. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

        a.     <u>Discovery Deadline</u>. All fact discovery in this case shall be initiated so that it will be completed on or before **July 31, 2015**.

        b.     <u>Document Production</u>. Document production shall be substantially complete by **April 17, 2015**. Documents previously produced by the parties in the Investigation 337-TA-816 ("the ITC Investigation") shall be deemed to have been produced here, subject to the applicable Protective Order to be entered in this action. If any party intends to rely on foreign-language documents in support of any claim or defense, English translations of those documents shall be produced in addition to the original.

        c.     <u>Privilege Logs</u>.  The parties must exchange privilege logs by **May 15, 2015**. Privileged documents created after October 26, 2011 (the date of filing of the Complaint in the ITC Investigation) may be withheld without being identified to a requesting party, unless the requesting party makes a particular request for post-complaint privileged documents, which request may be complied with or objected to, subject to review by the Court if necessary.

        d.     <u>Requests for Admission</u>. A maximum of two hundred (200) requests for admission are permitted for each side.

        e.     <u>Interrogatories</u>.

            i.     A maximum of twenty-five (25) interrogatories, including contention interrogatories, are permitted for each side.

  ii. The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides; *i.e.*, the more detail a party provides, the more detail a party shall receive.

 f. <u>Depositions</u>.

  i. <u>Limitation on Hours for Deposition Discovery</u>.

Each side is limited to a total of 70 hours of taking testimony by deposition upon oral examination. If the testimony is taken in a foreign language, two hours of deposition testimony shall count as one hour for the purposes of calculating the total deposition time under Fed. R. Civ. P. 30(d). If the witness requires the use of a translator while testimony is taken in English, the time spent in discussions with the translator should not count for the purposes of calculating the total deposition time under Fed. R. Civ. P. 30(d).

  ii. <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

Parties, party representatives, and party employees who reside outside of the United States must be made available for deposition in the United States unless otherwise agreed by the parties.

iii.    Deposition testimony provided by the witnesses in the ITC Investigation shall be available for use in this action, subject to the applicable Protective Order to be entered in this action.

g.    <u>Witness Lists</u>.  No later than **October 16, 2015**, each party shall serve a list of the witnesses that it intends to call or may call at trial.  The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case, without regard to the presumptive ten-deposition limit.

h.    <u>Disclosure of Expert Testimony</u>.

i.    <u>Expert Reports</u>. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **September 25, 2015**.  The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **October 23, 2015**. Reply expert reports from the party with the burden of proof are due on or before **November 6, 2015**. No other expert reports will be permitted without either the consent of all parties or leave of the Court.  Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

7

ii.     Expert Report Supplementation. The parties agree they will permit expert declarations to be filed in connection with motions briefing (including case-dispositive motions).

iii.    Objections to Expert Testimony. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.  Briefing on such motions is subject to the page limits set out in connection with briefing of case-dispositive motions.

iv.     Expert Discovery Deadline. All expert discovery in this case shall be completed by **December 11, 2015**.

i.    Discovery Matters and Disputes Relating to Protective Orders.

i.     Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

ii.    Should counsel find, after good faith efforts—including *verbal* communication among Delaware and Lead Counsel for all parties to the dispute—that they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall submit a joint letter in substantially the following form:

8

Dear Judge Stark:

The parties in the above-referenced matter write to request the scheduling of a discovery teleconference.

The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in a verbal meet-and-confer (in person and/or by telephone) on the following date(s):

_____

Delaware Counsel: _____

Lead Counsel: _____

The disputes requiring judicial attention are listed below:

[provide here a non-argumentative list of disputes requiring judicial attention]

iii. On a date to be set by separate order, but not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. On a date to be set by separate order, but not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition.

iv. Each party shall submit two (2) courtesy copies of its discovery letter and any attachments.

v. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Alternatively, the Court

may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

j.      E-Discovery and Electronically Stored Information ("ESI"). The parties agree to meet and confer regarding the scope and schedule of production of ESI and submit a joint proposal for any agreed amendments or supplements to the Court's Default Standard for Discovery of Electronic Documents within fifteen (15) days of the start of discovery.

13.    Motions to Amend.

a.      Any motion to amend (including a motion for leave to amend) a pleading shall *NOT* be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading.

b.      Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

c.      Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to amend.

14.    Motions to Strike.

a.      Any motion to strike any pleading or other document shall *NOT* be accompanied by an opening brief but shall, instead, be accompanied by a letter, not

to exceed three (3) pages, describing the basis for the requested relief, and shall attach the document to be stricken.

b.      Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

c.      Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to strike.

15.    <u>Tutorial Describing the Technology and Matters in Issue</u>. Unless otherwise ordered by the Court, the parties shall provide the Court, no later than the date on which their opening claim construction briefs are due, a tutorial on the technology at issue. In that regard, the parties may separately or jointly submit a DVD of not more than thirty (30) minutes. The tutorial should focus on the technology in issue and should not be used for argument. The parties may choose to file their tutorial(s) under seal, subject to any protective order in effect. Each party may comment, in writing (in no more than 5 pages) on the opposing party's tutorial. Any such comment shall be filed no later than the date on which the answering claim construction briefs are due. As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial (currently best are "mpeg" or "quicktime").

16.    <u>Claim Construction Issue Identification</u>. On **March 18, 2015**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s).  This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart.  The Joint Claim Construction Chart is to be submitted on **April 1,**

**2015**. The Joint Claim Construction Chart should identify the **ten (10)** most important disputed terms/phrases for the purpose of the *Markman* briefing and hearing in Paragraphs 17 and 18 below. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

17. <u>Claim Construction Briefing</u>. The parties shall contemporaneously submit initial briefs on claim construction issues on **April 17, 2015**. The parties' answering/responsive briefs shall be contemporaneously submitted on **May 15, 2015**. No reply briefs or supplemental papers on claim construction shall be submitted without leave of the Court. Local Rule 7.1.3(4) shall control the page limitation for initial (opening) and responsive (answering) briefs.

18. <u>Hearing on Claim Construction</u>. Beginning at **1 p.m. on June 8, 2015**, the Court will hear argument on claim construction. The parties shall notify the Court, by joint letter submission, no later than the date on which their answering claim construction briefs are due: (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

Provided that the parties comply with all portions of this Scheduling Order, and any other orders of the Court, the parties should anticipate that the Court will issue its claim construction order within sixty (60) days of the conclusion of the claim construction hearing. If the Court is unable to meet this goal, it will advise the parties no later than sixty (60) days after the conclusion of the claim construction hearing.

19.     Interim Status Report. On **May 1, 2015**, counsel shall submit a joint letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date. Thereafter, if the Court deems it necessary, it will schedule a status conference.

20.     Supplementation.  Absent agreement among the parties, and approval of the Court, no later than **March 20, 2015**, the parties must finally supplement, inter alia, the identification of all accused products and of all invalidity references.

21.     Focusing Patent Claims and Prior Art.

a.      No later than **March 6, 2015**, Plaintiff shall serve a preliminary election of asserted claims, which shall include no more than **eight (8)** claims from each patent and not more than a total of **56** claims.  No later than **March 20, 2015**, Defendants shall serve a preliminary election of asserted prior art, which shall include no more than **ten (10)** prior art references against each patent family, and not more than a total of **70** references.

b.      No later than **August 28, 2015**, Plaintiff shall serve a final election of asserted claims, which shall identify no more than **five (5)** asserted claims per patent from among the eight previously identified claims, and not more than a total of **42** claims.  No later than **September 25, 2015**, Defendants shall serve a final election of asserted prior art, which shall identify no more than **six (6)** asserted prior art references per patent family from among the ten prior art references previously identified for that patent/ family, and not more than a total of **56** references.  For purposes of this final election of asserted prior art, each obviousness combination counts as a separate prior art reference.

22.     Case Dispositive Motions. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **February 5, 2016**. Briefing will be presented pursuant to the Court's Local Rules, as modified by this Order.

a.      No early motions without leave. No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court.

b.      Page limits combined with Daubert motion page limits. Each party is permitted to file as many case dispositive motions as desired; provided, however, that each *SIDE* will be limited to a combined total of 40 pages for all opening briefs, a combined total of 40 pages for all answering briefs, and a combined total of 20 pages for all reply briefs regardless of the number of case dispositive motions that are filed. In the event that a party files, in addition to a case dispositive motion, a Daubert motion to exclude or preclude all or any portion of an expert's testimony, the total amount of pages permitted for all case dispositive and Daubert motions shall be increased to 50 pages for all opening briefs, 50 pages for all answering briefs, and 25 pages for all reply briefs for each *SIDE*.[1]

c.      Hearing. The Court will hear argument on all pending case dispositive and Daubert motions on **April 5, 2016**, beginning at **9:00 a.m.** Subject to further order of the Court, each side will be allocated a total of forty-five (45) minutes to present its argument on all pending motions.

---

[1]      The parties must work together to ensure that the Court receives no more than a *total* of *250 pages* (i.e., 50+ 50+ 25 regarding one side's motions, and 50+ 50+ 25 regarding the other side's motions) of briefing on all case dispositive motions and Daubert motions that are covered by this scheduling order and any other scheduling order entered in any related case that is proceeding on a consolidated or coordinated pretrial schedule.

23. <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

24. <u>Pretrial Conference</u>. On **June 10, 2016**, the Court will hold a pretrial conference in Court with counsel beginning at **11:30 a.m.** Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Revised Final Pretrial Order—Patent, which can be found on the Court's website (<u>www.ded.uscourts.gov</u>), **10 days** before the pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order.

The parties shall provide the Court two (2) courtesy copies of the joint proposed final pretrial order and all attachments.

As noted in the Revised Final Pretrial Order—Patent, the parties shall include in their joint proposed final pretrial order, among other things:

a. <u>a request for a specific number of **hours** for their trial presentations</u>, as well as a requested number of days, based on the assumption that in a typical jury trial day (in which there is not jury selection, jury instruction, or deliberations), there will be 5 1/2 to 6 1/2 hours of trial time, and in a typical bench trial day there will be 6 to 7 hours of trial time;

b. <u>their position as to whether the Court should allow objections to efforts to impeach a witness with prior testimony</u>, including objections based on lack of completeness and/or lack of inconsistency;

c.    their position as to whether the Court should rule at trial on objections to expert testimony as beyond the scope of prior expert disclosures, taking time from the parties' trial presentation to argue and decide such objections, or defer ruling on all such objections unless renewed in writing following trial, subject to the proviso that a party prevailing on such a post-trial objection will be entitled to have all of its costs associated with a new trial paid for by the party that elicited the improper expert testimony at the earlier trial; and

d.    their position as to how to make motions for judgment as a matter of law, whether it be immediately at the appropriate point during trial or at a subsequent break, whether the jury should be in or out of the courtroom, and whether such motions may be supplemented in writing.

25.    Motions *in Limine*. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each **SIDE** shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument and may be opposed by a maximum of three (3) pages of argument, and the side making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

26. <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms three (3) business days before the final pretrial conference. This submission shall be accompanied by a courtesy copy containing electronic files of these documents, in WordPerfect or Microsoft Word format, which may be submitted by e-mail to Judge Stark's staff.

27. <u>Trial</u>. This matter is scheduled for a 10-day jury trial beginning at 9:00 a.m. on **July 11, 2016**, with the subsequent trial days beginning at 9:00 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

28. <u>Judgment on Verdict and Post-Trial Status Report</u>. Within seven (7) days after a jury returns a verdict in any portion of a jury trial, the parties shall jointly submit a form of order to enter judgment on the verdict. At the same time, the parties shall submit a joint status report, indicating among other things how the case should proceed and listing any post-trial motions each party intends to file.

29. <u>Post-Trial Motions</u>. Unless otherwise ordered by the Court, all ***SIDES*** are limited to a maximum of 20 pages of opening briefs, 20 pages of answering briefs, and 10 pages of reply briefs relating to any post-trial motions filed by that side, no matter how many such motions are filed.

_____
UNITED STATES DISTRICT JUDGE

# EXHIBIT D

STAYED,LEAD,MEDIATION-CJB,PATENT

# U.S. District Court
## District of Delaware (Wilmington)
## CIVIL DOCKET FOR CASE #: 1:12-cv-00574-LPS

Robert Bosch LLC v. Alberee Products Inc. et al
Assigned to: Judge Leonard P. Stark
Related Case: 1:14-cv-00142-LPS
Cause: 35:271 Patent Infringement

Date Filed: 05/04/2012
Jury Demand: Plaintiff
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

| Date Filed | # | Docket Text |
|---|---|---|
| 08/11/2014 | 55 | PROPOSED ORDER revised Joint Proposed Scheduling Order re (25 in 1:14-cv-00142-LPS) Letter, (54 in 1:12-cv-00574-LPS-CJB) Letter by Robert Bosch LLC. (Moore, David) (Entered: 08/11/2014) |
| 08/21/2014 | 56 | ORAL ORDER: Having conducted a case management conference and having reviewed the parties' proposed schedule (C.A. No. 12-574 D.I. 55), IT IS HEREBY ORDERED that: (i) the parties shall submit a revised proposed scheduling order, no later than August 25, 2014, which adopts all of Plaintiff's proposals on the issues disputed in D.I. 55, as Plaintiff's proposals are more reasonable than Defendant's, under the circumstances of these cases, including the Court's decision that the case should proceed even during the pendency of the motions to dismiss; (ii) the orders referring the motions to dismiss to Magistrate Judge Burke are VACATED; (iii) the Court does not require oral argument on the motions to dismiss; (iv) in paragraph 3, Defendants' answers shall be due by August 31, 2014; (v) the Markman hearing will be held on June 8, 2015 at 1 pm; and (vi) the pretrial conference will begin at 11:30 on June 10, 2016. ORDERED by Judge Leonard P. Stark on 8/21/14. Associated Cases: 1:12-cv-00574-LPS-CJB, 1:14-cv-00142-LPS (ntl) (Entered: 08/21/2014) |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT BOSCH LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 12-574-LPS-CJB |
| v. | ) | C.A. No. 14-142-LPS-CJB |
| | ) | |
| ALBEREE PRODUCTS, INC., | ) | **JURY TRIAL DEMANDED** |
| API KOREA CO., LTD., and | ) | |
| SAVER AUTOMOTIVE PRODUCTS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## [PROPOSED] JOINT SCHEDULING ORDER

This _____ day of August, 2014, the Court having conducted a Case Management

Conference/ Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) and

Judge Stark's Revised Procedures for Managing Patent Cases (which is posted at

http://www.ded.uscourts.gov; see Chambers, Judge Leonard P. Stark, Patent Cases) on August 4,

2014, and the parties having determined after discussion that the matter cannot be resolved at this

juncture by settlement, voluntary mediation, or binding arbitration;

IT IS HEREBY ORDERED that:

1.     <u>Consolidation</u>. This civil action is consolidated with the original filed action, Case

No. 1:12-cv-574-LPS-CJB, which is the Lead Case. All filings subsequent to the initial pleadings

shall be made in the Lead Case.

2.     <u>Oral Hearing on Motions to Dismiss</u>

[**Plaintiff notes** that Defendants did not request oral argument in accordance with LR

7.1.4 on their motions to dismiss in either the 12-cv-574 or 14-cv-142 actions, and Plaintiff does

not request an oral hearing. To the extent that the Court deems oral argument to be beneficial,

the parties must finally supplement, inter alia, the identification of all accused products and of all invalidity references.

22. <u>Focusing Patent Claims and Prior Art</u>.

     a.     [**Plaintiff proposes:** No later than **March 6, 2015**, Plaintiff shall serve a preliminary election of asserted claims, which shall include no more than **eight (8)** claims from each patent and not more than a total of **56** claims.  No later than **March 20, 2015**, Defendants shall serve a preliminary election of asserted prior art, which shall include no more than **ten (10)** prior art references against each patent family, and not more than a total of **70** references.] [Defendants propose deleting this paragraph.]

     b.     [**Plaintiff proposes:** No later than **August 28, 2015**, Plaintiff shall serve a final election of asserted claims, which shall identify no more than **five (5)** asserted claims per patent from among the eight previously identified claims, and not more than a total of **42** claims.  No later than **September 25, 2015**, Defendants shall serve a final election of asserted prior art, which shall identify no more than **six (6)** asserted prior art references per patent family from among the ten prior art references previously identified for that patent/ family, and not more than a total of **56** references.  For purposes of this final election of asserted prior art, each obviousness combination counts as a separate prior art reference.] [Defendants propose deleting this paragraph]

23. <u>Case Dispositive Motions</u>. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed [**Plaintiff proposes:** on or

# EXHIBIT E

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| REEFEDGE NETWORKS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 12-1042-LPS |
| | ) | |
| ARUBA NETWORKS INC. and DELL INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| REEFEDGE NETWORKS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 12-1043-LPS |
| | ) | |
| CISCO SYSTEMS, INC., | ) | |
| | ) | |
| Defendant-Counterclaimant. | ) | |
| | ) | |
| REEFEDGE NETWORKS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 12-1044-LPS |
| | ) | |
| MERU NETWORKS, INC., | ) | |
| | ) | |
| Defendant-Counterclaimant. | ) | |
| | ) | |
| REEFEDGE NETWORKS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 12-1045-LPS |
| | ) | |
| RUCKUS WIRELESS INC., | ) | |
| | ) | |
| Defendant. | ) | |

|  |  |  |
|---|---|---|
| REEFEDGE NETWORKS, LLC, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 12-1143-LPS |
| ADTRAN INC., | ) ) | |
| Defendant. | ) ) ) | |

|  |  |  |
|---|---|---|
| REEFEDGE NETWORKS, LLC, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 12-1144-LPS |
| ALCATEL-LUCENT INC., and ALCATEL-LUCENT USA INC., | ) ) ) | |
| Defendants. | ) ) ) | |

|  |  |  |
|---|---|---|
| REEFEDGE NETWORKS, LLC, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 12-1147-LPS |
| ENTERASYS NETWORKS INC., | ) ) | |
| Defendant. | ) ) ) | |

|  |  |  |
|---|---|---|
| REEFEDGE NETWORKS, LLC, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 12-1149-LPS |
| BROCADE COMMUNICATIONS SYSTEMS INC., | ) ) ) | |
| Defendant. | ) ) | |

2

REEFEDGE NETWORKS, LLC,      )
                                 )
         Plaintiff,        )
                                 )
v.                         )     C.A. No. 12-1150-LPS
                                 )
NETGEAR, INC.,          )
                                 )
         Defendant.    )
_____ )
                                 )
REEFEDGE NETWORKS, LLC,      )
                                 )
         Plaintiff,        )
                                 )
v.                         )     C.A. No. 12-1674-LPS
                                 )
MERAKI, INC.,           )
                                 )
         Defendant.    )
_____ )
                                 )
REEFEDGE NETWORKS, LLC,      )
                                 )
         Plaintiff,        )
                                 )
v.                         )     C.A. No. 13-412-LPS
                                 )
JUNIPER NETWORKS INC.,       )
                                 )
         Defendant.    )

## SCHEDULING ORDER

This 5th day of September, 2013, the Court having conducted an initial Rule 16 scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration;

IT IS ORDERED that:

1.  Rule 26(a)(1) Initial Disclosures. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within two (2) weeks of the date of this Order.

2.  Discovery and Electronic Discovery Stipulation. The parties have reviewed the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"). The parties propose to adopt the Court's Default Standard for Discovery with the following exceptions:

- Paragraph 4(a) disclosures shall be due within 60 days of the date of the Scheduling Order;

- Paragraph 4(b) disclosures shall be due by October 15, 2013. The parties further agree that, if a Defendant provides written notice to the Plaintiff that it reasonably deems the required document production to be unduly burdensome, the parties shall follow the provisions of modified Paragraph 5 of the Default Standard below by no later than September 16, 2013;

- Paragraph 4(c) disclosures shall be due by December 12, 2013; and

- Paragraph 4(d) disclosures shall be due by February 10, 2014.

- Paragraph 5 shall be modified to include the following:

  At any point during the discovery period, if a party is the recipient of a document request, or is otherwise under an obligation to produce documents, and reasonably deems the required document production to be unduly burdensome, the parties shall meet and confer in good faith to discuss options to reduce the costs and volume of discovery, including, but not limited to, methods for limiting the number of documents to be produced and methods for reducing the cost of document production. Absent a contrary agreement the

4

following procedure shall control: Excel (and other spreadsheet) files, Framemaker files (which can be viewed using software on a personal computer (PC)), videos, audio files, and any other files that do not reasonably convert to a TIFF image may be produced in native format, will be designated by including a unique production number (i.e., Bates number) and appropriate confidentiality designation in the native document's file name. If a receiving party prints any native files, or portions of such files, the receiving party will ensure that the confidentiality of each page is treated as designated in the native document's file name. All other types of ESI may be produced in native format in the first instance and will be designated by including a unique production number (i.e., Bates number) and appropriate confidentiality designation in the native document's file name. The receiving party has the right to identify up to 5,000 of these documents that the producing party must convert to TIFF image files. The producing party shall convert and produce the TIFF image files within 10 business days of the request. After the producing party has converted 5,000 documents to TIFFs (absent an agreement to enlarge that number or a showing of good cause), the parties shall split the costs of any additional conversions to TIFF image files requested by the receiving party. The receiving party shall always have the option of printing any produced native documents with each page having the production number and appropriate confidentiality designation printed thereon, or otherwise creating TIFF image files at its own expense.

- The parties also agree to the following limitation regarding the number of asserted claims and asserted prior art.
  - o In its 4(c) disclosures, ReefEdge shall include a Preliminary Election of Asserted Claims, which shall include no more than ten claims from each patent against

Defendants, and no more than a total of thirty claims overall.

o Defendants shall include no more than twelve prior art references against each patent, and not more than a total of thirty-six references in its paragraph 4(d) disclosures.[1]

o Not later than 30 days after the Court issues its Claim Construction Order, the patent claimant shall serve a Final Election of Asserted Claims, which shall identify no more than five asserted claims per patent against Defendants from among the ten previously identified claims and no more than a total of 15 claims.

o Not later than 14 days after service of a Final Election of Asserted Claims, Defendants shall serve a Final Election of Asserted Prior Art, which shall identify no more than six asserted prior art references per patent from among the thirty six prior art references previously identified, and no more than a total of 18 references.

o Upon a showing of diligence, and with due consideration for prejudice, a party may seek to modify this order for good cause shown. Any request to increase the limits contained in this order must specifically show why the inclusion of additional asserted claims or prior art references is warranted. *See In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1202, 1312–13 (Fed. Cir. 2011).

3. <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before March 12, 2014.

---

[1] For purposes of this Order, a prior art instrumentality (such as a device or process) and associated references that describe that instrumentality shall count as one reference, as shall the closely related work of a single prior artist.

4.    <u>Discovery and Pretrial Coordination</u>.  The parties propose to coordinate eleven cases for purposes of discovery and pretrial on issues common to all defendants, including discovery concerning the patents-in-suit and claim construction, and for purposes of conducting a Markman hearing and summary judgment hearing.  The eleven cases are ReefEdge Networks LLC v. Aruba Networks Inc. et al., C.A. No. 1:12-cv-1042; ReefEdge Networks LLC v. Cisco Systems Inc., C.A. No. 1:12-cv-1043; ReefEdge Networks LLC v. Meru Networks Inc., C.A. No. 1:12-cv-1044; ReefEdge Networks LLC v. Ruckus Wireless Inc., C.A. No. 1:12-cv-1044; ReefEdge Networks LLC v. Adtran Inc., C.A. No. 1:12-cv-1143; ReefEdge Networks LLC v. Alcatel-Lucent Inc. et al., C.A. No. 1:12-cv-1144; ReefEdge Networks LLC v. Enterasys Networks Inc., C.A. No. 1:12-cv-1147; ReefEdge Networks LLC v. Brocade Communications Systems Inc., C.A. No. 1:12-cv-1149; ReefEdge Networks LLC v. NETGEAR, Inc., C.A. No. 1:12-cv-1150; ReefEdge Networks, LLC v. Meraki, Inc., C.A. No. 1:12-cv-1674; and ReefEdge Networks, LLC v. Juniper Networks, Inc., C.A. No. 1:13-cv-412.

(a)    Any submissions to the Court on issues common to all Defendants shall be captioned and filed in all the cases referred to above.  All other submissions to the Court shall be filed only in the case to which they pertain.

5.    <u>Discovery</u>.  Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

(a)    <u>Fact Discovery Cut Off</u>.  All fact discovery in this case shall be initiated so that it will be completed by July 14, 2014.

(b)    <u>Document Production</u>.  Document production shall be substantially complete by January 13, 2014.

7

          (c)     <u>Requests for Admission.</u>   Unlimited requests for admission as to authenticity of documents are permitted. A maximum of 25 additional common requests are permitted to Defendants collectively by Plaintiff and 35 additional requests are also permitted to each Defendant by Plaintiff. A maximum of 25 additional common requests are permitted for Defendants collectively to Plaintiff, and 35 additional requests are also permitted for each Defendant.

          (d)     <u>Interrogatories.</u>

          (i)     A maximum of 15 common interrogatories are permitted to Defendants collectively by Plaintiff. A maximum of 10 additional individual interrogatories are permitted to each Defendant by Plaintiff. A maximum of 15 common interrogatories are permitted for Defendants collectively to Plaintiff. A maximum of 10 additional individual interrogatories are also permitted for each Defendant.

          (ii)     The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

          (e)     <u>Limitation on Hours for Deposition Discovery.</u>  Plaintiff may take a total of 165 hours of depositions (and no more than 50 hours of fact depositions of each Defendant), excluding expert depositions. Defendants in all of the cases collectively may take a total of 21 hours of deposition of Plaintiff and/or its licensing agent (e.g. IP Navigation) and/or others with a financial interest in the outcome of the litigation (e.g. Symantec), 42 hours total of depositions of the inventors of the patents-in-suit (and no more than 14 hours of deposition of each inventor),

and 102 hours of third-party depositions, excluding expert, licensing agent, those with a financial interest in the outcome of the litigation and inventor depositions. Nothing in this scheduling order precludes a non-affiliated[2] third party from objecting to sitting for more than 7 hours for a deposition. In no event shall any single deposition exceed 7 hours on the record for a single day of testimony, subject to the local rules of this Court, unless the parties agree otherwise. Rule 30(b)(6) depositions may continue from day to day, subject to the limitation on total hours noted above. If additional hours for deposition discovery become necessary, the parties shall meet and confer to try to reach agreement on the number of additional hours needed, and thereafter, if unable to reach agreement, the parties may seek modification of this provision by submission to the Court.

      (f)    <u>Disclosure of Expert Testimony.</u>

          (i)    <u>Expert Reports.</u> For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosures of expert testimony are due on September 15, 2014. The supplemental disclosures to contradict or rebut evidence on the same matter identified by another party are due October 14, 2014. Reply expert reports from the party with the initial burden of proof are due November 4, 2014. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before January 7, 2015.

---

[2] For purposes of this paragraph, "non-affiliated third party" means a third party that does not have a financial interest in the outcome of the litigation and/or is otherwise being compensated by a party for its participation in the litigation (excluding mere witness fees paid as part of a subpoena).

(ii)    <u>Objections to Expert Testimony</u>.  To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

(g)    <u>Discovery Matters and Disputes Relating to Protective Orders</u>.  Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact chambers at (302) 573-4571 to schedule a telephone conference.  On a date to be set by separate order, but not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues.  On a date to be set by separate order, but not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition.  Should any document(s) be filed under seal, a courtesy copy of the sealed document(s) must be provided to the Court within one (1) hour of e-filing the document(s).

Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

(h)  <u>E-Mail Service</u>.  The parties have consented in writing to service by e-mail, in accordance with Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure.  The parties also agree that, for purposes of computing deadlines for responses to pleadings or discovery requests when such deadlines are triggered by service of a document, the additional 3 days permitted by Rule 6(d) of the Federal Rules of Civil Procedure will apply, regardless of the manner of service.

6.  <u>Application to Court for Protective Order</u>.  Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court on or before July 19, 2013.  Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 5(g) above.

Any proposed protective order must include the following paragraph:

> <u>Other Proceedings</u>.  By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as "CONFIDENTIAL," "CONFIDENTIAL -- OUTSIDE COUNSEL ONLY" or "HIGHLY RESTRICTED CONFIDENTIAL" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

7.  <u>Papers Filed Under Seal</u>.  When filing papers under seal, counsel shall deliver to the Clerk an original and one (1) copy of the papers.  In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, a redacted

version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

8.     <u>Courtesy Copies</u>. The parties shall provide to the Court two (2) courtesy copies of all briefs and one (1) courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

9.     <u>ADR Process</u>. These matters are referred to a magistrate judge to explore the possibility of alternative dispute resolution.

10.     <u>Interim Status Report</u>. On March 17, 2014, counsel shall submit a joint letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date. Thereafter, if the Court deems it necessary, it will schedule a status conference.

11.     <u>Tutorial Describing the Technology and Matters in Issue</u>. Unless otherwise ordered by the Court, the parties shall provide the Court, no later than the date on which their opening claim construction briefs are due, a tutorial on the technology at issue. In that regard, the parties may separately or jointly submit a DVD of not more than 30 minutes. The tutorial should focus on the technology in issue and should not be used to argue claim construction contentions. The parties may choose to file their tutorial(s) under seal, subject to any protective order in effect. Each party may comment, in writing (in no more than 5 pages) on the opposing party's tutorial. Any such comment shall be filed no later than the date on which the answering claim construction briefs are due. As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial.

12. <u>Claim Construction Issue Identification</u>. If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on January 13, 2014, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction. Subsequent to exchanging that list, the parties will meet and confer to prepare a joint list of term(s)/phrase(s) for construction. This document will not be filed with the Court. On January 27, 2014, the parties shall exchange their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than February 10, 2014. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

13. <u>Claim Construction Briefing</u>. The Plaintiff and the Defendants in all of the cases collectively shall contemporaneously submit initial briefs on claim construction issues, not to exceed 45 pages, on March 10, 2014. The Plaintiff and the Defendants in all of the cases collectively shall contemporaneously submit answering/responsive briefs, not to exceed 30 pages, on March 31, 2014. No reply briefs or supplemental papers on claim construction shall be submitted without leave of the Court.

14. <u>Hearing on Claim Construction</u>. Beginning at 9:00 a.m. on April 11, 2014 and subject to the convenience of the Court's calendar, the Court will hear argument on claim construction. The parties shall notify the Court, by joint letter submission, no later than the date

on which their answering claim construction briefs are due: (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

15.     Case Dispositive Motions. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before February 4, 2015 No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court. Each party is permitted to file as many case dispositive motions as desired. Validity and common enforceability issues, if any, shall be addressed in a single, joint opening brief. Each side is permitted to use no more than 30 combined pages for the opening briefs, 30 combined pages for the answering briefs and 20 pages for the reply briefs. For all other issues, each side will be limited to a combined total of 60 pages for all opening briefs (with a maximum of 20 pages filed by or addressed towards a single defendant group), each side will be limited to a combined total of 60 pages for all answering briefs (with a maximum of 20 pages filed by or addressed towards a single defendant group), and each side will be limited to a combined total of 20 pages for all reply briefs regardless of the number of case dispositive motions that are filed (with a maximum of 8 pages filed by or addressed towards a single defendant group)

16.     Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

17.     Trial Scheduling Conference. On [TBD and subject to the convenience of the Court's calendar], beginning at _____., the Court will hold a conference to discuss dates for the pretrial conferences and trials for these cases.

18.    Pretrial Conference. On [TBD and subject to the convenience of the Court's calendar], the Court will hold the first pretrial conference in Court with counsel, beginning at _____. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before [Pretrial Conference – 7 Days]. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order. The Court will advise the parties at or before the above-scheduled pretrial conference whether an additional pretrial conference will be necessary.

19.    Motions *in Limine*. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument and may be opposed by a maximum of three (3) pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three-(3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

20.    Jury Instructions, Voir Dire, and Special Verdict Forms. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51, the parties should file (i) proposed voir dire,

(ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms three (3) full business days before the date of the final pretrial conference. This submission shall be accompanied by a computer diskette containing each of the foregoing four (4) documents in WordPerfect format.

21. <u>Trial</u>. The first matter will be scheduled for a five-day jury trial beginning at 9:30 a.m. on [TBD and subject to the convenience of the Court's calendar], with subsequent trial days beginning at 9:00 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed and counsel will be allocated a total number of hours in which to present their respective cases.

_____
UNITED STATES DISTRICT JUDGE

16

EXHIBIT F

1

09:14:13 1                    IN THE UNITED STATES DISTRICT COURT

2                    IN AND FOR THE DISTRICT OF DELAWARE

3                              - - -
                                          :   CIVIL ACTION
4                                         :
                                          :   NO. 12-1042-LPS
5   REEFEDGE NETWORKS, LLC,               :        and
                                          :   NO. 12-1043-LPS
6            Plaintiff,                    :   NO. 12-1044-LPS
                                          :   NO. 12-1045-LPS
7   v                                     :   NO. 12-1143-LPS
                                          :   NO. 12-1144-LPS
8   ARUBA NETWORKS,INC., and DELL, INC., :   NO. 12-1147-LPS
                                          :   NO. 12-1149-LPS
9            Defendants.                   :   NO. 12-1150-LPS
                                          :   NO. 12-1151-LPS
10                                        :   NO. 12-1674-LPS
                                   - - -      NO. 13-0412-LPS
11
                              Wilmington, Delaware
12                            Tuesday, July 30, 2013
                               *Telephone Conference*
13
                                     - - -
14
     BEFORE:        HONORABLE **LEONARD P. STARK**, U.S.D.C.J.
15
                                     - - -
16    APPEARANCES:

17

                     FARNAN, LLP
18                   BY:  BRIAN E. FARNAN, ESQ.

19                        and

20                   RUSS, AUGUST & KABAT
                     BY:  MARC A. FENSTER, ESQ., and
21                        ANDREW D. WEISS, ESQ.
                         (Los Angeles, California)
22
                              Counsel for ReefEdge Networks, LLC
23

24
                                   Brian P. Gaffigan
25                                 Registered Merit Reporter

2

```
1    APPEARANCES:  (Continued)

2

3           MORRIS NICHOLS ARSHT & TUNNELL, LLP
            BY:  JACK B. BLUMENFELD, ESQ., and
4                MICHAEL J. FLYNN, ESQ.

5                     Counsel for Aruba Networks, Inc., and
                      Alcatel-Lucent USA, Inc.
6
            MORRIS NICHOLS ARSHT & TUNNELL, LLP
7           BY:  JACK B. BLUMENFELD, ESQ., and
                 MICHAEL J. FLYNN, ESQ.
8
                 and
9
            DUANE MORRIS, LLP
10          BY:  L. NORWOOD JAMESON, ESQ.
                 (Atlanta, Georgia)
11
                 and
12
            DUANE MORRIS, LLP
13          BY:  CHRISTOPHER J. TYSON, ESQ.
                 (Washington, District of Columbia)
14
                      Counsel for Cisco Systems, Inc., and
15                    Meraki, Inc.

16          MORRIS NICHOLS ARSHT & TUNNELL, LLP
17          BY:  JACK B. BLUMENFELD, ESQ., and
                 MICHAEL J. FLYNN, ESQ.
18
                 and
19
            IRELL & MANELLA, LLP
20          BY:  DOUG J. DIXON, ESQ., and
                 TIMOTHY J. HEGGEM, ESQ.
21               (Newport Beach, California)

22                    Counsel for Juniper Networks, Inc.

23

24

25
```

3

```
1    APPEARANCES:  (Continued)

2

3           DLA PIPER, LLP
            BY:  BRIAN A. BIGGS, ESQ.
4
5           DLA PIPER, LLP
            BY:  BLAKE WILLIAM JACKSON, ESQ.
6                (Palo Alto, California)

7                     Counsel for Ruckus Wireless, Inc.

8
            POTTER ANDERSON & CORROON, LLP
9           BY:  RICHARD L. HORWITZ, ESQ.

10               and

11          MORRISON & FOERSTER, LLP
            BY:  L. SCOTT OLIVER, ESQ.
12               (Palo Alto, California)

13                    Counsel for Meru Networks, Inc.

14
            PHILLIPS, GOLDMAN & SPENCE, P.A.
15          BY:  JOHN C. PHILLIPS, JR., ESQ.

16               and

17          McKENNA LONG & ALDRIDGE, LLP
            BY:  LORA A. BRZEZYNSKI, ESQ.
18               (Washington, District of Columbia)

19                    Counsel for Adtran, Inc.

20
            SHAW & KELLER, LLP
21          BY:  KAREN ELIZABETH KELLER, ESQ.

22               and

23          LEE TRAN and LIANG, LLP
            BY:  EDWARD S. QUON, ESQ.
24               (Redwood City, California)

25                    Counsel for Netgear, Inc.
```

4

```
1    APPEARANCES:  (Continued)

2

3           MORRIS JAMES, LLP
            BY:  KENNETH L. DORSNEY, ESQ.

4
                 and
5
            ALSTON & BIRD, LLP
6           BY:  ELIZABETH S. RADER, ESQ.
                 (Menlo Park, California)

7                     Counsel for Netgear, Inc.

8
            O'KELLY, ERNST, & BIELLI, LLC
9           BY:  SEAN T. O'KELLY, ESQ.

10               and

11          VASQUEZ BENISEK & LINDGREN, LLP
            BY:  JEFFREY LINDGREN, ESQ.
12               (Lafayette, California)

13                    Counsel for Enterasys Networks Inc.

14

15

16               - oOo -

17          P R O C E E D I N G S

18          (REPORTER'S NOTE:  Telephone conference was held
11:20:12 19   in chambers, beginning at 9:49 a.m.)
11:20:20 20          THE COURT:  Good morning, everybody.  This is
11:20:20 21   Judge Stark.  Who is there, please?
11:20:22 22          MR. FARNAN:  Good morning, Your Honor.  This is
11:20:24 23   Brian Farnan on behalf of the plaintiff.  With me is Marc
11:20:27 24   Fenster and Andrew Weiss from Russ, August & Kabat in Los
11:20:31 25   Angeles.
```

5

```
11:00:31  1          THE COURT:  All right.  Thank you.
11:20:32  2          MR. BLUMENFELD:  Your Honor, for some of the
11:20:34  3   defendants, this is Jack Blumenfeld and Michael Flynn from
11:20:36  4   Morris Nichols.  We're on for Aruba and for Alcatel-Lucent.
11:20:43  5          In addition, we're on for Cisco and Meraki with
11:20:46  6   Woody Jameson and Chris Tyson from Duane Morris.  And,
11:20:49  7          We're on for Juniper Networks along with Tim
11:20:53  8   Heggem and Doug Dixon from Irell & Manella.
11:20:57  9          THE COURT:  Thank you very much.
11:20:59 10          MR. BIGGS:  Good morning, Your Honor, for Ruckus
11:21:00 11   Wireless, this is Brian Biggs from DLA Piper in Wilmington.
11:21:05 12   I have my co-counsel in Palo Alto, Blake Jackson, also from
11:21:08 13   DLA Piper.
11:21:10 14          THE COURT:  Thank you.
11:21:11 15          MR. HORWITZ:  Good morning, Your Honor.  It's
11:21:12 16   Rich Horwitz from Potter Anderson in Wilmington along with
11:21:15 17   Scott Oliver from Morrison Foerster for Meru and Brocade.
11:21:18 18          THE COURT:  Thank you.
11:21:19 19          MR. PHILLIPS:  Good morning, Your Honor.  It's
11:21:24 20   Jack Phillips, and with me on the line is Lora Brzezynski on
11:21:28 21   behalf of Adtran.
11:21:29 22          THE COURT:  Thank you.
11:21:31 23          MS. KELLER:  Good morning, Your Honor.  Karen
11:21:32 24   Keller from Shaw Keller on behalf of Netgear Inc.; and with
11:21:35 25   me today is Ed Quon of Lee Tran and Liang.
```

6

1    THE COURT:  All right.  Thank you.
2    MR. DORSNEY:  Good morning, Your Honor.  It's
3  Ken Dorsney from Morris James for ZyXEL.  On the line today
4  with me is Elizabeth Rader from Alston & Bird.
5    THE COURT:  Thank you.
6    MR. O'KELLY:  Your Honor, good morning.  Sean
7  O'Kelly on behalf of Enterasys Networks.  On the phone with
8  me is Jeff Lindgren.
9    THE COURT:  Thank you.  Is that everybody?
10    I will assume that it is.  Thank you very much.
11  I know it's a lot of people.  We're here for a lot of cases.
12  It's a scheduling teleconference in 12 cases.  They all
13  involve ReefEdge, LLC as plaintiff.  The first case is
14  versus Aruba Networks, et al, which is our Civil Action No.
15  12-1042-LPS.  The remainder of the cases are numbered 1043,
16  1044, 1045, 1143, 1144, 1147, 1149, 1150, 1151, 1674 and
17  13-412.
18    I do have my court reporter here.  As I see,
19  we're here to discuss scheduling.  I have reviewed the
20  proposed coordinated schedule.  It seems that most of the
21  items in dispute are defendants' proposals so I wanted to
22  hear from defendants first.  I'm hoping I'm not hearing
23  separately from all 12 defendants, but somebody tell me how
24  defendants propose to proceed on the call, please.
25    MR. JAMESON:  Your Honor.

7

1    MR. BLUMENFELD:  This is Jack --
2    MR. JAMESON:  Your Honor.
3    MR. BLUMENFELD:  I'm sorry.  Go ahead, Woody.
4    MR. JAMESON:  This is Woody on behalf of Cisco
5  and Meraki.
6    I have drawn the short straw to be the
7  spokesperson for the defendants today, and so I'm happy
8  to address issues in the first instance on behalf of the
9  defendant.
10    THE COURT:  That's great.  Go ahead, Mr. Jameson.
11    MR. JAMESON:  Judge Stark, the first issue that
12  we wanted to discuss relates to paragraph 2 under the
13  scheduling order and the timing of the 4(a), 4(b), and 4(c)
14  disclosures.
15    When the parties were negotiating the scheduling
16  order, we had reached an agreement that plaintiff's 4(a)
17  disclosures would be due within 60 days after the entry of
18  the scheduling order.  So under that time frame, if the
19  scheduling order got entered at the end of this month, then
20  our 4(b) responses would be due at the end of August --
21  roughly, the end of September or, excuse me, their 4(a)
22  disclosures would have been due end of September and then
23  our 4(b) disclosures would have been due two months
24  thereafter.  And also we had felt thought that it made
25  sense that plaintiff use the time to provide us with the

8

1  claims that they were asserting in this case.
2    What has happened already is that plaintiff
3  has already served their 4(a) disclosures on us and that
4  happened on July the 2nd.  Plaintiff can speak to this
5  issue, but it is my understanding that they are of the
6  view that as a result of having served those on us on July
7  the 2nd, that basically our 4(b) responses would be due
8  60 days from July the 2nd which is obviously on a much
9  shorter fuse than what the parties had even agreed to with
10  respect to the proposed scheduling order.
11    So that is obviously an issue that needs to
12  be addressed.  We believe that their disclosure should have
13  been served following the scheduling order.  And then at a
14  minimum, we would have had 60 days to provide our 4(b)
15  responses.  And, again, we had thought that it made sense
16  in this case that they include asserted claims which is a
17  little bit different than the default standard but we felt
18  that from an efficiency perspective it made sense in this
19  case.
20    THE COURT:  So, Mr. Jameson --
21    MR. JAMESON:  Let me apprise of you --
22    THE COURT:  Mr. Jameson, can you hear me?
23    MR. JAMESON:  Yes.
24    THE COURT:  Yes.  So what is the defendants'
25  request at this point with respect to 4(a) and 4(b)?  Are

9

1  you still asking that they disclose asserted claims, if they
2  have not, in the July 2nd?  And what date would you have me
3  make your 4(b) due?
4    MR. JAMESON:  Your Honor, let me put on the
5  table what is a modified proposal that is stemming.  We just
6  notified ReefEdge of this yesterday so we haven't had a
7  chance to meet and confer on this.  But this is really, it's
8  really a direct result of the Federal Circuit's model order
9  that came down yesterday on limiting claims in patent cases
10  early in the case.
11    What we thought would make sense would be that
12  we come up with a date certain, and it's consistent with
13  your question for us to produce our technical documents in
14  response to their 4(a) disclosures and then, as part of
15  their 4(c) disclosures, that they be limited to the number
16  of asserted claims consistent with the Federal Circuit model
17  order in this case.  And,
18    So what that would mean is that they would be
19  limited to asserting 10 claims per patent as part of their
20  4(c) disclosures.  Obviously, we would have corresponding
21  limits on our prior art responses as part of our 4(d)
22  disclosures.
23    They have not had time to fully think through
24  that proposal, but we thought in this case it made a lot
25  of sense to come up with those types of limits.  There are

10

1  three patents in this case.  There are 101 claims that could
2  be asserted, and so we thought the sooner that we could get
3  some claim limits in place the better.
4         Your specific question about timing?  We would
5  like at a minimum 60 days from the date that you enter a
6  scheduling order for our 4(b) production.  In a perfect
7  world, quite frankly, because we felt our 4(b) responses
8  were going to be due at the end of this year, so I could
9  probably use like 75 days which would put us, if you were
10 to enter a scheduling order hypothetically on August 1st,
11 if we could have until like October 15th or something in
12 that time frame for our 4(b) disclosures, that would be much
13 appreciated.
14         THE COURT:  You can move on to the next dispute.
15         MR. JAMESON:  The next issue, it relates to, it's
16 really basically a cost sharing issue.  By way of background,
17 just focusing on Cisco, based on the 4(a) disclosures that
18 have already been served, we are looking at 40 different
19 product lines.
20         RECORDED VOICE:  ... has left the conference.
21         MR. JAMESON:  Software is being accused
22 infringement.  When I say 40 different product lines, they
23 have not gotten to the granular level of accusing specific
24 products within the product line, and so we're likely
25 looking at somewhere along the lines of over 100 products

11

1  that are being accused of infringement based on their 4(a)
2  disclosures.
3         We want to rein in discovery which is consistent
4  with your model order and particularly with respect to the
5  expense of producing TIFF images in this case.  And what we
6  had proposed is that we were willing to, on our dime, to
7  produce up to 2,500 documents, not pages but 2,500 documents
8  in TIFF.
9         RECORDED VOICE:  ... has joined the conference.
10        MR. JAMESON:  Then once we produce that many
11 documents in TIFF format, that for any other TIFF documents
12 that needed to be produced, we would split the cost with
13 ReefEdge 50/50 or, alternatively, we provided a mechanism to
14 where they can provide their own TIFF images of our native
15 format and basically put Bates stamps on those documents.
16        It's my understanding that plaintiff has
17 objected to that type of kind of reining in of ESI costs.
18 And this proposal coming from Cisco, it really is a function
19 of other experiences in other cases where we've had these
20 types of product lines being accused of infringement and ESI
21 discovery just has the potential to get completely out of
22 hand and result in literally hundreds of thousands of
23 dollars in conversion costs when it comes to converting ESI
24 into TIFF format before it is produced.
25        THE COURT:  So that is all what is motivating

12

1  and would be accomplished by the two paragraphs you would
2  add to paragraph 5; is that correct?
3         MR. JAMESON:  That is correct.  We have expanded
4  upon the default order on the types of things that -- the
5  types of files that would not be converted to TIFF and that
6  is set forth precisely in our proposed order.  There are
7  certain types of information that is just difficult to
8  convert to TIFF, it doesn't make sense to convert it into
9  that format, and we have laid that out.
10        THE COURT:  Then move on to the deposition
11 discovery hours dispute.
12        MR. JAMESON:  Yes.  I've got to be candid with
13 you on this last one.  I'm not sure how big of a dispute
14 there is.  The one area that we do have a dispute is we have
15 agreed -- the plaintiff has agreed they would take a total
16 of 165 deposition hours of the defendants.
17        What we have asked is that with respect to any
18 given defendant that they be limited to 40 hours of time.
19 The reason why we have made this proposal is in a, I say
20 hypothetical, but what we have seen, over and over again,
21 that to the extent that a number of the defendants go by the
22 wayside in these types of cases by way of settlement, we
23 don't want plaintiff to be of the view that with respect
24 to the remaining defendants that they could use some huge
25 portion of that 165 hours on any single defendant.  So that

13

1  is what was motivating our 40 hours of fact depositions for
2  each defendant.  So that is that issue.
3         Plaintiff had made a proposal with respect to
4  the third-party depositions.  Just let me read this into the
5  record because I'm not sure what the issue is.
6         We had agreed to specific limits with respect to
7  IP Navigation, Symantec, the inventors of the patents-in-suit
8  and third parties.  We had agreed with respect to those
9  types of people, for example, an inventor, that we would
10 take no more than 14 hours of inventor testimony among all
11 defendants in the case.
12        They got a statement in their proposal which
13 says that with respect to third parties, the deposition hour
14 limits set forth above shall be upper limits and shall not
15 be deemed to require that the third party sit for more than
16 seven hours of deposition.
17        I'm not sure what they mean by "shall not be
18 deemed to require that the third party sit for more than
19 seven hours of deposition" because I thought they had
20 actually agreed that the inventors would sit for up to
21 14 hours of deposition.  So there is a disconnect there, and
22 I just want to make sure I understood what their proposal
23 was.
24        THE COURT:  Well, let's find out.  I think that
25 covers all of the issues in dispute, so let me hear from the

14

1 plaintiff, please.

2        MR. FENSTER:  Good morning, Your Honor.  This

3 is Marc Fenster.

4        I'm going to address with the Court's permission

5 the first issue, and then the cost shifting and depos will

6 be handled by my partner, Andrew Weiss.

7        THE COURT:  That's fine.

8        MR. FENSTER:  Your Honor, with respect to the

9 model order and the timing of the 4(a)s and 4(b)s, first

10 with respect to the timing, we would request that the 4(b)s

11 be served as soon as the Court would allow.  We would

12 propose 60 days from today.  They've had our 4(a)s since

13 July 2nd, almost a month now.

14        With respect to the model order, this is

15 something that is new.  I'm not even sure if it's been

16 reposted to the Federal Circuit website.  My understanding

17 is that it has been taken down.

18        In any event, the limits are okay.  What I want

19 to address is the timing.  The model order, as the Court may

20 be aware, imposes limits on the number of asserted claims

21 at various points and the number of asserted prior art

22 references.  Those limits are okay with plaintiff.

23        However, the timing I think needs to be adjusted

24 to comport with Delaware and this Court's schedule.  The

25 model order contemplates 40 days.  That the limits will be

15

1 imposed 40 days after some default provisions that in other

2 jurisdictions include the invalidity contentions.

3        What we would ask is that we're okay with the

4 limits but that they shouldn't be imposed until after the

5 invalidity contentions.  We should be able to see the

6 invalidity contentions before being restricted in the claims.

7        THE COURT:  Now, remind me, Mr. Fenster.  Are

8 there two times in which there is a reduction of claims and

9 prior art in the new model proposal from the Federal Circuit

10 or is there just one round?

11        MR. FENSTER:  My understanding, Your Honor, is

12 that there are two.  So the first one is triggered after

13 40 days after the infringer is required to produce documents.

14 Usually in the Northern District of California and I think

15 the Eastern District of Texas, I think that that generally

16 occurs after invalidity contentions.  Here it's reversed and

17 that is why.

18        The second is 28 days after the Court issues its

19 claim construction order.  Then there is a final election of

20 asserted claims down to five per patent.

21        THE COURT:  What is the plaintiff's position on

22 that second step here?

23        MR. FENSTER:  I think that we're okay with the

24 timing as to the second step.

25        THE COURT:  Were you addressing anything else or

16

1 was that it for you?

2        MR. FENSTER:  Your Honor, there is one other

3 matter that I noticed that, unfortunately, I apologize to

4 the Court and to the defendants that it's not highlighted in

5 the joint submission.  That is with respect to paragraph 15,

6 dispositive motions, I think that there is just an error.

7 At least that's the way it ended up.

8        What it provides is that each party is permitted

9 to file as many case dispositive motions as desired.  However,

10 each party is limited to a total of 40 pages.  That could

11 lead to multiple invalidity motions by defendants and only

12 40 pages combined to respond from plaintiff.  I may have

13 misspoke there.

14        So we would propose, I think that this was

15 either intended to be 40 pages per side or at least with

16 respect to invalidity, we would ask that that be modified

17 to be a total of 40 pages per side.

18        THE COURT:  Thank you.  Let me just see, Mr.

19 Jameson, if you are prepared to respond to that one at

20 paragraph 15.  Do you have a dispute on that?

21        MR. JAMESON:  Your Honor, I think that you do.

22 If I understand his proposal, defendants collectively -- I'm

23 sorry.  Is the proposal that we're limited to 40 pages per

24 side on invalidity only on summary judgment motions or all

25 motions in the case?

17

1        THE COURT:  Mr. Fenster.

2        MR. FENSTER:  Your Honor, this is Marc Fenster.

3 I would propose that it be 40 pages per invalidity.  Each

4 side can serve noninfringement or infringement motions but

5 then it should be, plaintiff should be allowed up to 40

6 pages per motion filed by a defendant to respond on the

7 infringement side or other affirmative defenses.

8        THE COURT:  All right.  Let me --

9        MR. JAMESON:  Your Honor, Woody Jameson.

10        THE COURT:  Yes, go ahead.

11        MR. JAMESON:  I'm simply not in a position to

12 agree on behalf of all defendants.  We would need the

13 opportunity to consult and get back to plaintiff on that.

14        THE COURT:  That's fine.  I'm going to give you

15 a chance to do that.

16        Mr. Fenster, is there anything else you were

17 covering?

18        MR. FENSTER:  No, Your Honor.  Thank you.

19        THE COURT:  Then is Mr. Weiss going to cover the

20 other issues?

21        MR. WEISS:  Yes.  Good morning, Your Honor.

22 This is Mr. Weiss.

23        THE COURT:  Yes.

24        MR. WEISS:  So the first issue that I'm going

25 to talk briefly about is the document production cost

18

1  sharing issue in paragraph 2.  While ReefEdge is certainly
2  sympathetic to the document production issues and costs, I
3  think there are other ways to address this if there are
4  too many documents than native production.  I think, for
5  example, the parties can -- once a party like Cisco has an
6  idea about the scope of the likely responsive documents,
7  the parties can get together and talk about what is there
8  and find ways to limit the number of documents that are
9  ultimately produced.
10        My concern frankly with native production is
11 that the documents often become unwieldy because when native
12 production is made, it changes the file name, but any print
13 out of the documents don't have Bates numbers, don't have
14 confidentiality designations on them, and they can become a
15 logistical problem.  And,
16        I think there are other ways to address the issue
17 of overproduction so that the defendants don't get overburdened
18 with costs as well and we don't get overburdened with documents
19 that we don't actually need.
20        So the procedure suggested by ReefEdge would
21 be leaving the default TIFF production in place but if
22 defendants are interested in limiting the production, maybe
23 agreeing to some sort of meet and confer prior to the 4(b)
24 disclosure to discuss ways to limit an overburdensome
25 production.

19

1        THE COURT:  Is that an alternative that you had
2  proposed prior to this call?
3        MR. WEISS:  Not specifically, Your Honor.
4        THE COURT:  You can go on, Mr. Weiss.
5        MR. WEISS:  With respect to paragraph 5(e) of
6  the scheduling order and the deposition limit, with respect
7  to 40 hour deposition time limit, the concern that ReefEdge
8  has is the arbitrary limit of 40 hours per defendant could
9  end up hurting ReefEdge later in the case.
10        For example, one defendant such as, let's just
11 use as an example, Adtran could have a single witness or two
12 witnesses that have all of the technical relevant knowledge
13 that ReefEdge needs in discovery whereas a defendant like
14 Cisco might have seven or eight witnesses that have the
15 relevant information that ReefEdge needs, and a limit of 40
16 hours now could hamper ReefEdge's ability to take discovery
17 that is necessary.
18        ReefEdge agreed to an overall limit of 165 hours.
19 ReefEdge is hopeful that it can streamline and take as few
20 depositions as is necessary, but ReefEdge doesn't want to
21 further hamstring itself with individual --
22        RECORDED VOICE:  ... has left the conference.
23        THE COURT:  Mr. Weiss, what would be a
24 reasonable number to give the defendants confidence that no
25 one of them is going to be on the hook for, say, 160 hours?

20

1        MR. WEISS:  I would suggest 70 hours, which
2  would be consistent with the default seven -- or ten
3  depositions, seven hours.
4        THE COURT:  What about this last point?  I have
5  to admit I was confused by what the dispute is also.
6        MR. WEISS:  I apologize, Your Honor.  So the
7  dispute, as was outlined during the meet-and-confer process,
8  was my concern that the scheduling order would be seen to
9  require third parties to sit for 14 hours of deposition
10 rather than that simply being the total number that is
11 allowed in the case.  The concern being that these are third
12 parties.  They're not really represented here.  They may not
13 even be under this Court's jurisdiction.  And,
14        I think it would be -- I know it's likely for
15 some of them, it would be a severe imposition to require two
16 hours -- two days of deposition time particularly if, as the
17 case develops, it may not even be necessary.
18        So ReefEdge's suggestion is to make clear in the
19 scheduling order that the 14 hours is simply the upper limit
20 but that as would be usual with scheduling a third-party
21 deposition, that the negotiation for how long the witness is
22 actually going to sit would take place at the time that the
23 third party is being subpoenaed, and with the third party
24 involved.
25        THE COURT:  I'm afraid I'm still a little

21

1  confused.  Let's take one individual, Inventor X.  How long
2  are you saying that Inventor X can be deposed for?
3        MR. WEISS:  I think under the federal rules,
4  Inventor X would be subject to seven hours, would be required
5  to sit for seven hours of deposition pursuant to the subpoena.
6        Now, counsel for Inventor X and the subpoenaing
7  party may negotiate that Inventor X will sit for ten hours,
8  but I think as a default, to have in this order, to have a
9  requirement that the third party sit for 14 hours is something
10 that ReefEdge does not think is appropriate at this time.
11        THE COURT:  So what does plaintiff understand
12 the language in the proposed scheduling order to be that
13 says, "and no more than 14 hours of deposition of each
14 inventor."  That is not highlighted language so I understood
15 it not to be in dispute.  Is that language in dispute or do
16 I still misunderstand?
17        MR. WEISS:  That language is not in dispute.  As
18 I see that language, it is setting an upper limit on the
19 amount that the subpoenaing party can request, the amount of
20 deposition time the subpoenaing party can request from a
21 third party.  So it can, when subpoenaing a third party, say
22 we need you for three days, for 21 hours, but that there is
23 nothing in this order that is requiring that a third party
24 inventor make himself available for 14 hours.
25        THE COURT:  I think I'm still a little confused,

22

1  but I appreciate the explanation.  Is there anything else
2  plaintiff wants to say before I turn it back over to the
3  defendants?
4          MR. WEISS:  No, Your Honor.
5          THE COURT:  Mr. Jameson, and I should preface
6  this by I understand there is at least one new dispute has
7  been flagged and I appreciate that you can't, off-the-cuff,
8  speak for all 12 defendant groups as to their position.  I
9  think there are some other points that the parties are going
10  to have to further meet and confer on, so I recognize I may
11  not be able to make a binding decision on all these disputes
12  rights now but go ahead and add anything you would like to
13  in response to what you heard.
14          MR. JAMESON:  Your Honor, Woody Jameson.
15          The one comment I would make with respect to the
16  parties following the Fed Circuit model order in this case is
17  that I really think it defeats virtually the entire purpose
18  of the model order if the plaintiff is not required to limit
19  their claims in this case until after the defendants were to
20  serve their 4(d) disclosures because that just means that
21  hypothetically the defendants could be dealing with 65, 70, 80
22  claims, maybe even 101 claims when we're trying to come up
23  with our invalidity analysis and that is a huge undertaking.
24  The very purpose of the model order is that when the plaintiff
25  comes out of the box with their asserted claims that it's

23

1  limited to 10, and the flip side is the defendants are reined
2  in on the prior art side of things in the response.
3          So I think we can talk about the timing issue
4  with plaintiff, but I don't think the suggestion that the
5  plaintiff made makes sense and is consistent with the goals
6  that the Federal Circuit model order.
7          With respect to the limitations on hours for
8  deposition discovery.  I did some simple math.  165 hours
9  divided by 12, right now, that is basically 14 hours per
10  defendant.  I think 40 hours per defendant is more than
11  reasonable, and I think 70 is really pushing the envelope.
12  So we would push back.  We would push back on that.
13          To the extent we are going to -- it sounds
14  like we are going to continue, or we are going to have a
15  need for a continued meet and confer with ReefEdge at least
16  on the summary judgment issue, we're certainly willing to
17  continue the conversation on the ESI issue as well in light
18  of some comments that the plaintiff has made for the first
19  time on this call today.
20          THE COURT:  All right.  Thank you.  Well, here
21  is what we're going to do.
22          I do need you all to meet and confer further.  I
23  think we've made some progress, and there have been some new
24  disputes and some new proposals made on the call.  So I'm
25  going to tell you some things that I do want to see in the

24

1  new version that you submit of a proposed scheduling order
2  but other things are going to be left open for you all to
3  hopefully arrive at a joint proposal, but if not, submit a
4  document that indicates your competing proposals just as
5  have you done here.
6          Under the circumstances, I'm going to give you
7  all a week from today to submit your revised proposed
8  schedule.  But let me say a few substantive things.
9          In terms of whether we're going to follow the
10  Federal Circuit model rule or some modification of that,
11  generally my answer is yes.  I do want, and it sounds like
12  there is actually agreement at a conceptual level, I do
13  want to have something in the scheduling order I sign that
14  creates two stages of reduction of the number of asserted
15  claims as well as the number of prior art references.
16          It sounds like the parties are probably in
17  agreement that that second reduction should occur at some
18  reasonable time after the Markman order.  It sounds like
19  it would be a reduction to something on the order of five
20  asserted claims per patent.
21          I'm going to leave that all to you to discuss
22  and nail down further details, but generally that sounds
23  about right to me as something to try for cutting down this
24  case.
25          In terms of the earlier first stage, my views

25

1  are closer to the defendants, which is that I think that
2  there should be some meaningful reduction of the number of
3  asserted claims and prior art references relatively soon
4  in this case and certainly not have to wait until after
5  invalidity contentions are served.
6          I'm not going to be precise right now in terms
7  of the number or the timing but it should not be as late as
8  plaintiffs have proposed.  So see if you can come up with
9  an agreement on something much sooner than that.
10          In terms of the 4(b) disclosure obligations of
11  the defendants, under the circumstances, I think 75 days
12  from today is fine and so that takes us to I think somewhere
13  around, I think around mid-October, but whatever it is,
14  about 75 days from today is fine.
15          The deadline should not be triggered by when I
16  enter the scheduling order because particularly in light
17  of the meeting and conferring, I don't know when I will be
18  entering the scheduling order, but that timeline should
19  start today.
20          On the paragraph 5 modification, I think you
21  all have some agreement conceptually that there needs, at a
22  minimum, to be a meet and confer before any side has to
23  undertake what would be objectively viewed as an unduly
24  burdensome production of TIFF documents.  So I do think, and
25  do want, the scheduling order to have some mechanism for

26

1  preventing this from becoming unduly and unnecessarily
2  burdensome, whether it's the defendants' specific proposal.
3  It may be.  I'm not saying no to that, but I do think you
4  all may be able to, through talking, come up with something
5  that is agreeable to all sides.
6          Moving forward to the limitation on the hours
7  of deposition discovery, I'm going to modify the defendants'
8  proposal here and make it no more than 50 hours of fact
9  depositions with respect to each defendant.
10         I do think there should be some limitation so
11  that nobody has to worry that they are going to be on the
12  hook for some outrageous number of deposition hours,
13  particularly as there may be parties that settle and this
14  case may, who knows, turn out to be against one or two
15  defendants.
16         Mostly, I'll just remind everyone of their
17  obligations not to be abusive of one another and to act in
18  good faith.  If it turns out that the plaintiff can make a
19  showing they need more than 50 hours against one defendant,
20  you should be able to persuade that defendant of that.  And
21  if you can't, then come back to me.  And if you can show
22  that, then I will lift that limit, the 50.  And,
23         Of course, on the flip side, just because you
24  are allowed to take up to 50 per defendant doesn't mean you
25  have to take up to 50 of any defendant if it's not justified

28

1  of this is I want to make sure I have a reasonable number of
2  pages to read so that I can give fair attention to whatever
3  motions you all decide to put in front of me at the case
4  dispositive motion stage.
5          So how exactly how to implement that, I am going
6  to leave to all of you to come up with a proposal in the
7  first instance.
8          That was all I had to say.  Are there any
9  questions about that?  First, Mr. Jameson.
10         MR. JAMESON:  No, Your Honor.  Thank you.
11         THE COURT:  Mr. Weiss?
12         MR. WEISS:  No, Your Honor.  Thank you.
13         THE COURT:  And Mr. Fenster?
14         MR. FENSTER:  No, Your Honor.  Thank you very
15  much.
16         THE COURT:  Thank you all.  And we'll look for
17  your proposal next week.  Good-bye.
18         (Telephone conference ends at 12:00 p.m.)
19
20     I hereby certify the foregoing is a true and accurate
    transcript from my stenographic notes in the proceeding.
21
22            /s/ Brian P. Gaffigan
            Official Court Reporter
23            U.S. District Court
24
25

27

1  by what you are trying to accomplish.
2          On this plaintiff's proposal, unfortunately I
3  just don't know that I fully understand it.  So in light of
4  the talking, let me tell you to all talk about that further.
5  I think there may be something the plaintiff is on to in
6  terms of protection that I might like to give to third
7  parties but I really am not certain.  So see if you can at
8  least modify the language there, and maybe you will be able
9  to work out an agreement on that.
10         The other thing -- oh, two other things.  The
11  hearing on claim construction.  We can do it and we'll
12  schedule it for April 11th of next year.  So April 11th, at
13  paragraph 14.
14         Then on the case dispositive motions, you are
15  going to talk about that.  Let me just say I don't know that
16  I have had to confront the issue in a case like this where
17  it's this many related cases.
18         What I'm trying to accomplish and what I will
19  impose, one way or another, is not getting repetitive briefing.
20  So if 12 defendants all have the same, very same invalidity
21  challenge, I don't want to get up to 40 pages times 12,
22  whatever that would be, all making the same argument.  And
23  however many pages the defendants file, I don't want the
24  plaintiff to be at a disadvantage that they only have 1/12th
25  the number of pages the defendants do.  And overriding all