IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Integra LifeSciences Corp., Integra LifeSciences Sales LLC, Confluent Surgical, Inc., and Incept LLC, <br><br> Plaintiffs, <br><br> v. <br><br> HyperBranch Medical Technology, Inc., <br><br> Defendant. | C.A. No. 15-819-LPS-CJB |

**JOINT [PROPOSED] SCHEDULING ORDER**

This _2nd_ day of _September_, 2016, the Court having conducted a Rule 16 scheduling and planning conference pursuant to Federal Rule of Civil Procedure 16(b) and Local Rule 16.1 on _____, 2016, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS HEREBY ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard</u>. The parties served initial disclosures on **October 23, 2015**.

2. <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **January 27, 2017**.

3. <u>Application to Court for Protective Order</u>. A protective order was entered in this action on **October 21, 2015** (D.I. 30).

4. <u>Papers Filed Under Seal</u>. In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

Should any party intend to request to seal or redact all or any portion of a transcript of a court proceeding (including a teleconference), such party should expressly note that intent at the start of the court proceeding. Should the party subsequently choose to make a request for sealing or redaction, it must, promptly after the completion of the transcript, file with the Court a motion for sealing/redaction, and include as attachments (1) a copy of the complete transcript highlighted so the Court can easily identify and read the text proposed to be sealed/redacted, and (2) a copy of the proposed redacted/sealed transcript. With their request, the party seeking redactions must demonstrate why there is good cause for the redactions and why disclosure of the redacted material would work a clearly defined and serious injury to the party seeking redaction.

5. <u>Courtesy Copies</u>. Other than with respect to "discovery matters," which are governed by paragraph 8(g), and the final pretrial order, which is governed by paragraph 21, the parties shall provide to the Court two (2) courtesy copies of all briefs and one (1) courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

6. <u>ADR Process</u>. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

7. <u>Disclosures</u>. Absent agreement among the parties, and approval of the Court:

    a. By [Plaintiffs: September 16, 2016] [Defendant: September 9, 2016], Plaintiffs shall identify the accused product(s), including accused methods and systems, and *LPS*

its damages model, as well as the asserted patent(s) that the accused product(s) allegedly infringe(s). [~~Defendant: Add "Plaintiffs shall make an initial identification of asserted claims, limited to a total of 16 claims and no more than 3 from any single patent." Defendant's agreement and proposal of dates herein is subject to a reasonable early reduction in number of asserted claims. Without a reduction, Defendant believes an additional 6 months would need to be added to the schedule] [Plaintiffs object to the addition of this language and to the narrowing of any claims prior to being afforded any discovery of the basis of alleged defenses.~~] *LPS* Plaintiffs shall also produce the file history for each asserted patent.

b. By **September 23, 2016**, Defendant shall update its production of core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications. Defendant shall also produce updated sales figures for the accused product(s).

c. By **September 30, 2016**, Plaintiffs shall produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes.

d. By **November 4, 2016**, Defendant shall produce its initial invalidity contentions for each asserted claim, as well as the known related invalidating references. [~~Defendant: Add ", not to exceed 10 prior art references per asserted claim."~~] *LPS*

3

e. By **April 24, 2017**, Plaintiffs shall provide final infringement contentions, [Plaintiffs: limited to 18 total claims] [Defendant: limited to 8 total claims, and no more than 2 claims per patent].

f. By **May 5, 2017**, Defendant shall provide final invalidity contentions, [Plaintiffs: limited to 3 invalidity defenses per asserted claim.] [Defendant: limited to 5 prior art grounds per asserted claim, and totals of 20 prior art references limited to and 32 ~~and 32~~ 24 total prior art grounds (anticipation and/or obviousness).] *LPS*

8. Discovery. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

   a. Discovery Cut Off. All discovery in this case shall be initiated so that it will be completed on or before **April 28, 2017**. The last day for parties to serve written discovery requests with a 30-day response time is **March 24, 2017**.

   b. Document Production. Except for supplementation pursuant to the Federal Rules of Civil Procedure, Document production shall be substantially complete by **December 16, 2016**.

   c. Requests for Admission. Not including requests for admission directed to the evidentiary foundation of documents, a maximum of **50** requests for admission are permitted for each side.

   d. Interrogatories.

      i. [Plaintiffs: A maximum of 25 interrogatories, including contention interrogatories, are permitted for each side.] [Defendant: Including contention interrogatories, Plaintiffs may serve up to 25 interrogatories, and Defendant may serve up to 15 common *LPS*

4

~~interrogatories and up to 5 plaintiff-specific interrogatories per plaintiff.]~~

    ii. Except for information governed by specific disclosures elsewhere in this order, the Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

e. Depositions.

    i. Limitation on Hours for Deposition Discovery. Each side is limited to a total of **60** hours of taking testimony by deposition upon oral examination of fact witness, excluding hours already used in the preliminary injunction phase.

    ii. Location of Depositions. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. For purposes of this action, the parties agree that the Washington, D.C. or Northern Virginia offices of outside counsel would fulfill the required designation "within this district." Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party

plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

f. Disclosure of Expert Testimony.

    i. Expert Reports. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **May 26, 2017**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **June 23, 2017**. Reply expert reports from the party with the initial burden of proof are due on or before **July 7, 2017**. Depositions of experts regarding the substance of their reports will take place no later than **July 28, 2017**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

    ii. Expert Report Supplementation. The parties agree they will permit expert declarations to be filed in connection with motions briefing (including case-dispositive motions), provided the expert's declaration does not exceed the scope of his/her reports.

    iii. Objections to Expert Testimony. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered

by the Court. Briefing on such motions is subject to the page limits set out in connection with briefing of case dispositive motions.

      g. <u>Discovery Matters and Disputes Relating to Protective Orders.</u> Should counsel find they are unable to resolve a discovery matter or a dispute regarding a protective order, after having discussed the issue either telephonically or in person, the parties involved shall contact chambers at (302) 573-4571 to schedule a telephone conference. The moving party (i.e., the party seeking relief from the Court) should also file a "Motion For Teleconference To Resolve Discovery Dispute." The suggested text for this motion can be found in Magistrate Judge Burke's section of the Court's website, in the "Forms" tab, under the heading "Discovery Matters – Motion to Resolve Discovery Dispute." The moving party may raise no more than three (3) discovery disputes per Motion/teleconference. If more than one party files a Motion on or near the same date, the Court will thereafter determine whether to resolve both Motions in one teleconference or schedule multiple teleconferences.

      Not less than seventy-two (72) hours prior to the teleconference, excluding weekends and holidays, the moving party shall file with the Court a letter, not to exceed four (4) pages in no less than 12-point font, outlining the issues in dispute and its position on those issues. This submission shall include: (1) a proposed order, attached as an exhibit, setting out the nature of the relief requested of the Court; and (2) to the extent that the dispute relates to responses to certain discovery requests, an attached exhibit (or exhibits) containing the requests and the responses in dispute. Not less than forty-eight (48) hours prior to the teleconference, excluding weekends and holidays, any party opposing the application for relief may file a letter. Not to exceed four (4) pages, in no less than 12-point font, outlining that party's reason for its opposition. To the extent that factual issues are disputed or are otherwise central to the Court's

7

analysis, the parties shall attach as an exhibit (or exhibits) sworn declarations or affidavits regarding those issues.

Courtesy copies of the letters are to be hand delivered to the Clerk's Office within one hour of e-filing. Should the Court find further briefing necessary upon conclusion of these teleconferences, the Court will order it. Disputes or issues regarding motions for extension of time for briefing case dispositive motions that are related to discovery matters are, in the first instance, to be addressed in accordance with this Order.

No motions to compel or motions for protective order shall be filed absent approval of the Court. Absent express approval of the Court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

9. <u>Motions to Amend</u>.

    a. Any motion to amend (including a motion for leave to amend) a pleading shall *NOT* be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading.

    b. Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

    c. Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to amend.

10. <u>Motions to Strike</u>.

    a. Any motion to strike any pleading or other document shall *NOT* be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the document to be stricken.

    b. Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

    c. Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to strike.

11.    <u>Tutorial Describing the Technology and Matters in Issue</u>. Unless otherwise ordered by the Court, the parties shall provide the Court, no later than the date on which their opening claim construction briefs are due, a tutorial on the technology at issue. In that regard, the parties may separately or jointly submit a DVD of not more than thirty (30) minutes. The tutorial should focus on the technology in issue and should not be used for argument. The parties may choose to file their tutorial(s) under seal, subject to any protective order in effect. Each party may comment, in writing (in no more than five (5) pages) on the opposing party's tutorial. Any such comment shall be filed no later than the date on which the answering claim construction briefs are due. As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial (currently best are "mpeg" or "quicktime").

12.    <u>Claim Construction Issue Identification</u>. On **November 15, 2016**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction. On **December 2, 2016**, the parties shall exchange their proposed claim construction of those

term(s)/phrase(s). These documents will not be filed with the Court. Subsequent to those exchanges, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on **January 12, 2017**. [~~Plaintiffs: Add~~ "No more than ~~24~~ 20 disputed claim terms ~~(up to 4 per patent)~~ shall be submitted for construction." ~~Defendant objects to the addition of this language given Plaintiffs' unwillingness to reduce asserted claims below all 109 claims.~~] The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

13.     <u>Claim Construction Briefing</u>. The parties shall contemporaneously submit initial briefs on claim construction issues on **December 21, 2016**. The parties' answering/responsive briefs shall be contemporaneously submitted on **January 20, 2017**. No reply briefs or supplemental papers on claim construction shall be submitted without leave of the Court. Local Rule 7.1.3(4) shall control the page limitations for initial (opening) and responsive (answering) briefs.

14.     <u>Hearing on Claim Construction</u>. Beginning at [~~the parties propose~~ **1:00 p.m. on February 1, 2017**]~~;~~ the Court will hear argument on claim construction. The parties shall notify the Court, by joint letter submission, no later than the date on which their answering claim construction briefs are due: (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing

Provided that the parties comply with all portions of this Scheduling Order, and any other orders of the Court, the parties should anticipate that the Court will issue its claim construction order within sixty (60) days of the conclusion of the claim construction hearing. If the Court is unable to meet this goal, it will advise the parties no later than sixty (60) days after the conclusion of the claim construction hearing.

15. <u>Reliance on Advice of Counsel</u>. Defendant shall inform Plaintiffs whether it intends to rely upon advice of counsel as a defense to willful infringement no later than ~~[Plaintiffs: twenty-one (21) days] [Defendant: sixty (60) days]~~ thirty (30) days after the Court's entry of a Claim Construction Order. If defendant elects to rely on advice of counsel as a defense to willful infringement, defendant shall produce any such opinions and all documents and things related to those opinions on which defendant intends to rely to plaintiffs no later than seven (7) days after notifying counsel of their reliance upon advice of counsel defense. Notwithstanding the provisions of paragraph 8 herein, reasonable additional discovery requests with respect to any advice of counsel defense shall be permitted to be served within seven (7) days following disclosure of any opinion.

16. <u>Interim Status Report</u>. On **March 1, 2017**, counsel shall submit a joint letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date. Thereafter, if the Court deems it necessary, it will schedule a status conference.

17. <u>Supplementation.</u> Absent agreement among the parties, and approval of the Court, no later than **February 24, 2017**, the parties must finally supplement, *inter alia*, the identification of all accused products and of all invalidity references.

18. <u>Case Dispositive Motions</u>. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **August 25,**

11

2017. Answering briefs shall be due on **September 22, 2017**, and reply briefs shall be due on **October 6, 2017**.

    a. <u>No early motions without leave</u>. No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court.

    b. <u>Page limits combined with Daubert motion page limits</u>. Each party is permitted to file as many case dispositive motions as desired; provided, however, that each *SIDE* will be limited to a combined total of 40 pages for all opening briefs, a combined total of 40 pages for all answering briefs, and a combined total of 20 pages for all reply briefs regardless of the number of case dispositive motions that are filed. In the event that a party files, in addition to a case dispositive motion, a Daubert motion to exclude or preclude all or any portion of an expert's testimony, the total amount of pages permitted for all case dispositive and Daubert motions shall be increased to 50 pages for all opening briefs, 50 pages for all answering briefs, and 25 pages for all reply briefs for each *SIDE*.[1]

    c. <u>Hearing</u>. The Court will hear argument on all pending case dispositive and Daubert motions on [~~the parties propose a date during the last two weeks of October 2017~~] ^October 25, 2017 at 1:00 p.m. Subject to further order of the Court, each side will be allocated a total of forty-five (45) minutes to present its argument on all pending motions. *[initialed]*

---

[1] The parties must work together to ensure that the Court receives no more than a ***total*** of **250 pages** (i.e., 50+ 50+ 25 regarding one side's motions, and 50+ 50+ 25 regarding the other side's motions) of briefing on all case dispositive motions and Daubert motions that are covered by this scheduling order and any other scheduling order entered in any related case that is proceeding on a consolidated or coordinated pretrial schedule.

19. <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

20. <u>Service by Email</u>. The parties have consented in writing to service by email, in accordance with Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure. The parties agree that service on any party by email shall be made on both Delaware and national counsel of that party. The parties also agree that, for purposes of computing deadlines for responses to pleadings or discovery requests not otherwise set forth herein; when such deadlines are triggered by service of a documents, the additional 3 days permitted by Rule 6(d) of the Federal Rules of Civil Procedure will apply, regardless of the manner of service.

21. <u>Pretrial Conference</u>. On ~~[the parties propose February 23, 2018, at 1:00 p.m.]~~ **March 9, 2018 at 11:30 a.m.**, the Court will hold a pretrial conference in Court with counsel. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Revised Final Pretrial Order - Patent, which can be found on the Court's website (www.ded.uscourts.gov), on or before **February 16, 2018**. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order. /LPS/

The parties shall provide the Court two (2) courtesy copies of the joint proposed final pretrial order and all attachments.

As noted in the Revised Final Pretrial Order - Patent, the parties shall include in their joint proposed final pretrial order, among other things:

   a. <u>a request for a specific number of *hours* for their trial presentations</u>, as well as a requested number of days, based on the assumption that in a typical jury trial day (in which there is not jury selection, jury instruction, or deliberations), there will be 5 ½ to 6 ½ hours of trial time, and in a typical bench trial day there will be 6 to 7 hours of trial time;

   b. <u>their position as to whether the Court should allow objections to efforts to impeach a witness with prior testimony</u>, including objections based on lack of completeness and/or lack of inconsistency;

   c. <u>their position as to whether the Court should rule at trial on objections to expert testimony</u> as beyond the scope of prior expert disclosures, taking time from the parties' trial presentation to argue and decide such objections, or defer ruling on all such objections unless renewed in writing following trial, subject to the proviso that a party prevailing on such a post-trial objection will be entitled to have all of its costs associated with a new trial paid for by the party that elicited the improper expert testimony at the earlier trial; and

   d. <u>their position as to how to make motions for judgment as a matter of law</u>, whether it be immediately at the appropriate point during trial or at a subsequent break, whether the jury should be in or out of the courtroom, and whether such motions may be supplemented in writing.

22.   <u>Motions *in Limine*</u>. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each ***SIDE*** shall be limited to three (3) *in limine* requests to be served on **January 19, 2018**, unless otherwise permitted by the Court. The *in limine* request and any response (to be served on **February 2,**

**2018**) shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument and may be opposed by a maximum of three (3) pages of argument, and the side making the *in limine* request may add a maximum of one (1) additional page in reply (to be served on **February 9, 2018**) in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

23. <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms three (3) business days before the final pretrial conference. This submission shall be accompanied by a courtesy copy containing electronic files of these documents, in WordPerfect or Microsoft Word format, which may be submitted by e-mail to Judge Stark's staff.

24. <u>Trial</u>. This matter is scheduled for a 7 day jury trial beginning at 9:30 a.m. on [the parties propose March ~~__~~, 2018] ✓April 16, 2018, with the subsequent trial days beginning at 9:00a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. *LOB* The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

25. <u>Judgment on Verdict and Post-Trial Status Report</u>. Within seven (7) days after a jury returns a verdict in any portion of a jury trial, the parties shall jointly submit a form of order to enter judgment on the verdict. At the same time, the parties shall submit a joint status report,

15

indicating among other things how the case should proceed and listing any post-trial motions each party intends to file.

26. <u>Post-Trial Motions</u>. Unless otherwise ordered by the Court, all **SIDES** are limited to a maximum of 20 pages of opening briefs, 20 pages of answering briefs, and 10 pages of reply briefs relating to any post-trial motions filed by that side, no matter how many such motions are filed.

_____
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE