IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTEGRA LIFESCIENCES CORP., <br> INTEGRA LIFESCIENCES SALES LLC, <br> CONFLUENT SURGICAL, INC., and <br> INCEPT LLC, <br><br> Plaintiffs, <br><br> v. <br><br> HYPERBRANCH MEDICAL <br> TECHNOLOGY, INC., <br><br> Defendant. | C.A. No. 15-819 (LPS) (CJB) |

**HYPERBRANCH MEDICAL TECHNOLOGY, INC.'S LETTER TO THE
HONORABLE CHRISTOPHER J. BURKE SEEKING AN ORDER COMPELLING
<u>PLAINTIFFS TO PROVIDE SUFFICIENT INTERROGATORY RESPONSES</u>**

OF COUNSEL:

Jonathan G. Graves
Stephen C. Crenshaw
COOLEY LLP
One Freedom Square
Reston Town Center
11951 Freedom Drive
Restin, VA 20190
(703) 456-8000

Adam M. Pivovar
COOLEY LLP
1299 Pennsylvania Avenue, NW,
Suite 700
Washington, DC 20004
(202) 842-7889

November 28, 2016

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Thomas C. Grimm (#1098)
Jeremy A. Tigan (#5239)
Stephen J. Kraftschik (#5623)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
tgrimm@mnat.com
jtigan@mnat.com
skraftschik@mnat.com

*Attorneys for HyperBranch Medical
Technology, Inc.*

Dear Judge Burke:

I write on behalf of Defendant HyperBranch Medical Technology, Inc. ("HyperBranch") regarding discovery disputes involving Plaintiffs' insufficient interrogatory responses with respect to the inventions claimed and asserted in this litigation.  Pursuant to the Court's Oral Order of November 23, 2016, HyperBranch submits the following letter seeking a Court Order compelling Plaintiffs to comply with their discovery obligations and to provide sufficient responses on a claim-by-claim basis to HyperBranch's Interrogatories Nos. 1 and 2 regarding conception and priority of the inventions claimed in the Patents-in-Suit.  Because Plaintiffs' responses to these interrogatories have a direct bearing on HyperBranch's selection of a reduced number of prior art references – due under the current scheduling order on December 18, 2016 -- HyperBranch requests that Plaintiffs be required to provide supplemental responses by December 9, 2016.

A patent claim is invalid over prior art that anticipates or renders obvious all elements of the claim.  All art that was published before the filing date of an application giving rise to a patent is presumptively prior art, until a patentee proves entitlement to an earlier date.  In some circumstances, a patentee can attempt to overcome invalidity based on prior art by alleging an earlier date of invention and/or an earlier priority date than the presumed filing date. Accordingly, HyperBranch has sought through Interrogatory Nos. 1 and 2 Plaintiffs' positions regarding the conception and priority of the inventions claimed in the patents-in-suit.  (*See* Ex. 1 at 5, 8.)

In order to establish an earlier date of invention to negate the prior art status of an invalidating reference, the patentee must prove through corroborating evidence that each and every aspect of a particular patent claim was conceived prior to the date of publication of the reference:

> Conception is the touchstone of inventorship, the completion of the mental part of invention. *Sewall v. Walters*, 21 F.3d 411, 415 (Fed. Cir. 1994). It is "the formation in the mind of the inventor, of a definite and permanent idea of the complete and operative invention, as it is hereafter to be applied in practice." *Hybritech Inc. v. Monoclonal Antibodies, Inc.*, 802 F.2d 1367, 1376 (Fed. Cir. 1986) (citation omitted). Conception is complete only when the idea is so clearly defined in the inventor's mind that only ordinary skill would be necessary to reduce the invention to practice, without extensive research or experimentation. *Sewall*, 21 F.3d at 415; *see also Coleman v. Dines*, 754 F.2d 353, 359 (Fed. Cir. 1985) (conception must include every feature of claimed invention). Because it is a mental act, courts require corroborating evidence of a contemporaneous disclosure that would enable one skilled in the art to make the invention. *Coleman*, 754 F.2d at 359.

*Burroughs Wellcome Co. v. Barr Labs., Inc.*, 40 F.3d 1223, 1227-28 (Fed. Cir. 1994).  "Because co-inventors need not 'make a contribution to the subject matter of every claim of the patent, 35 U.S.C. § 116, ***inventorship is determined on a claim-by-claim basis***."  *Trovan, Ltd. v. Sokymat SA, Irori*, 299 F.3d 1292, 1302 (Fed. Cir. 2002) (emphasis added).

Because contributions to the conception of an invention are determined on a claim-by-claim basis, HyperBranch served Interrogatory No. 1 on September 23, 2016, seeking Plaintiffs' positions on a claim-by-claim basis regarding who contributed to the conception of the claimed invention and all supporting facts and evidence which Plaintiffs contend corroborate the purported contributions. (*See* Ex. 1 at 5.) Instead of providing an answer to the interrogatory on a claim-by-claim basis for each asserted claim of the six Patents-in-Suit, Plaintiffs instead gave the ambiguous and evasive answer that "Chandrashekhar P. Pathak, Amarpreet S. Sawhney, and Peter G. Edelman contributed to the conception of one or more claims of the '034 Patent, the '406 Patent, the '5,705 Patent, the '566 Patent and the '418 Patent. Plaintiffs further respond that based on present information Amarpreet S. Sawhney, Steven Bennett, and Peter G. Edelman contributed to the conception of one or more claims of the '3,705 Patent." (*See* Ex. 1 at 7.) Plaintiffs' response to Interrogatory No. 1 is deficient because it does not identify who specifically contributed to the conception of the claims on a claim-by-claim basis as is required under the law of inventorship and as explicitly sought by the interrogatory.

Plaintiffs' response to HyperBranch's Interrogatory No. 2 seeking the priority date on a claim-by-claim basis for the asserted claims fares no better. Plaintiffs generically responded that "the effective filing date for many of the limitations found in the claims of the patents-in-suit may extend back to at least as early as December 4, 1998 and possibly as early as September 23, 1996." (*See* Ex. 1 at 9-10.) That is not a response at all because it does not provide any specific priority date identification on a claim-by-claim basis and leaves the door open for Plaintiffs to later surprise HyperBranch with assertions and evidence supporting an earlier priority date than the presumptive listed filing date. *See, e.g., Invacare Corp. v. Sunrise Med. Hldgs.*, C.A. No. 04-1439, 2005 WL 1750271, at *3-4 (N.D. Ohio 2005) ("Plaintiff's responses are essentially non-responses in that they entirely leave open the critical time period, *i.e.*, the earliest date on which the invention was conceived and reduced to practice.").

Under similar circumstances, this Court has ordered patent owners to supplement interrogatory responses seeking information related to conception and priority dates on a claim-by-claim basis. *See* Hr'g Tr. in *CallWave Commc'ns v. AT&T Mobility*, C.A. No. 12-1701-RGA (D. Del. Oct. 30, 2014) (ordering plaintiffs to supplement response to interrogatory asking for priority date on a claim-by-claim basis) (attached as Ex. 4). For example, in the *CallWave* Order, Judge Andrews compelled the patentee to "provide answers specifying what the conception and priority dates are, or conception and reduction to practice priority dates. If you can't do any better than you've done so far, then it will be the date the patent application was filed . . . ." (*See* Ex. 4 at 15:14-16:24.) Judge Andrews supported his decision by noting that the inventors were cooperating with plaintiffs: "the inventors are people that you have contact with." (*Id.* at 16:18-19.) The same holds true here in that Plaintiffs' counsel already represents all of the named inventors in this litigation.

Indeed, Plaintiffs have never asserted that they are unable to provide answers on a claim-by-claim basis to HyperBranch's Interrogatories Nos. 1 and 2. Instead, Plaintiffs have asserted that they have no obligation to provide adequate claim-by-claim responses to the interrogatories because they are "rebuttal contention" interrogatories and that the questions of who contributed to the conception of the claims and priority have not been put into dispute. (*See* Ex. 2 at 1; Ex. 3

2

at 1.)  Neither of these positions justifies Plaintiffs' refusal to provide legitimate claim-by-claim answers to Interrogatory Nos. 1 and 2.

First, there can be no dispute that the information sought in the presently disputed interrogatories is relevant, discoverable information.  As explained in *McKesson Info. Solutions LLC v. Epic Sys. Corp.*, "[b]ecause the threshold question of whether the prior art is in fact 'prior' depends upon the . . . patent's priority date, the information [defendant] seeks . . . is unquestionably relevant to a 'claim or defense,' and thus [plaintiff] may not refuse to produce it." 242 F.R.D. 689, 692 (N.D. Ga. 2007).  Additionally, because invention of a claim requires a complete conception of every limitation of the claim, the date of invention cannot pre-date the contribution to the conception of a claimed invention by any of the named inventors.  Hence, the identification on a claim-by-claim basis of the individuals who contributed to the conception of a given claim is necessarily directly related to the date of invention.

Second, HyperBranch's invalidity contentions have placed the priority date of every asserted claim in dispute by identifying references that are prior art under at least 35 U.S.C. §§ 102(a), 102(b) and/or 102(e) under the presumptive priority date for the asserted claims.  Plaintiffs cannot therefore contend that the burden of establishing a priority date earlier than the presumptive filing date of the Patents-in-Suit has not been shifted to Plaintiffs at this point in time.  Consistent with how this Court resolved the same issues in the *CallWave* cases, Plaintiffs here should be required to supplement their interrogatory responses by December 9, 2016, to identify the individuals who contributed to the conception and the asserted priority date for the asserted claims on a claim-by-claim basis or be held to the presumptive date the patent applications were filed with respect to priority.  (*See* Ex. 4 at 15:23-24.)

            Respectfully,

            */s/ Thomas C. Grimm*

            Thomas C. Grimm (#1098)

TCG/dla
Enclosures
cc: Clerk of the Court (by hand, w/encls.)
   Counsel of Record (by CM/ECF, w/encls.)