**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| INTEGRA LIFESCIENCES CORP., INTEGRA LIFESCIENCES SALES LLC, CONFLUENT SURGICAL, INC., and INCEPT LLC, | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No. 15-819-LPS-CJB |
| HYPERBRANCH MEDICAL TECHNOLOGY, INC., | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

At Wilmington this **9th day of December, 2016**.

**WHEREAS**, the Court has considered the parties' letter submissions, (D.I. 198, 204), relating to Plaintiffs Integra LifeSciences Corp., Integra LifeSciences Sales LLC, Confluent Surgical, Inc. and Incept LLC's (collectively referred to herein as "Plaintiffs") pending discovery-related motion, (D.I. 200);

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

1. With regard to Plaintiffs' request that the Court enter an order requiring Defendant HyperBranch Medical Technology, Inc. ("Defendant" or "HyperBranch") to supplement its initial invalidity contentions by identifying the limitations allegedly not meeting one or more portions of 35 U.S.C. § 112 ("Section 112") and further identifying the specific portion of Section 112 allegedly not met by each limitation, (D.I. 198 at 2; D.I. 198-1 ("Plaintiffs' Proposed Order") at ¶ 1a), the Court GRANTS the request. As they stand now, Defendant's invalidity contentions simply list over 138 limitations that Defendant contends

"render the Asserted Claims invalid under [Section] 112." (D.I. 198, ex. 1 at 9-15) As Plaintiffs accurately note, the purpose of the timing of Plaintiffs' deadline to make an initial narrowing of asserted claims from 105 to 36[1] "was to allow Plaintiffs a few weeks to review Defendant's initial invalidity contentions and thereby minimize the prejudice to Plaintiffs that would result if Plaintiffs were forced to narrow the number of asserted claims in a vacuum without the benefit of that knowledge." (D.I. 198 at 1) While Defendant need not provide a detailed description for each such limitation, given that these are initial contentions with a significant number of claims (105) at issue, Plaintiffs are entitled to know, at minimum, the specific part of Section 112 that HyperBranch contends is not met for the relevant limitations, based on information known to HyperBranch at the current (pre-claim construction) phase of the case. This in turn will allow Plaintiffs to "meaningfully consider [Defendant's] invalidity contentions prior to narrowing the number of asserted claims at issue in this case[.]" (*Id.* at 2) The Court therefore ORDERS that by no later than December 16, 2016, HyperBranch shall supplement its initial invalidity contentions as they relate to contentions regarding Section 112 by identifying the limitations allegedly not meeting one or more portions of Section 112 and further identifying the specific portion of Section 112 allegedly not met by each limitation. *Cf. Parker Compound Bows, Inc. v. Hunter's Mfg. Co., Inc.*, Civil Action No. 5:14cv00004, 2016 WL 617464, at *17 n.14 (W.D. Va.

---

[1] Plaintiffs initially asserted 105 claims against Defendant. (*See, e.g.*, D.I. 204 at 1) The Court entered a schedule requiring Defendant to submit its initial invalidity contentions by November 4, 2016, and requiring Plaintiffs to serve their Preliminary Election of no more than 36 asserted claims a few weeks later, on November 28, 2016. (*See* D.I. 173 at ¶ 7(d); Court's September 2, 2016 Oral Order) Plaintiffs complied with that order by serving Defendant with a Tentative Election of 36 asserted claims on November 28, 2016, (*see* D.I. 201), though they seek leave to amend their election within a reasonable time after receiving any supplemental responses ordered by the Court in connection with this discovery dispute, (D.I. 198 at 4).

Feb. 12, 2016) ("The amended scheduling order required Parker to serve on TenPoint its Preliminary Invalidity [] Contentions, which were to include '[a]ny grounds of invalidity based on 35 U.S.C. § 112, including invalidity contentions based on written description, enablement, and/or indefiniteness and/or best mode.'"); *Pac. Biosci. Labs., Inc. v. Nutra Luxe MD, LLC*, CASE NO. C10-0230JLR, 2012 WL 12845899, at *2 (W.D. Wash. July 31, 2012) ("[T]he court issued its standing order for patent cases . . . requiring Nutra to serve 'Preliminary Invalidity Contentions,' including 'any grounds for invalidity based on indefiniteness, enablement, or written description under [Section] 112.'").

2. With regard to Plaintiffs' request that the Court enter an order requiring Defendant to supplement its initial invalidity contentions by identifying the actual pieces of prior art Defendant relies upon in its invalidity contentions (as opposed to references that are merely directed to the state of the art), (D.I. 198 at 1-2; Plaintiffs' Proposed Order at ¶ 1(b)), the Court GRANTS the request. Defendant's initial invalidity contentions list 420 references, "each of which constitutes prior art . . . and/or evidences the state of the prior art, alone or in combination[.]" (D.I. 198, ex. 1 at 21) To the extent any such references merely evidence the state of the art and are not being relied upon as prior art with respect to the 105 claims at issue, Defendant should be aware of that at this time, and such information may help shed further light on Defendant's actual invalidity contentions. The Court therefore ORDERS that by no later than December 16, 2016, to the extent any of the references identified in Defendant's initial invalidity contentions are asserted to merely describe the "state of the art," and are not being relied upon as prior art by Defendant, Defendant shall identify any such references.

3. With regard to Plaintiffs' request that the Court enter an order requiring

Defendant to supplement its initial invalidity contentions regarding 35 U.S.C. § 102 ("Section 102") and 35 U.S.C. § 103 ("Section 103") by identifying "the actual Section 102 and 103 allegations (including all combinations and specific motivations for combining references for each specific claim) alleged to invalidate each specific claim including an exemplary identification of the portion of the reference allegedly teaching or describing each limitation[,]" (Plaintiffs' Proposed Order at ¶ 1(c); *see also* D.I. 198 at 1-3), the Court GRANTS-IN-PART the request. On the one hand, the Court: (1) agrees with Defendant that the 105 claims initially asserted in this case is a significant number of claims; (2) understands that there is some overlap across the 105 claims; and (3) finds that Defendant's 129-page invalidity chart attached to its initial invalidity contentions (which "detail[s] how approximately two dozen pieces of prior art meet all claim limitations present in the 105 asserted claims") should provide Plaintiffs with some meaningful insight as to Defendant's invalidity positions (as should the invalidity-related arguments Defendant made during the preliminary injunction phase of the case, as well as Defendant's September 16, 2016 Petition for *Inter Partes* Review of one of the asserted patents, United States Patent No. 7,009,034, which is incorporated by reference into its initial invalidity contentions). (D.I. 204 at 1; *see also* D.I. 198, ex. 1 at 32; *id.*, ex. A) On the other hand, the Court has some sympathy for Plaintiffs' position that Defendant's initial invalidity contentions regarding Section 102 and Section 103 could be more fulsome, in that they do not, for example, provide any hint as to which references may render the claims anticipated versus which references may render the claims obvious. (D.I. 198 at 1-3) Such information would allow Plaintiffs to more meaningfully consider Defendant's invalidity contentions prior to narrowing the number of asserted claims at issue in this case. The Court therefore ORDERS that

by no later than December 16, 2016, HyperBranch shall supplement its initial invalidity contentions by identifying which claims it contends are anticipated, as well as the corresponding allegedly anticipatory reference(s).[2]

4. With regard to Plaintiffs' request that the Court enter an order requiring Defendant to supplement its response to Plaintiffs' Interrogatory No. 1 by identifying the "limitation allegedly not present in the Accused Products (as opposed to the current identification of limitations either not present or invalid under Section 112)[,]" (Plaintiffs' Proposed Order at ¶ 2(a); *see also* D.I. 198 at 3), the Court GRANTS the request. The Court agrees with Plaintiffs that Defendant's current response, which "mixes invalidity and noninfringement without distinguishing between the two[,]" is deficient. (D.I. 198 at 3) Defendant notes that "due to the extensive overlap and shared limitations across the 105 asserted claims, HyperBranch's positions during the preliminary injunction phase apply across many claims." (D.I. 204 at 2) Defendant should therefore be in a position to assert its non-infringement position on a claim-by-claim basis, including an articulation of how the non-infringement positions it set out during the earlier phase of this case apply across all relevant claims at issue, if applicable. That is the information requested by Plaintiffs' Interrogatory No. 1, and Plaintiffs should not be required to piece this together on their own. The Court therefore ORDERS that by no later than December 16, 2016, HyperBranch shall supplement its Response to Plaintiffs' Interrogatory No. 1 by identifying the limitation(s) allegedly not present in the Accused Products on a claim-by-claim basis.

5. With regard to Plaintiffs' request that the Court enter an order requiring

---

[2] It can then be understood that Defendant relies upon combinations of the remaining references (as well as perhaps certain of the allegedly anticipatory references) as resulting in obviousness of the asserted claims.

Defendant to supplement its response to Plaintiffs' Interrogatory No. 3 by identifying "any alleged substantial non-infringing use for the Accused Products presently known to Defendant[] or stat[ing] that there is no substantial non-infringing use of the Accused Products" (with such supplemental response not precluding "Defendant from timely supplementing its response to identify new or additional alleged substantial non-infringing uses for the Accused Products as discovery proceeds"), (Plaintiffs' Proposed Order at ¶ 2(b)), the Court GRANTS the request. Plaintiffs have alleged contributory infringement of the asserted patents, (D.I. 1 at ¶¶ 47-53), have served a contention interrogatory relevant to that allegation, and "may obtain discovery regarding any nonprivileged matter that is relevant to [their] claim[s][,]" Fed. R. Civ. P. 26(b)(1). Defendant has not cited to any caselaw that would support its position that Plaintiffs must first make a further "specific allegation" with respect to non-infringing uses before HyperBranch is required to provide a "specific response." (D.I. 204 at 3) The Court therefore ORDERS that by no later than December 16, 2016, Defendant shall supplement its response to the interrogatory by identifying any alleged substantial non-infringing use for the Accused Products presently known to Defendant or stating that there is no substantial non-infringing use of the Accused Products (with such supplemental response not precluding Defendant from timely supplementing its response to identify new or additional alleged substantial non-infringing uses for the Accused Products as discovery proceeds).

6. With regard to Plaintiffs' request that the Court enter an order requiring Defendant to supplement its response to Plaintiffs' Interrogatory No. 8 by identifying "any instruction currently known not followed by [] any users of the product and provid[ing] other known details" (with such supplemental response not precluding Defendant "from timely

supplementing its response to identify new or additional instructions for the Accused Products that are not followed by actual users as discovery proceeds"), (Plaintiffs' Proposed Order at ¶ 2(c)), the Court GRANTS the request. Defendant's current response states in part that "[i]nformation disclosed during the preliminary injunction phase of this action indicates individuals that have used the products in a manner not consistent with the Instructions for Use provided by HyperBranch[,]" without any further elucidation as to the specifics of any such circumstances. (D.I. 198, ex. 2 at 31) The Court therefore ORDERS that by no later than December 16, 2016, Defendant shall supplement its response to the interrogatory by either (1) producing a narrative response that provides a description of the information Defendant is referring to above; or (2) citing to documents that have been produced that identify the referenced information.

7. The Court hereby ORDERS that within five business days of receiving the supplemental responses from Defendant ordered above, Plaintiffs shall serve their revised Preliminary Election of Asserted Claims, identifying no more than 36 claims across all patents-in-suit, and that in doing so, Plaintiffs may substitute or amend certain of the claims that they tentatively identified on November 28, 2016. Furthermore, by no later than this same date, to the extent other deadlines are impacted by this Memorandum Order and need to be extended (such as Defendant's deadline to serve a Preliminary Election of Asserted Prior Art), the Court hereby ORDERS the parties to meet and confer and to submit a joint proposed Stipulation with respect to these deadlines.

8. Because this Memorandum Order may contain confidential information, it has been released under seal, pending review by the parties to allow them to submit a single, jointly

proposed, redacted version (if necessary) of the Memorandum Order. Any such redacted version shall be submitted no later than **December 16, 2016** for review by the Court, along with a motion for redaction that includes a clear, factually-detailed explanation as to why disclosure of any proposed redacted material would "work a clearly defined and serious injury to the party seeking closure." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) (internal quotation marks and citation omitted). The Court will subsequently issue a publicly-available version of its Memorandum Order.

Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE