IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTEGRA LIFESCIENCES CORP., <br> INTEGRA LIFESCIENCES SALES LLC, <br> CONFLUENT SURGICAL, INC., and <br> INCEPT LLC, <br><br> Plaintiffs, <br><br> v. <br><br> HYPERBRANCH MEDICAL <br> TECHNOLOGY, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. 15-819-LPS-CJB |

## MEMORANDUM ORDER

Pending before the Court is Plaintiffs Integra LifeSciences Corp., Integra LifeSciences Sales LLC, Confluent Surgical, Inc. and Incept LLC's (collectively, "Plaintiffs") Motion for Leave to File Amended Complaint ("Motion"), filed pursuant to Federal Rule of Civil Procedure 15(a)(2). (D.I. 226) Defendant HyperBranch Medical Technology, Inc. ("HyperBranch" or "Defendant") opposes the Motion.

Leave to amend a pleading should be freely granted when justice so requires. Fed. R. Civ. P. 15(a)(2). However, a court may deny leave to amend, *inter alia*, when to grant such a motion would cause "substantial or undue prejudice to the non-moving party" (here, Defendant), such as where "allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories" in a manner that would amount to a "hardship[.]" *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). For the reasons set out below, the Court concludes that permitting amendment at this stage would cause substantial and undue prejudice to Defendant.

First, Defendant (indeed, all parties, and the Court) has spent substantial time and effort attempting to address and narrow the issues in what is already a large, complex matter. This is a six-patent case, one that involves complicated chemical technologies. The case has to date generated a significant (and much higher than average) number of legal skirmishes (even for a patent litigation matter). (*See, e.g.*, D.I. 164 at 12) Since the Complaint was filed 17 months ago in September 2015, the parties have proceeded through a lengthy and involved preliminary injunction phase, which required: (1) the production of significant amounts of documents, including from third parties; (2) provision of invalidity and noninfringement contentions; (3) a number of fact witness depositions; (4) expert discovery; (5) the resolution of numerous scheduling and discovery disputes; and (6) a hearing on the preliminary injunction motion, which resulted in the Court recommending denial of that motion. (D.I. 229 at 1, 3) After Plaintiffs' preliminary injunction motion was denied, a schedule was entered five months ago, in September 2016. (D.I. 173) Thereafter, the parties have expended more time on discovery (and on discovery disputes), have narrowed the number of claims and references at issue, and are currently in the midst of claim construction briefing (involving 20 disputed claim terms). (*Id.*) Having spent significant energy attempting to grapple with and narrow down the key issues in what is already a substantial matter, Defendant would be harmed by the addition now of even more claims/patents to the case.

Second, the additions in the proposed Amended Complaint are not minor. Plaintiffs wish to add claims of infringement regarding two new patents, which would make this an eight-patent case. It is true, as Plaintiffs note, that there is overlap between the operative Complaint and the proposed Amended Complaint, including the fact that the parties are the same in both,

2

and both focus on the same accused product. (D.I. 224 at 1-2) But the two new patents have different inventors than do the other six patents-in-suit, and they implicate mechanical spray assemblies that were not directly at issue as to the claims of infringement regarding the other six patents. (*Id.*, ex. 1 at ¶¶ 11-18; D.I. 229 at 1, 3) Defendant is, relatedly, also understandably concerned with how a jury will be able to grasp its arguments at trial, were a case as large as this to become ever larger after amendment.

Third, were the Motion granted, this would surely do violence to the current case schedule. Plaintiffs filed the Motion on the last day they were permitted to do so under the Scheduling Order. (D.I. 173 at ¶ 2; D.I. 224) And the addition of the new patents will no doubt necessitate significant additional fact and expert discovery, claim construction and discovery dispute proceedings, and dispositive motion practice. (D.I. 229 at 3); *cf. Semiconductor Energy Lab. Co., Ltd. v. Sanyo N. Am. Corp.*, No. C.A. 00-018-GMS, 2001 WL 194303, at *3-4 (D. Del. Feb. 22, 2001) (denying a motion to amend to add claims as to two new patents, where the motion was filed 12 months into the case and three months after the deadline for filing motions for leave to amend, and where the addition of the two patents would necessitate further discovery and an alteration to the case schedule). The current trial date would surely be lost, and the case schedule would no doubt need to be pushed back by many months (at least). Defendant opposes such delay in having this matter resolved. (D.I. 229 at 3-4)

For all of these reasons, the Court finds that to grant the Motion would cause substantial and undue prejudice to Defendant. *Cf. Wi-LAN Inc. v. Sharp Elecs. Corp.*, Civil Action No. 15-379-LPS, (D.I. 60) (D. Del. June 10, 2016) (denying a motion for leave to amend to add three new parties that was filed on the last day permitted by the scheduling order, *inter alia*, because

"allowing the proposed amendment would unduly delay this case . . . unfairly prejudicing Defendants"); *Howard Found. Holdings, Ltd. v. Int'l Vitamin Corp.*, Civil Action No. 12-35-RGA, (D.I. 62) (D. Del. Jan. 28, 2013) (denying a motion seeking leave to amend to add new defendants that was filed on the last day permitted by the scheduling order, as to grant the motion would "necessitate a lengthy postponement in the case" causing "disruption and delay[,]" and where the parties were already in the midst of the claim construction process). The Motion is therefore DENIED.

Date: February 16, 2017

_____
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE