

**WILMINGTON**
RODNEY SQUARE

**NEW YORK**
ROCKEFELLER CENTER

**Karen L. Pascale**
P 302.571.5001
F 302.576.3516
kpascale@ycst.com

June 30, 2017

**VIA E-FILING AND HAND DELIVERY**

The Honorable Christopher J. Burke
United States District Court
844 King Street
Wilmington, DE 19801

      Re: *Integra LifeSciences Corp., et al. v. HyperBranch Medical Tech., Inc.*, C.A. No.15-819-LPS-CJB

Dear Judge Burke:

      Pursuant to the Court's Oral Order of June 12, 2017, and in anticipation of the discovery dispute conference to be held on July 12, 2017 at 10:00 AM in Courtroom 2A, Plaintiffs Integra LifeSciences Corp., Integra LifeSciences Sales LLC, Confluent Surgical, Inc. and Incept LLC ("Plaintiffs") respectfully request the Court's assistance with forcing Defendant, HyperBranch Medical Technology, Inc.'s ("Defendant") to comply with this Court's previous order regarding Defendant's Final Invalidity Contentions. Contrary to this Court's previous order, Defendant has submitted more than 310 total prior art grounds of invalidity contentions spanning over 3700 of the 3815 total pages of Defendant's final invalidity contentions that fail to provide any real or useful notice of the invalidity defenses it will pursue from this point forward for dispositive motion practice and trial.

      On August 29, 2016 the parties set forth their proposals for the final invalidity contentions (among other issues) as part of the Court-ordered party submissions with respect to the proposed scheduling order. As part of these submissions, the parties jointly submitted the following contentions where the Defendant acknowledged necessary limits on its final invalidity contentions:

> f. By **May 5, 2017**, Defendant shall provide final invalidity contentions, [Plaintiffs: limited to 3 invalidity defenses per asserted claim.] [Defendant: limited to 5 prior art grounds per asserted claim, and totals of 20 prior art references and 32 total prior art grounds (anticipation and/or obviousness).]

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Honorable Christopher J. Burke
June 30, 2017
Page 2

(*See* D.I. 170).  The Court considered the parties submissions, and provided its determination of the proper limits of the final invalidity contentions on September 2, 2016[1] as follows:

> f. By May 5, 2017, Defendant shall provide final invalidity contentions, [Plaintiffs: limited to 3 invalidity defenses per asserted claim.] [Defendant: limited to 5 prior art grounds per asserted claim, and totals of 20 prior art references limited to ~~and 32~~ 24 total prior art grounds (anticipation and/or obviousness).] *CJB*

(*See* D.I. 173, p. 4).

Defendant's present invalidity contentions, however, fail to comply with: (1) its own position of reasonable limits on the final invalidity contentions; (2) the Court's limits set forth in the above scheduling order; and (3) the spirit of this Court's Revised Procedures for Managing Patent Cases.  Thus, Plaintiffs respectfully request that this Court order Defendant to limit its total prior art contentions (anticipation and/or obviousness) to the "24 total prior art grounds," as previously ordered by this Court, and further be limited to 18 additional invalidity contentions based on 35 U.S.C. §112  Defendant will not be prejudiced at trial by being restricted at this late stage to a total of 42 invalidity contentions, including the 24 total prior art grounds ordered by this Court, since all fact discovery has been completed.

Contrary to the Court's order limiting Defendant to 24 total prior art invalidity contentions, Defendant provided 3,815 pages of final invalidity contentions consisting of more than 310 total prior art invalidity contentions (anticipation and/or obviousness) directed at the asserted 18 claims  (on average more than 17 prior art invalidity contentions per claim).  For example, on just the '034 patent, Defendant's final invalidity contentions consist of 21 total prior art invalidity contentions against claim 4; 21 total prior art invalidity contentions against claim 5; 21 total prior art invalidity contentions against claim 10; and 21 total prior art invalidity contentions against claim 20 for a total of 84 prior art invalidity contentions against the '034 patent alone.  For the asserted claims of the '034 patent, this is more than four times the number of prior art ground per asserted claim that Defendant proposed to be a reasonable limit to its final invalidity contentions when the parties met and conferred regarding the scheduling order.  Further, Defendant's Final Invalidity Contentions contain invalidity defenses under 35 U.S.C. § 112 that take more than 47 pages just to list and easily number in hundreds of additional defenses.  For example, on just the above four asserted claims of the '034 patent, Defendant's Final Invalidity Contentions identify more than 95 total Section 112 invalidity defenses (*e.g.*,

---

[1] The due date for the Final Invalidity Contentions was modified through additional revisions to the Scheduling Order (*See, e.g.*, as modified by the Court's Oral Order of October 28, 2016 and as further modified by the Court's Order of December 21, 2016 adopting the parties' Stipulation to Amend Scheduling Order (D.I. 217)), but the substantive limit on the Final Invalidity Contentions has not changed.

Young Conaway Stargatt & Taylor, LLP
Honorable Christopher J. Burke
June 30, 2017
Page 3

more than 23 per asserted claim).  Defendant has clearly violated the Court's order in an attempt to hide the ball as to the realistic number and identity of the invalidity contentions it will be moving forward on during trial.

This effort at obfuscation and delay is even more egregious considering that Defendant has alleged as part of its Final Invalidity Contentions that all asserted claims of the '034 patent are anticipated by Rhee '500 and Rhee '587 including those asserted claims (claims 4, 5, and 10) on which Defendant filed a Request for Inter Partes Review.  Notably, the Board declined to even institute an inter partes review based on Defendant's allegations regarding the Rhee '500 and Rhee '587 patents using a claim construction that is the broadest reasonable construction.  Defendant's failure to acknowledge the Board's decision to not institute an Inter Partes Review in drafting its Final Invalidity Contentions underscores Defendant's efforts to avoid a meaningfully compliance with the Court's order that final invalidity contentions on anticipation and obviousness are "limited to 24 prior art grounds."

Courts faced with voluminous invalidity contentions that fail to comply with the local rules or orders of the Court have stricken the offending contentions. In *Saffran v. Johnson & Johnson*, 2009 WL 8491495 (No. 2:07-CV-0451, E.D. Tex. Feb. 24, 2009), for example, the Court found that almost 800 pages of invalidity contentions "do not put the plaintiffs on real or useful notice [of the information its adversary anticipates using at trial]" and were "an attempt to end run the rules."  *Saffran v. Johnson & Johnson,* 2009 WL 8491495, *1 (No. 2:07-CV-0451, E.D. Tex. Feb. 24, 2009).  Further, this Court has similarly limited a defendant's final prior art contentions to a reasonable number per claim.  *See e.g., Vehicle IP, LLC v. Werner Enterprises, Inc.*, C.A. No. 10-503-SLR (D. Del Sept. 9, 2013) (D.I. 203 at ¶ 5 on p. 4, noting that the court had ordered defendant to limit the number of prior art references or combinations per asserted claim).[2]

Here, as in *Saffran,* Defendant's invalidity contentions do not comply with the letter or spirit of the Scheduling Order and do not place Plaintiffs on real or useful notice of Defendant's invalidity contentions that it anticipates using at trial.  Like *Saffron,* Defendant's contentions contain little more than hundreds of quotations from various references, barely contextualized by Defendant's voluminous 110-page brief.  This Court's Revised Procedures for Managing Patent Cases provides that the Court is "highly receptive to reasonable proposals to reduce, at an appropriate stage or stages of a case, the number of: patents-in-suit, asserted claims, accused products, invalidating references, combinations of invalidating references, invalidity defenses, and claim construction disputes" so that "litigation proceeds efficiently."  The Court has limited Defendant to 24 invalidity contentions to be used among the 18 asserted claims because the Court recognized that such a number would help manage the case at trial.  The Court should

---

[2] Although the transcript of the conference in which the court set the limit is not available, it appears from correspondence between counsel that the court's limit was 2-3 prior art references per asserted claim.  *See* D.I. 126 in C.A. No. 10-503-SLR at Exhibit 8, page 118 of 178 ("The court said we were to provide to you . . . a reduction in the number of prior references . . .to a list limited to 2-3 per claim.")

Y OUNG C ONAWAY S TARGATT & T AYLOR, LLP
Honorable Christopher J. Burke
June 30, 2017
Page 4

similarly limit the number of invalidity defenses based on 35 USC §112 to prevent the abuse by Defendant evident in its Final Invalidity Contentions. Clearly, Defendant cannot present the totality of 3,815 pages of invalidity defenses at trial consisting of more than 310 prior art invalidity contentions and §112 defenses which take 47 pages to list

Plaintiffs respectfully request that this Court order Defendant to comply with this Court's prior order and provide real and useful notice of which 24 prior art grounds that Defendant plans to use at trial. Plaintiffs further request that the Court limit Defendants non-prior art invalidity grounds to a reasonable number (e.g., no more than 18 additional invalidity contentions). As this Court has already found in its Scheduling Order, limiting the number of contentions that Defendant is allowed to pursue at this stage of the case through trial will not prejudice Defendant, but will merely focus the issues in this case for trial. Plaintiffs request that Court require the Defendant's to comply with the letter and spirit of its previous orders.

Respectfully submitted,

*/s/ Karen L. Pascale*

Karen L. Pascale (#2903)

cc:  All Counsel of Record via CM/ECF

01:22080991.1