IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTEGRA LIFESCIENCES CORP., | ) | |
| INTEGRA LIFESCIENCES SALES LLC, | ) | |
| CONFLUENT SURGICAL, INC., and | ) | |
| INCEPT LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | C.A. No. 15-819 (LPS) (CJB) |
| v. | ) | |
| | ) | |
| HYPERBRANCH MEDICAL | ) | |
| TECHNOLOGY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**LETTER TO THE HONORABLE CHRISTOPHER J. BURKE FROM
THOMAS C. GRIMM IN RESPONSE TO PLAINTIFFS' DISCOVERY LETTER**

OF COUNSEL:

Jonathan G. Graves
COOLEY LLP
One Freedom Square
Reston Town Center
11951 Freedom Drive
Restin, VA 20190
(703) 456-8000

Adam M. Pivovar
James P. Hughes
Stephen C. Crenshaw
Nicholas G. Lockhart
COOLEY LLP
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004
(202) 842-7800

Scott A. Sukenick
COOLEY LLP
1114 Avenue of the Americas
New York, NY 10036-7798
(212) 497-6000

July 7, 2017

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Thomas C. Grimm (#1098)
Jeremy A. Tigan (#5239)
Stephen J. Kraftschik (#5623)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
tgrimm@mnat.com
jtigan@mnat.com
skraftschik@mnat.com

*Attorneys for HyperBranch Medical
Technology, Inc.*

Dear Judge Burke:

HyperBranch submits this letter in response to Plaintiffs' discovery letter dated June 30, 2017. Plaintiffs' belated assertions that HyperBranch has violated the Court's scheduling order regarding prior art invalidity contentions are baseless. Likewise, their untimely request for a new limitation on the number of additional invalidity grounds that HyperBranch may assert should be denied.

Plaintiffs accuse HyperBranch of attempting to "hide the ball", "delay" and "obfuscat[e]" regarding its prior art invalidity contentions. (*See* Plts' Letter Br. at 3.) The central premise of these inflammatory accusations—that HyperBranch "has submitted more than 310 total prior art grounds of invalidity contentions"—is simply not true. As shown by the excerpt below, HyperBranch's Final Invalidity Contentions expressly state that "HyperBranch's 24 Invalidity Grounds are:" and provide an express list of the prior art references for the grounds and the claims to which they apply:

these contentions. HyperBranch's 24 invalidity Grounds are:

| Final Ground Number | Original Ground Number | References Comprising Anticipation or Obviousness Ground (anticipation grounds are shaded) | Asserted Patent | Claims Rendered Invalid |
|---|---|---|---|---|
| 1. | 1 | U.S. 5,874,500 (Rhee) (and other related patents or applications with the same or similar disclosures) | 7,009,034 | 4, 5, 10, 20 |
| | | | 7,592,418 | 8, 23 |
| | | | 7,332,566 | 4, 9, 22 |
| | | | 6,566,406 | 23 |
| | | | 8,003,705 | 4, 6, 13 |
| | | | 8,535,705 | 1, 6, 7, 12, 17 |
| | | * * * | | |
| 23. | 41 | Davis, Emergency Nurse in combination with U.S. 5,874,500 (Rhee) | 7,009,034 | 4, 5, 10, 20 |
| | | | 7,592,418 | 8, 23 |
| | | | 8,003,705 | 4, 6, 13 |
| | | | 7,332,566 | 4, 9, 22 |
| 24. | 48 | U.S. 2007/0196454 (Stockman) | 8,003,705 | 4, 6, 13 |

(Ex. I at 90-92.)

It is hard to fathom a more direct and straightforward identification of the 24 prior art grounds.[1] In addition, HyperBranch supported its identified 24 prior art grounds with detailed

---

[1] Plaintiffs are now apparently interpreting "prior art ground" in the Court's scheduling order on a claim-by-claim basis. But, the language "per asserted claim" was not included in the Court's order—in fact, it was expressly deleted in lieu of a limited total number of prior art grounds. (*See* D.I. 173 at 4.) Additionally, Plaintiffs' apparent counting scheme is based on a tortured reading of the Court's order. Under Plaintiffs' view, the Court's scheduling order limits HyperBranch to only 1 1/3 prior art invalidity grounds per asserted claim (i.e., 24 grounds/18 claims = 1 1/3 grounds per claim). No reasonable litigant would conclude that the Court's order was meant to be read in way that imposes more stringent limits on HyperBranch's ability to

The Honorable Christopher J. Burke
July 7, 2017
Page 2

claim-by-claim and element-by-element invalidity charts, which were provided to Plaintiffs months ago with HyperBranch's supplemental contentions. (*See, e.g.*, Ex. J at 54 ("The charts attached as Exhibits B–G are provided in support of HyperBranch's 35 U.S.C. § 102 and 35 U.S.C. § 103 contentions. The charts address each element of the Asserted Claims, and identify representative, non-exhaustive disclosures from the references listed above.") and 55 ("The appended charts (Exhibits B–G) indicate, for each element of the Asserted Claims, at least one location in a cited prior art reference at which the limitations of a given claim element may be found."); *see also* Ex. J at 57-62 (identifying HyperBranch's 48 preliminary prior art grounds).) Plaintiffs' argument that HyperBranch has failed to provide notice of its prior art invalidity contentions is entirely without merit.

Notably, HyperBranch's disclosure of its 24 prior art invalidity grounds tracked the precise format that HyperBranch used over four months earlier in identifying the 48 original grounds pursuant to the Court's scheduling order:

| Ground Number | References Comprising Anticipation or Obviousness Ground (anticipation grounds are shaded) | Asserted Patent | Claims Rendered Invalid |
|---|---|---|---|
| 1. | U.S. 5,874,500 (Rhee) (and other related patents or applications with the same or similar disclosures) | 7,009,034 | 4, 5, 10, 20 |
| | | 7,592,418 | 1, 7, 8, 11, 22, 23, 26 |
| | | 7,332,566 | 1, 4, 9, 14, 16, 21, 22, 23, 24, 31, 35 |
| | | 6,566,406 | 8, 14, 23 |
| | | 8,535,705 | 1, 6, 7, 12, 15, 17 |

*    *    *

| | | | |
|---|---|---|---|
| 47. | WO 2000/09087 (Sawhney) in combination with 5,874,500 (Rhee) and Davis, Emergency Nurse | 7,332,566 | 1, 4, 9, 14, 15, 16, 21, 22, 23, 24, 31, 35 |
| | | 7,592,418 | 1, 7, 8, 11, 22, 23, 26 |
| | | 7,009,034 | 4, 5, 10, 20 |
| | | 8,003,705 | 4, 6, 13, 19 |
| 48. | U.S. 2007/0196454 (Stockman) | 8,003,705 | 4, 6, 13, 19 |

defend itself than even Plaintiffs had initially proposed. In addition, it is standard knowledge amongst practitioners that a "prior art ground" refers to a reference (or combination of references) that forms the basis of invalidity, regardless of the number of claims that the prior art ground invalidates.

The Honorable Christopher J. Burke
July 7, 2017
Page 3

(Ex. K at 3-11 (identifying HyperBranch's preliminary selection of 48 prior art grounds in chart format on January 27, 2017).)

Yet Plaintiffs never raised any concern about HyperBranch's January 27, 2017 identification of 48 prior art grounds and supplemental claim-by-claim/element-by-element invalidity contentions. Moreover, Plaintiffs never complained about HyperBranch's June 1, 2017 Final Invalidity Contentions until after HyperBranch precipitated the present discovery hearing to address Plaintiffs' deficient responses to HyperBranch's requests for admission. Regardless, Plaintiffs' present assertion that HyperBranch has not complied with the Court's scheduling order is directly refuted by a cursory examination of the contentions.

Plaintiffs' belated complaints about HyperBranch's invalidity contentions under § 112 and their new request for a limitation on those defenses are also without merit. HyperBranch's Supplemental Preliminary Invalidity Contentions provided detailed § 112 invalidity contentions for approximately two dozen disputed terms from within the then 36 asserted claims. (*See* Ex. J at 9-26.) One exemplary disclosure of HyperBranch's invalidity contentions under § 112 is as follows:

- **Branched PEI.** The '034 patent, '418 patent, '566 patent, '406 patent and '5,705 patent fail to enable or provide a written description for any hydrogels made with branched poly(ethyleneimine) (PEI) as a component—as either the small molecule crosslinker or synthetic biocompatible functional polymer. Branched PEI is not expressly disclosed for use in any of the patents and there is no indication that the patentees had actual possession of any hydrogels made from branched PEI. The first disclosure of any form of branched PEI in any of the Patents-in-Suit did not occur until the application that led to the '3,705 patent. Furthermore, branched PEI has different properties and different structure from any of the molecules disclosed in the documents to which the '3,705 patent claims priority. In particular, there is no description in any of the Asserted Patents for using a branched chain PEI, let alone those with a molecular weight greater than 1000 g/mol. Additionally, the Patents-in-Suit do not disclose or describe any branched chain polymers with an average of at least 17 amine-based functional groups that can participate in cross-linking reactions. Accordingly, the genus of polymers disclosed in the Patents-in-Suit do not provide disclosure or enablement for the use of branched PEI.

(Ex. J at 9.)

The Honorable Christopher J. Burke
July 7, 2017
Page 4

HyperBranch's Final Invalidity Contentions added a handful of additional detailed contentions under § 112. (*See* Ex. I at 23-39, 54-70.) In total, HyperBranch provided about thirty detailed contentions regarding invalidity under § 112—not what Plaintiffs have alleged to be "hundreds of additional defenses." (*See* Plts' Letter Br. at 2.)

The Court's scheduling order does not impose any limits on the number of non-prior art invalidity grounds that HyperBranch may assert, including § 112 defenses. Moreover, as Plaintiffs well-know, the bulk of HyperBranch's § 112 contentions involve disputes that are directly related to the interpretation of the claim terms, many of which are presently pending for construction—or a determination of indefiniteness—before the Court. (*See, e.g.*, Ex. J at 11 ("molecular weight"), 13 ("small molecule"), 14 ("prone to hydrolysis"), 15 ("essentially completely degradable"), 17 ("observable change"), 19 ("free of amino acid sequences of more than about four residues in number"), 21 ("precursor"), 22 ("reactable with each other"), 23 ("the biodegradable groups consist of the esters").) Accordingly, as HyperBranch informed Plaintiffs during the meet-and-confer, it is premature to discuss any narrowing of HyperBranch's limited § 112 defenses until after receiving the Court's claim construction order.

HyperBranch respectfully requests that the Court deny Plaintiffs' requested relief. Plaintiffs received (without complaint) HyperBranch's detailed and timely invalidity disclosures well in advance of their selection of 18 final asserted claims pursuant to the Court's scheduling order. In its Final Invalidity Contentions, HyperBranch provided claim-by-claim contentions regarding the 24 prior art grounds and set forth a limited number of detailed allegations under § 112. Plaintiffs have been on notice of HyperBranch's invalidity contentions for months, and they are fully aware of the specific prior art grounds and §112 defenses that HyperBranch may assert at summary judgment and trial.

Respectfully,

*/s/ Thomas C. Grimm*

Thomas C. Grimm (#1098)

TCG/dla
Enclosures
cc:    Clerk of Court (by hand, w/encls.)
       All Counsel of Record (via CM/ECF, w/encls.)