IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTEGRA LIFESCIENCES CORP., INTEGRA LIFESCIENCES SALES LLC, CONFLUENT SURGICAL, INC., and INCEPT LLC, <br><br> Plaintiffs, <br><br> v. <br><br> HYPERBRANCH MEDICAL TECHNOLOGY, INC., <br><br> Defendant. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : C.A. No. 15-819-LPS-CJB <br> : <br> : <br> : <br> : <br> : |

## MEMORANDUM ORDER

WHEREAS, Magistrate Judge Burke issued a 28-page Memorandum Order (the "Order") (D.I. 384), dated November 14, 2017, granting in part and denying in part Defendant HyperBranch Medical Technology, Inc's ("Defendant" or "HyperBranch") letter motion to strike portions of Plaintiffs Integra LifeSciences Corp., Integra LifeSciences Sales LLC, Confluent Surgical, Inc., and Incept LLC's (collectively, "Plaintiffs" or "Integra") expert report offered by its damages expert, John C. Jarosz (D.I. 345);

WHEREAS, on November 28, 2017, Integra objected to the portion of the Order granting Defendant's motion as related to the market share apportionment theory (D.I. 427) ("Objections" or "Objs");

WHEREAS, on December 12, 2017, HyperBranch responded to Integra's Objections (D.I. 452) ("Response" or "Resp");

WHEREAS, the Court has considered the parties' objections and responses for clear

1

errors of law and clearly erroneous findings of fact, *see St. Clair Intellectual Prop. Consultants, Inc. v. Matsushita Elec. Indus. Co., Ltd.*, 691 F. Supp. 2d 538, 541-42 (D. Del. 2010); 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(a);

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Plaintiffs' Objections (D.I. 427) are OVERRULED, Judge Burke's Order (D.I. 384) is ADOPTED, the portion of Defendant's motion to strike (D.I. 345) related to price erosion is DENIED, and the portion related to market share apportionment is GRANTED.

2. Integra raises two general objections: (1) the Order excessively strikes parts of Mr. Jarosz's expert report that relate to lost profits generally rather than only to the market share apportionment theory; and (2) the Order incorrectly applies the *Pennypack* factors. (Objs at 1) The Court is not persuaded by either of Integra's contentions.

3. First, Integra contends the Order improperly strikes paragraphs 91, 93-99, 100-02, 106-11 (with the exception of the second sentence of paragraph 109), and 116-18 of Mr. Jarosz's August 25, 2017 Report. (Objs at 4-6) These paragraphs, according to Integra, relate to lost profits in general and are not specific to Mr. Jarosz's market share apportionment theory. (*Id.* at 5-6) This argument was never presented to Magistrate Judge Burke during briefing or the telephonic hearing. Accordingly, because "parties objecting to a Magistrate Judge's report or order are required to adhere to the arguments, evidence, and issues they presented first to the Magistrate Judge," and because Integra has failed to show good cause for why it failed to raise this argument earlier, the Court will not consider it now. *Masimo Corp. v. Philips Elec. N. Am. Corp.*, 62 F. Supp. 3d 368, 377 & n.12 (D. Del. 2014). Moreover, as HyperBranch points out, Integra served the Supplemental Expert Report of Mr. Jarosz on November 28, 2017, addressing

2

its two-party market damages theory and incorporating portions of the original report stricken by the Order. (Resp at 10) It is therefore unclear what prejudice Integra is suffering from these paragraphs being stricken from the initial report.

    4.     Second, Integra contends the Order incorrectly applies the *Pennypack* factors because all of the information Mr. Jarosz relied upon in forming his market share apportionment opinion was made known to HyperBranch during fact discovery. (Objs at 6) To the extent HyperBranch needed additional third-party discovery, Integra alleges it is HyperBranch's fault for not seeking it earlier. (*Id.* at 6-7) The Court disagrees. Even if all the information Mr. Jarosz relied upon in forming his opinion was made known to HyperBranch, the market share apportionment theory itself was never disclosed prior to Mr. Jarosz's report. Instead, Integra maintained only its two-player/product market theory, a theory that (at least in part) contradicts the newly-asserted market apportionment theory. (*See* Order at 14)

That HyperBranch's own discovery may have shown that the market was not a two-party/product market is not the issue. As Judge Burke noted, "a party's duty to supplement discovery responses set out in the Rules would be meaningless if a party could later simply point to cherry-picked information produced by its ***opponent*** as fulfilling the party's duty." (*Id.* at 17) Furthermore, the Court agrees with the Order that "it is a substantively different thing for Defendant (on the one hand) to go about discovery by mainly trying to disprove Plaintiffs' position that the relevant market is a two-party market, as opposed to (on the other hand) being focused on using the discovery period to delineate exactly what the scope of a more-than-two-party/product market actually looks like. The former is a more 'straightforward' issue to defend against, while the latter would require significantly different (and more expansive) discovery

3

efforts." (*Id.* at 23) (internal citations omitted)

5. Integra asserts that adopting the Order "will create a bad precedent" as it will "convey to expert witnesses that they had better think twice before offering their true, independent opinions." (Objs at 8) To the contrary, adopting the Order conveys to parties that they must obey their discovery obligations and may wish to consult their experts throughout the discovery process to ensure they are adequately meeting such obligations and timely disclosing all theories and opinions on which they wish to proceed.

6. The Court has considered each of the other arguments raised by Plaintiffs in their Objections and finds that each of them lacks merit and requires no further discussion.

March 13, 2018
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE