IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTEGRA LIFESCIENCES CORP., INTEGRA LIFESCIENCES SALES LLC, CONFLUENT SURGICAL, INC., and INCEPT LLC,<br><br>          Plaintiffs,<br><br>      v.<br><br>HYPERBRANCH MEDICAL TECHNOLOGY, INC.,<br><br>          Defendant. | C.A. No. 15-819 (LPS) (CJB)<br><br>**PUBLIC VERSION** |

### LETTER TO THE HONORABLE CHRISTOPHER J. BURKE REGARDING HYPERBRANCH MEDICAL TECHNOLOGY, INC.'S MOTION TO STRIKE PLAINTIFFS' NEW IDENTIFICATION OF EVIDENCE REGARDING PRIORITY DATES AND NEW BIOCOMPATIBILITY THEORY

OF COUNSEL:

Jonathan G. Graves
COOLEY LLP
One Freedom Square
Reston Town Center
11951 Freedom Drive
Restin, VA 20190
(703) 456-8000

Adam M. Pivovar
James P. Hughes
Stephen C. Crenshaw
Nicholas G. Lockhart
COOLEY LLP
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004
(202) 842-7800

Scott A. Sukenick
COOLEY LLP
1114 Avenue of the Americas
New York, NY 10036-7798
(212) 497-6000

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Thomas C. Grimm (#1098)
Jeremy A. Tigan (#5239)
Stephen J. Kraftschik (#5623)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
tgrimm@mnat.com
jtigan@mnat.com
skraftschik@mnat.com

*Attorneys for HyperBranch Medical Technology, Inc.*

**Confidential Version Filed: November 1, 2017**
**Public Version Filed: March 16, 2018**

Dear Judge Burke:

Plaintiffs have again blindsided HyperBranch with new contentions and theories through expert reports. The latest example of Plaintiffs' litigation-by-ambush tactics concerns validity arguments that Plaintiffs should have disclosed during fact discovery in response to contention interrogatories directly on point but, instead, withheld until their rebuttal expert reports. Specifically, Plaintiffs are now relying on previously undisclosed evidence purportedly supporting their claimed priority dates for the Asserted Claims, as well as an entirely new validity argument that all Asserted Claims require a "biocompatible hydrogel."

HyperBranch respectfully requests that the Court strike these new arguments and the newly disclosed evidence supporting them and preclude Plaintiffs from relying on them for any purpose in this litigation.

**Issue 1: Plaintiffs failed to identify any evidence supporting the priority dates of the '3,705 and '5,705 patents during fact discovery.** Plaintiffs bear the burden of establishing entitlement to an earlier priority date for an Asserted Claim. Accordingly, HyperBranch served Interrogatory Nos. 1 and 2 on Plaintiffs on September 23, 2016, specifically seeking facts and evidence in support of any purported assertion of an earlier priority date for the Asserted Claims. Plaintiffs' initial responses to these interrogatories were so deficient that the Court ordered Plaintiffs to supplement them. (*See* Ex. 1.) Plaintiffs' supplemental response, served on December 9, 2016, merely identified dates for each asserted claim without providing the requested evidentiary support. (*See* Ex. 2 at 13.) They never further supplemented this response.

Plaintiffs have long known that HyperBranch's invalidity contentions rely on the prior art references of Wallace and Stockman as single reference invalidity grounds against the asserted claims of the '5,705 patent and '3,705 patent, respectively. These references were expressly disclosed within HyperBranch's Preliminary Election of Asserted Prior Art on January 27, 2017. (*See* Ex. 3 at 4, 11 (Ground 8 (Wallace) and Ground 48 (Stockman)).) And HyperBranch provided detailed invalidity charts in its Second Supplemental Invalidity Contentions on May 1, 2017. (Ex. 4 (Wallace charted against the '5,705 patent); Ex. 5 (Stockman charted against the '3,705 patent).) Despite this, Plaintiffs never provided *any evidence* in response to HyperBranch's Interrogatory Nos. 1 and 2 to support an assertion of a priority date that would antedate these references.

[redacted]

**Issue No. 2: Plaintiffs failed to identify a single validity theory during fact discovery.** At the outset of fact discovery, HyperBranch served its Interrogatory No. 3, seeking a detailed explanation "on a claim-by-claim basis" of "the complete basis for [Plaintiffs'] contention that each Asserted Claim is not invalid in view of Defendant's invalidity contentions." (*See* Ex. 7 at 10.) In its sole response, Plaintiffs asserted they would "supplement this response to identify additional information and/or documents as more facts arise in discovery and in rebuttal to any properly asserted contention of invalidity initially raised by Defendants." (*Id.* at 12.) It is unclear what Plaintiffs consider a "properly asserted contention of invalidity," because despite receiving

The Honorable Christopher J. Burke
November 1, 2017
Page 2

detailed Invalidity Contentions from HyperBranch, Plaintiffs never supplemented or amended their non-response to Interrogatory No. 3.

Despite this failure, Plaintiffs' rebuttal expert reports from Dr. Distefano, Dr. Rivet, and Dr. Mays rely on a new validity theory regarding "biocompatibility." ████████████████████████████████████████████████████████████████████████████████████████████████████████████ Ex. 9, Rivet Reb. Rpt. ¶ 19 ("the Wallace '725 patent does not disclose a biocompatible hydrogel").)

Plaintiffs' new "biocompatibility" validity theory is premised upon a disclosure of biocompatibility allegedly contained in Wallace. But this disclosure is not "new," and Wallace was known to Plaintiffs prior to this litigation, as it was identified on the cover of several of the patents-in-suit. (See, e.g., Ex. 10, '034 patent at 2 (identifying Wallace as a "Reference[] Cited").) Additionally, as noted above, HyperBranch charted Wallace and Rhee against asserted claims in its invalidity contentions before the close of discovery. But despite Plaintiffs' long-standing awareness of Wallace *and* HyperBranch's detailed invalidity contentions regarding Wallace and Rhee, Plaintiffs failed to raise this new argument until rebuttal expert reports. ████████████████████████████████████████████████████████████████████████████████████████ Ex. 9, Rivet Reb. Rpt. ¶¶ 4, 10-11, 19-26;

The prejudice to HyperBranch from Plaintiffs' ongoing ambush tactics is manifest: the entirety of fact discovery, selection of invalidity grounds, and formulation of other defenses proceeded without the knowledge of Plaintiffs' biocompatibility theory and without any identification of Plaintiffs' priority date evidence. Because the Court cannot cure this prejudice without reopening fact discovery and thus substantially delaying the trial, Plaintiffs' new biocompatibility theory and identification of supporting evidence for priority dates should be stricken as a violation of Rule 37 pursuant to the Third Circuit's *Pennypack* factors.

Here, Plaintiffs' conduct violates Rules 26 and 37. "A party . . . *who has responded to an interrogatory* . . .*must supplement or correct its disclosure or response*. . ." Fed. R. Civ. P. 26(e)(1) (emphasis added); see also Abbott Labs. v. Lupin Ltd., Civ. A. No. 09-152-LPS, 2011 WL 1897322, at *3 (D. Del. May 19, 2011) ("Parties are always under an obligation to supplement their contentions . . . when it becomes necessary to do so."). "*If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial*, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1) (emphasis added).

The *Pennypack* factors weigh heavily in favor of HyperBranch's motion to strike. See Meyers v. Pennypack Woods Home Ownership Ass'n, 559 F.2d 894, 904-05 (3d Cir. 1977), overruled on other grounds by Goodman v. Lukens Steel Co., 777 F.2d 113 (3d Cir. 1985).

**Factor 1: HyperBranch has been prejudiced.** HyperBranch had a mere eleven days before reply reports were due to attempt to investigate and respond to Plaintiffs' new priority

The Honorable Christopher J. Burke
November 1, 2017
Page 3

date evidence and "biocompatibility" theory. There is no dispute that neither was disclosed by Plaintiffs during fact discovery. This Court has previously struck such untimely assertions of new theories as prejudicial. *See Walker Digital, LLC v. Google Inc.*, Civ. No. 11-309-SLR, 2013 WL 2949109, at *2 (D. Del. June 14, 2013). Plaintiffs' disclosure of the new priority evidence and "biocompatibility" theory in rebuttal expert reports denied HyperBranch sufficient time to fully rebut them. Had Plaintiffs raised these theories during fact discovery, HyperBranch would have asked the inventors of the Asserted Patents and Plaintiffs' other technical witnesses about the specification passages Plaintiffs now rely on for priority. HyperBranch could also have questioned these witnesses and sought third party discovery regarding the "biocompatibility" of cross-linked hydrogels disclosed in the prior art and produced a factual record of the same. Additionally, this late disclosure prevents HyperBranch from showing the inconsistency of Plaintiffs' positions and how the newly alleged "biocompatibility" theory necessarily results in non-infringement and renders the Asserted Claims invalid under § 112.

**Factors 2 and 3: The prejudice to HyperBranch cannot be cured without substantially disrupting trial.** Absent significant additional fact and expert discovery on the biocompatibility of hydrogels and the evidence cited for the priority of the '3,705 and '5,705 patents, HyperBranch will be unable to offer a fully informed rebuttal of Plaintiffs' new theories. To cure this prejudice, the Court would need to reopen fact discovery, stay all deadlines, and allow HyperBranch to submit supplemental expert reports on invalidity and non-infringement. This would necessarily delay pre-trial proceedings, undo significant efforts undertaken to keep the scheduled trial date of April 16, 2018, and greatly increase HyperBranch's litigation costs.

**Factor 4: Plaintiffs' representations evince willful disregard of discovery rules**. Plaintiffs' utter refusal to provide their validity theories during discovery and their refusal to identify the evidence they rely on for priority can only be described as purposeful. HyperBranch served updated and extensive Invalidity Contentions without any response from Plaintiffs. And even after Plaintiffs were *ordered* to supplement their responses to Interrogatory Nos. 1 and 2, they failed to provide supporting evidence. Having refused to provide the requested materials during discovery, Plaintiffs' disclosure of the biocompatibility theory and priority date evidence in their rebuttal expert reports is clearly willful and intended to prejudice HyperBranch.

**Factor 5: Plaintiffs may still argue that there is no motivation to combine the prior art and no expectation of success in creating the claimed invention, which are appropriate arguments for experts and are currently argued in Plaintiffs' expert reports.** But Plaintiffs are not entitled to raise new evidence or theories of validity at this late date, after refusing to provide such evidence and theories during discovery. *See, e.g.*, *Becton, Dickinson & Co. v. Tyco Healthcare Grp.*, 616 F.3d 1249, 1261 (Fed. Cir. 2010) (recognizing propriety of striking theories that are "not properly raised during discovery").

For these reasons, HyperBranch respectfully requests that the Court (1) strike and preclude the new evidence of priority date set forth in Dr. Mays' rebuttal expert report at pages 147-54 and 174-77 and (2) strike and preclude reliance on the analysis of Plaintiffs' biocompatibility theories throughout Dr. Mays' rebuttal expert report, in paragraphs 1, 7-11, and 14-21 of Dr. Distefano's rebuttal expert report, and in paragraphs 4, 10-11, and 19-26 of Dr. Rivet's rebuttal expert report.

The Honorable Christopher J. Burke
November 1, 2017
Page 4

                                                                            Respectfully,

                                                                            */s/ Thomas C. Grimm*

                                                                            Thomas C. Grimm (#1098)

TCG:ncf
Attachments
cc:      Clerk of Court (by hand delivery; w/attachments)
            All Counsel of Record (by e-mail; w/attachments)