# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTEGRA LIFESCIENCES CORP., INTEGRA LIFESCIENCES SALES LLC, CONFLUENT SURGICAL, INC., and INCEPT LLC, <br><br> Plaintiffs, <br><br> v. <br><br> HYPERBRANCH MEDICAL TECHNOLOGY, INC., <br><br> Defendant. | C.A. No. 15-819-LPS-CJB |

## MEMORANDUM ORDER

WHEREAS, Magistrate Judge Burke issued a 16-page Report and Recommendation ("Report") (D.I. 512), dated February 22, 2018, recommending that the Court deny Defendant HyperBranch Medical Technology, Inc's ("Defendant" or "HyperBranch") motion for summary judgment of non-infringement of claims 4, 6, and 13 of the '3705 patent (D.I. 393);

WHEREAS, on March 5, 2018, HyperBranch objected to the Report (D.I. 534) ("Objections" or "Objs."), contending it failed to address a claim construction dispute surrounding the term "precursor" and, thus, improperly left a question of law to be resolved by the jury;

WHEREAS, on March 15, 2018, Plaintiffs Integra LifeSciences Corp., Integra LifeSciences Sales LLC, Confluent Surgical, Inc., and Incept LLC (collectively, "Plaintiffs" or "Integra") responded to HyperBranch's Objections (D.I. 559) ("Response" or "Resp.");

WHEREAS, the Court has considered the parties' objections and responses *de novo*, *see*

1

*St. Clair Intellectual Prop. Consultants, Inc. v. Matsushita Elec. Indus. Co., Ltd.*, 691 F. Supp. 2d 538, 541-42 (D. Del. 2010); 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b);

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. HyperBranch's Objections (D.I. 534) are OVERRULED, Judge Burke's Report (D.I. 512) is ADOPTED, and Defendant's motion (D.I. 393)[1] is DENIED.

2. HyperBranch contends that the Report "incorrectly seeks to have the jury resolve a question of claim scope regarding the term 'precursor.'" (Objs. at 1) According to HyperBranch, under a proper construction of the term, "there is no factual dispute regarding non-infringement." (*Id.*) The Court is not persuaded.

3. The asserted claims of the '3705 patent recite the formation of a hydrogel by mixing three precursors. During claim construction, the Court adopted HyperBranch's proposed construction of "precursor" as "a polymer, functional polymer, macromolecule, small molecule, or crosslinker that can take part in a reaction to form a network of crosslinked molecules." (D.I. 379 at 10-11) The parties dispute how to apply this construction. HyperBranch contends that one polymer is one precursor (Objs. at 4), while Integra contends that "a precursor can be a crosslinker that can take part in a reaction to form a network of crosslinked molecules" (Resp. at 3). The Report found this dispute to be one of fact, as "each side's expert has a different view of how the person of ordinary skill would assess the number of precursors" in HyperBranch's products. (Report at 14) HyperBranch objects to the Report's conclusion, asserting this "question of claim scope" is a question of law for the Court that "must be addressed at this

---

[1] The underlying Report, and therefore this Order, solely addresses the portion of Defendant's motion (D.I. 393) related to summary judgment of non-infringement of claims 4, 6, and 13 of the '3705 patent (*see* Report at 1 n.2).

2

juncture" rather than being left to a jury. (Objs at 4-5) The Court agrees with the Report.

    4.    As the Report correctly stated, "the parties are really fighting about a fact issue relating to the application of th[e] construction [of 'precursor'] – i.e., whether the person of ordinary skill would view the polymer Lupasol as one precursor and one precursor only, or whether such a person would instead look to the crosslinking molecules making up that polymer as amounting to individual precursors." (Report at 13) HyperBranch insists there is no justification for treating two polydisperse polymers differently for purposes of the precursor limitation and requests that the Court "clarify the scope of the term 'precursor' as a matter of claim construction to acknowledge that one polymer is one 'precursor,' regardless of whether the polymer is cast as being 'a polymer, functional, polymer, macromolecule, small molecule, or crosslinker' under the Court's construction." (Objs. at 5, 10)[2] However, as the Report accurately stated, "[t]he Court, in construing the term [precursor], never stated that 'one polymer is one precursor.'" (Report at 13 n.9) Whether (within the context of the '3705 patent) a polymer counts as one precursor and whether a crosslinker only counts as a precursor when it is purchased as a standalone material and not found within a polymer (*see* D.I. 482 at 63-66, 69-71) are questions of fact. As both parties reasonably apply the Court's construction, the ultimate issue of infringement or non-infringement based on the competing, reasonable applications is a matter for the jury to decide. "It is, after all, in the province of the jury to determine the proper application of the [claim term] limitations to the accused device." *W.L. Gore & Assocs., Inc. v. C.R. Bard,*

---

[2]HyperBranch states: "This distinction – that one polymer is one 'precursor,' but another polymer may be many indeterminate 'precursors' – is the flaw in the assessment of claim scope that arises under the R&R's erroneous determination that the dispute between the parties regarding non-infringement is a question of fact." (Objs. at 5)

3

*Ind.*, 2015 WL 12806483, at *8 (D. Del. Apr. 21, 2015); *see also PPG Indus. v. Guardian Indus. Corp.*, 156 F.3d 1351, 1355 (Fed. Cir. 1998) ("[A]fter the court has defined the claim with whatever specificity and precision is warranted by the language of the claim and the evidence bearing on the proper construction, the task of determining whether the construed claim reads on the accused product is for the finder of fact.").

5. The Court recognizes, as HyperBranch emphasizes, that "'[w]hen the parties present a fundamental dispute regarding the scope of a claim term, it is the court's duty to resolve it.'" (Objs. at 1) (quoting *O2Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1362 (Fed. Cir. 2008)) But that does not mean that every dispute about the proper application of a claim term to an accused product is itself a question of law the Court must resolve. Moreover, the ultimate deadline by which the Court must fulfill its obligation to construe claim terms is when it instructs the jury. Accordingly, should either party here believe it has a good faith basis to ask the Court to resolve additional claim construction disputes (as opposed to, for instance, asking the Court to reconsider a construction dispute it has already resolved), it is free to ask the Court to do so in connection with the preparation of jury instructions.

6. HyperBranch additionally argues that the Report "further erred by failing to address the inherent ambiguity in Plaintiffs' application of the Court's construction of 'precursor,' which renders the claims indefinite." (Objs. at 8) To HyperBranch, Integra's application of the construction of "precursor" renders the term indefinite because there is no way to ascertain how many crosslinker precursors are in the PEI used in the Accused Products. (Objs. at 4-5, 9) However, Integra's expert, Dr. Jimmy Mays, testified that "the total number of precursors could be determined using mass spectrum analysis to identify the different

4

crosslinkers present." (D.I. 443 at 4-5) This statement stands unrebutted by HyperBranch. Accordingly, the Court cannot conclude on this record that a reasonable factfinder could only find that the challenged patent claims are indefinite. Summary judgment is not warranted.

7. The Court has considered each of the other arguments raised by HyperBranch in its Objections *de novo* and finds that each of them lacks merit and requires no further discussion.

April 6, 2018
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE