IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTEGRA LIFESCIENCES CORP., <br> INTEGRA LIFESCIENCES SALES LLC, <br> CONFLUENT SURGICAL, INC., and <br> INCEPT LLC, <br><br> Plaintiffs, <br><br> v. <br><br> HYPERBRANCH MEDICAL <br> TECHNOLOGY, INC., <br><br> Defendant. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : C.A. No. 15-819-LPS-CJB <br> : <br> : <br> : <br> : <br> : |

## MEMORANDUM ORDER

At Wilmington this **11th** day of **May, 2018**, having reviewed the proposed pretrial order and exhibits to it (D.I. 715) ("PTO"), **IT IS HEREBY ORDERED** that:

1. Plaintiffs' – Integra LifeSciences Corp., Integra LifeSciences Sales LLC, Confluent Surgical, Inc., and Incept LLC ("Plaintiffs" or "Integra") – motion in limine ("MIL") No. 1, to preclude Defendant HyperBranch Medical Technology, Inc. ("Defendant" or "HyperBranch") from offering evidence and argument regarding non-infringement or invalidity defenses not specifically identified previously is DENIED. The only specific concern Plaintiffs raise is with respect to the Jacobs reference, but the Court has already held that Defendant will be permitted to present evidence and argument related to Jacobs. (*See* D.I. 601) (denying Integra's motion to strike (D.I. 510); *see also* D.I. 714) The Court and the parties agree to the general principle that neither side will be permitted to present at trial evidence or argument that has not been timely and properly disclosed. To the extent either side believes the other is violating this

1

principle (no such violation is identified in Plaintiffs' MIL No. 1), it may seek appropriate relief from the Court at trial.

2. Plaintiffs' MIL No. 2, to exclude evidence and argument inconsistent with the Court's claim construction, will be discussed at the pretrial conference ("PTC"), to be held on May 15, 2018. In part, Plaintiffs' MIL No. 2 overlaps with issues also pending before the Court in connection with: (i) Defendants' objections (D.I. 698) to the grant (D.I. 672) of Plaintiffs' motion (D.I. 396) to exclude certain opinion testimony and evidence, and (ii) Defendant's MIL No. 1, all of which the parties shall also be prepared to discuss at the PTC. The Court and the parties agree to the general principle that neither side will be permitted to present at trial evidence or argument that is inconsistent with the Court's claim construction.[1]

3. Plaintiffs' MIL No. 3, to exclude evidence and arguments relating to the Court's pre-trial rulings, is GRANTED. The Court agrees with Plaintiffs that informing the jury of what the Court has ruled prior to trial (other than providing the jury the Court's claim constructions, but not the Court's claim construction opinion or reasoning) would be unfairly prejudicial, confusing, and waste time (given the context that would need to be given to the jury). *See generally Nipper v. Snipes*, 7 F.3d 415, 418 (4th Cir. 1993) (warning of danger of jury giving undue weight to findings made by judge). The limited, if any, probative value of informing the jury of the Court's rulings on disputes the parties have previously presented is substantially

---

[1]To assist the parties and the Court in making the best use of their time at the PTC, IT IS HEREBY ORDERED that, no later than 3:00 p.m on Monday, May 14, the parties shall (after meeting and conferring) file a document specifically identifying: (i) precisely which opinions that are being offered by the opposing party's expert(s) that the party contends are inconsistent with the Court's claim construction, and (ii) describing the basis for the party's belief that the opposing party actually intends to present such opinion at trial.

outweighed by these concerns. *See* Fed. R. Evid. 403. The Court's decision does not preclude either side from cross-examining a witness based on her prior inconsistent statement(s). Nor does the Court's decision today unfairly prejudice Defendant, as the Court will not be permitting any expert to testify in a manner inconsistent with the Court's claim construction (rendering it unnecessary to attempt to persuade the jury that an opinion the Court will permit the jury to hear is somehow inconsistent with the Court's claim construction). The Court's ruling extends to all evidence relating to the PTAB and the IPR, including the PTAB's claim construction, its impact on the Court's claim construction, and the outcome of the IPR. Although relevant (for example, to Defendant's defense to willful infringement), the prejudice and confusion inherent in presenting this evidence to the jury – particularly given the PTAB's different standards – substantially outweighs its probative value. *See id.*

4. Defendant's MIL No. 1, to exclude evidence and argument inconsistent with the Court's claim construction, will be discussed at the PTC. (*See supra* ¶ 2 & n.1)

5. Defendant's MIL No. 2, to exclude expert testimony that is outside the scope of an expert's report(s), is GRANTED IN PART and DENIED IN PART. The motion is GRANTED with respect to any opinion by Plaintiffs' expert Jarosz with respect to damages based on conduct within the United States, as Plaintiffs have not disputed Defendant's contention that Jarosz previously disclosed an opinion only with respect to damages based on conduct outside the United States. The motion is GRANTED with respect to Distefano, who only provided opinions with respect to the '5705 patent, which is no longer at issue. (*See, e.g.*, D.I. 529; *see also* D.I. 508 (granting summary judgment of non-infringement of "esters" claims of '5705 patent); D.I. 679) Plaintiffs do not contend that Distefano's testimony is relevant to any

issue that will be the subject of the trial. The motion is DENIED in all other respects, including with respect to witnesses Rivet and Mays, as to whom Defendant has not articulated a specific objection. The parties and the Court agree to the general principle that no expert will be permitted to testify to opinions that have not been properly and previously disclosed. As the parties have requested (*see* PTO at 15), the Court will rule at trial on objections that an expert is violating this general principle.

6. Defendant's MIL No. 3, to preclude fact witnesses from providing expert testimony, is DENIED, as Defendant has not persuaded the Court that Plaintiffs intend to run afoul of the general principle that a fact witness may not offer expert testimony. For example, Plaintiffs' Dr. Sawhney, an inventor on a patent-in-suit, will be permitted to provide factual testimony about his patent, including its importance to him, about what he knew about the prior art and that he tried to do something different, and about Plaintiffs' DuraSeal product, which he developed and for which he wanted to obtain a patent. He will not, however, be permitted to opine as to whether Plaintiffs' or Defendants' products are within the scope of the claims as construed by the Court. Should either party believe the other side is seeking to elicit expert testimony from a fact witness, that party may, at trial, seek appropriate relief.

Having identified additional disputes in the PTO, **IT IS FURTHER ORDERED** that:

1. The parties' proposal to present unresolved objections to deposition designations to the Court "no later than midnight two (2) calendar days before the witness is to be called at trial" is REJECTED. Such objections must be presented to the Court no later than 9:00 p.m. two calendar days before the witness is to be called at trial. The parties may revise the deposition deadlines they have agreed to impose on themselves (*see* PTO at 13-14) in order to meet the

Court's deadline.

2. When a witness is called to testify by deposition at trial, the party calling the witness shall provide the Court with three copies of the transcript (one each for the Judge, Law Clerk, and Court Reporter) of the designations and counterdesignations that will be read or played. (*See* PTO at 14-15)

3. The Court ADOPTS Plaintiffs' proposal that exhibits not listed in the PTO may not be admitted at trial unless good cause is shown. (*See* PTO at 16)

4. The Court ADOPTS Plaintiffs' proposal that no exhibit will be admitted unless offered into evidence through a witness, who must at least be shown the exhibit. (*See* PTO at 16)

5. The Court ADOPTS Plaintiffs' proposal that the evidence admitted shall be limited to the actual evidence presented by a witness. (*See* PTO at 17)

6. The Court ADOPTS Plaintiffs' proposal that exhibits not objected to will be received into evidence by the operation of the Final Pretrial Order without the need for additional foundation testimony, provided they are shown to a witness. (*See* PTO at 17)

7. The trial will be timed. The parties' proposal as to the method for counting time (*see* PTO at 20) is AMENDED as described below. Time will be charged to a party for its opening statement, direct and redirect examination of witnesses it calls, cross-examination of witnesses called by any other party, closing argument, its argument on any motions for judgment as a matter of law, and its argument on objections/motions/requests made outside the presence of the jury (e.g., on the admission of exhibits or relating to demonstratives, as will be discussed in the morning before the jury comes in). In addition, with respect to objections to expert testimony being beyond the scope of the expert's prior disclosures (*see, e.g.*, PTO at 15), all time devoted to

addressing such objections (including argument by the objecting and non-objecting party, as well as the Court's consideration and articulation of its decision) shall be charged to the party who does not prevail on the objection.

8. The parties' request for twenty-one (21) hours per side for their trial presentations is REJECTED. Considering the nature, number, and scope of the parties' disputes, the Court finds that the parties can fully and fairly present their case to the jury in no more than fifteen (15) hours per side. Nevertheless, at the pretrial conference, the Court will consider any request that it allocate up to eighteen (18) hours per side.

9. Trial will be held at some or all of the following times, subject to the time limits on the parties' trial presentations:

   a. Tuesday, May 29:     8:30 a.m. to 1:00 p.m.
   b. Wednesday, May 30:   9:30 a.m. to 4:30 p.m.
   c. Thursday, May 31:    8:30 a.m. to 4:30 p.m.
   d. Friday, June 1:      8:30 a.m. to 1:00 p.m.
   e. Monday, June 4:      8:30 a.m. to 4:30 p.m.
   f. Tuesday, June 5:     8:30 a.m. to 4:30 p.m.
   g. Wednesday, June 6:   8:30 a.m. to 4:30 p.m.
   h. Thursday, June 7:    9:30 a.m. to 4:30 p.m.
   i. Friday, June 8:      8:30 a.m. to 1:00 p.m.

10. The Court ADOPTS Defendant's position that motions for judgment as a matter of law should be made orally, and outside the jury's presence, at the close of the case-in-chief for the party bearing the burden of proof on the issue, with a written motion not to exceed five (5)

pages supporting any oral motions filed within 48 hours, *if* the Court wishes to receive briefing on the issue. (*See* PTO at 21)

11. In addition to disputes mentioned throughout the PTO, as well as the six MILs, the parties describe (by the Court's count) an additional fourteen (14) "Outstanding Disputes." (*See* PTO at 22-40) With respect to these disputes:

> a. Plaintiffs have not provided their position with respect to whether they seek to assert a theory of joint infringement or vicarious liability with respect to alleged direct infringement of claim 10 of the '034 patent or claim 4 of the '566 patent. (*See* PTO at 22) The parties shall be prepared to discuss this issue at the PTC.
>
> b. Plaintiffs have not provided their position with respect to whether they intend to assert the doctrine of equivalents for any of the claims of the '3705 patent. (*See* PTO at 22-23) The parties shall be prepared to discuss this issue at the PTC.
>
> c. The parties shall be prepared to discuss at the PTC Plaintiffs' request that the Court order Defendant to disclose the invalidity theories on which Defendant intends to proceed at trial. (*See* PTO at 23-24)
>
> d. The Court ADOPTS Plaintiffs' position with respect to "Uncontested Facts" and will not compel Plaintiffs to treat the contested issues as "Uncontested." (*See* PTO at 24-26)
>
> e. The Court ADOPTS Defendant's proposal that Mr. Jarosz not be permitted to testify on matters that have been stricken/excluded from his

report and on injunctive relief, which is not a matter that will be presented to the jury. (*See* PTO at 26)

f. The parties shall be prepared to discuss at the PTC Plaintiffs' objections to Dr. Lowman. (*See* PTO at 26-27)

g. The parties shall be prepared to discuss at the PTC Plaintiffs' objections to Dr. Flombaum. (*See* PTO at 27)

h. Plaintiffs' objection to the testimony of Dr. Wesdemiotis (*see* PTO at 27-29) is OVERRULED. The Court is persuaded by Defendant that the witness has relevant testimony to provide.

i. The parties shall be prepared to discuss at the PTC Defendant's objection to Plaintiffs' identification of Mr. Thomas Harrison on their witness list (*see* PTO at 29-30; *see also* D.I. 583).

j. The parties shall be prepared to discuss at the PTC Defendant's objection to Plaintiffs' identification of Drs. Jacobs and Mettler on their witness list. (*See* PTO at 30-31)

k. The Court will treat deposition designations/counter-designations of Rule 30(b)(6) witnesses the same as it treats deposition designations with respect to other witnesses. (*See generally* PTO at 32-33) Any issues with respect to the timing of calling such witnesses to testify live at trial, one or more times, will be addressed at trial.

l. Absent a showing of good cause for failing to list the objection in the PTO, neither side will be permitted to raise a new objection to the

admission of an exhibit that has been properly listed in the PTO. (*See* PTO at 33)

    m.    Defendant's request to seek an advisory jury verdict on its equitable estoppel defense is DENIED. (*See* PTO 38) Even assuming, *arguendo*, there is some evidentiary overlap, and that the evidence Defendant seeks to present is relevant and admissible, the Court has determined that the most reasonable and appropriate exercise of its discretion is not to burden the jury with an additional, unnecessary decision. *See* Fed. R. Civ. Proc. 39(c); *Carnegie Mellon University v. Marvell Technology Group Ltd.*, 2012 WL 12894751, at *3 (W.D. Pa. Nov. 28, 2012). The Court will confer with the parties after the conclusion of the jury trial as to how to proceed with respect to Defendant's equitable estoppel defense.

    n.    Defendant's request that Plaintiffs be judicially estopped from challenging the status of Jacobs as prior art (*see* PTO at 38-40) is DENIED. Defendant has failed to demonstrate a clear inconsistency between Plaintiffs' prior position that Ferland is intrinsic evidence (*see* D.I. 544 at 4; D.I. 520 at 4) and its present position that Jacobs (although constituting intrinsic evidence, since it is – like Ferland – cited on the face of the '034 patent) is not prior art. *See In re Armstrong World Indus., Inc.*, 432 F.3d 507, 517-18 (3d Cir. 2005) (noting judicial estoppel requires showing that "party's position is clearly inconsistent with its earlier

position"). The Court's statement (in connection with claim construction) describing Ferland as "intrinsic evidence" (*see* D.I. 652 at 4 n.4) does not transform what Plaintiffs actually said to the Court into a clear inconsistency.

12. The parties shall also be prepared to discuss at the PTC any objections to the Magistrate Judge's Orders and Reports and Recommendation that remain outstanding as of the time of the PTC, as well as any pending motions.

**IT IS FURTHER ORDERED** that the Pretrial Conference on May 15, 2018 will begin at 8:30 a.m.

_____
HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE