

**WILMINGTON**
RODNEY SQUARE

**NEW YORK**
ROCKEFELLER CENTER

**Karen L. Pascale**
P 302.571.5001
F 302.576.3516
kpascale@ycst.com

June 15, 2018

**VIA E-FILING**

The Honorable Leonard P. Stark
United States District Court
844 King Street
Wilmington, DE  19801

      Re:   *Integra LifeSciences Corp., et al. v. HyperBranch Medical Tech., Inc.,*
             C.A. No.15-819-LPS-CJB

Dear Chief Judge Stark:

    I write jointly on behalf of the parties to offer the following Joint Status Report pursuant to paragraph 25 of the Scheduling Order (D.I. 173) and the Court's instructions at the close of trial.  *See* June 8, 2018 Trial Transcript at pp. 2319, lines 8-12.

**Rule 50(b) and Rule 59 Post-Trial Briefing**

    The parties propose that post-trial briefing proceed in accordance with the Federal Rules of Civil Procedure.  Under these rules, any renewed motion for judgment as a matter of law under Fed. R. Civ. P. 50(b), and any motion for a new trial under Fed. R. Civ. P. 59, would be due by July 6, 2018 (28 days after the jury was discharged).  Without waiver of any form of relief that Plaintiffs may be entitled to seek, Plaintiffs currently intend to file, at the appropriate time, renewed motions for judgment as a matter of law under Fed. R. Civ. P. 50(b) or alternatively for a new trial under Fed. R. Civ. P. 59 on the following issues: (1) infringement of the predetermined thickness claims in the '034, '418 and '566 patents; (2) infringement of the three precursor claims in the '3,705 patent; (3) validity of the predetermined thickness claims; (4) validity of the three precursor claims; (5) price erosion damages; and (6) that a reasonable royalty is at least 1.5%.

    The parties propose that subsequent briefing on any renewed motion for judgment as a matter of law or motion for a new trial proceed as follows:

    Responses to such motions would be filed by July 27, 2018, and replies filed by August 3, 2018.

    The parties agree that the page limitations for post-trial briefing would follow the provisions set forth in paragraph 26 of the Scheduling Order in this matter (D.I. 173, as amended) ("Unless otherwise ordered by the Court, all ***SIDES*** are limited to a maximum of 20

Young Conaway Stargatt & Taylor, LLP
The Honorable Leonard P. Stark
June 15, 2018
Page 2

pages of opening briefs, 20 pages of answering briefs, and 10 pages of reply briefs relating to any post-trial motions filed by that side, no matter how many such motions are filed.").

**Plaintiffs' Proposal**

### Equitable Estoppel

Plaintiffs believe the presentation of evidence during the jury trial provided multiple reasons sufficient to find that there is no equitable estoppel and that the parties can brief this issue to the Court without a subsequent hearing. However, this issue (along with Defendant's proposed § 285 briefing below) is premature prior to a ruling on the above Rule 50(b) and Rule 59 post-trial motions.

### 35 U.S.C. § 285 Briefing

Plaintiffs believe that any briefing that HyperBranch proposes to submit pursuant to a motion under 35 U.S.C. § 285 would be premature. Although this patent case was hotly contested with a number of disputes between the parties, there is no evidence Plaintiffs adopted unreasonable or frivolous litigation positions, litigated in an unreasonable manner, or acted in bad faith. Defendant's own affirmative litigation strategy resulted in its excessive attorneys' fees. There is no basis for finding this case exceptional much less a basis for an award of attorneys' fees. This is especially true given that Magistrate Judge Burke recommended granting Plaintiffs' motion for summary judgment of infringement of claim 10 of the '034 Patent and stated that a reasonable jury could find that HyperBranch infringes the remaining predetermined thickness claims. In denying HyperBranch's motion for summary judgment of noninfringement of the '3,705 patent, Judge Burke found that Plaintiffs' expert opinions on the number of precursors was based on a reasonable application of the Court's construction of the term "precursor" and the Court disagreed with HyperBranch that no reasonable jury could conclude that the accused hydrogels are made from three precursors. The Court's jury instructions providing additional construction of the claims-in-suit support the reasonableness of Plaintiffs' positions of infringement. The failure of HyperBranch to offer a rebuttal witness on the issue of validity supports the reasonableness of Plaintiffs' positions. Accordingly, any briefing on a motion for attorneys' fees should be done after the Court has ruled upon the Rule 50(b) and Rule 59 motions according to the following schedule and briefing page limits:

- 4 weeks after Court's Ruling on Rule 50(b) and Rule 59 motions – Opening Brief of not more than 20 pages on equitable estoppel and Section 285;
- 6 weeks after Court's ruling on Rule 50(b) and Rule 59 motions – Answering Brief of not more than 20 pages on equitable estoppel and Section 285;
- 7 weeks after Court's ruling on Rule 50(b) and Rule 59 motions – Reply Brief of not more than 10 pages on equitable estoppel and Section 285.

However, if the Court is inclined to have simultaneous briefing on equitable estoppel, any motion for attorneys' fees, and Rule 50(b) and Rule 59 motions, then it is requested that the briefing page limits and scheduling be as follows:

Y<small>OUNG</small> C<small>ONAWAY</small> S<small>TARGATT</small> & T<small>AYLOR</small>, LLP
The Honorable Leonard P. Stark
June 15, 2018
Page 3

- Opening Brief of not more than 20 pages on equitable estoppel and Section 285 due same day as above Opening Brief on Rule 50(b) and Rule 59 motions;
- Answering Brief of not more than 20 pages on equitable estoppel and Section 285 due same day as above Answering Brief on Rule 50(b) and Rule 59 motions;
- Reply Brief of not more than 10 pages on equitable estoppel and Section 285 due same day as above Reply Brief on Rule 50(b) and Rule 59 motions.

**Defendant's Proposal**

### Equitable Estoppel

HyperBranch seeks the Court's guidance on how to proceed with respect to HyperBranch's equitable estoppel affirmative defense. (*See* D.I. 723 at 9.) HyperBranch believes that the presentation of evidence during the jury trial was sufficient to support a finding of equitable estoppel and therefore proposes that the parties brief the issue for the Court's decision on the same briefing schedule proposed by the parties for the Plaintiffs' Rule 50(b) and/or Rule 59 motions. If, however, the Court would like to first conduct an evidentiary hearing on equitable estoppel issues not presented to the jury, HyperBranch asks that the Court set a one-day or half-day hearing for further evidence at the Court's convenience. HyperBranch disagrees with Plaintiffs' proposal that briefing on and adjudication of the equitable estoppel defense should be deferred until after the resolution of the Plaintiffs' post-trial motions.

### 35 U.S.C. § 285 Briefing

In addition to briefing on other post-trial matters, HyperBranch intends to seek its reasonable attorneys' fees and costs pursuant to 35 U.S.C. § 285. HyperBranch strongly believes that this case stands out from others with respect to both the relative merits of Plaintiffs' litigation positions and the unreasonable manner in which Plaintiffs litigated this case. Plaintiffs' unreasonable litigation positions and tactics forced HyperBranch to incur attorneys' fees and costs that to date exceed HyperBranch's total annual revenue for 2017 and amount to more than double the total amount of damages Plaintiffs sought at trial. In light of the significant hardship imposed on HyperBranch by this litigation, HyperBranch proposes that the parties brief HyperBranch's motion under 35 U.S.C. § 285 pursuant to the same briefing schedule set for Rule 50(b) and Rule 59 motions and respectfully requests a determination of whether this case qualifies as "exceptional" prior to any appeal of the final judgment to the Federal Circuit.

Respectfully submitted,

*/s/ Karen L. Pascale*

Karen L. Pascale (#2903)

cc: All Counsel of Record via CM/ECF