## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| INTEGRA LIFESCIENCES CORP., INTEGRA LIFESCIENCES SALES LLC, CONFLUENT SURGICAL, INC., AND INCEPT LLC,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>HYPERBRANCH MEDICAL TECHNOLOGY, INC.,<br><br>　　　　Defendant. | C.A. No.  15-819-LPS-CJB |

## [PROPOSED] ORDER GRANTING PLAINTIFFS' RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW OR, ALTERNATIVELY, FOR A NEW TRIAL

At Wilmington this_____ day of _____, _____. having considered the parties' submissions on Plaintiffs Integra LifeSciences Corp. Integra LifeSciences Sales LLC's, Confluent Surgical, Inc. and Incept LLC's ("Plaintiffs") Renewed Motion for Judgment as a Matter of Law or, Alternatively, for a New Trial, and having found sufficient grounds favoring granting said motion, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Renewed Motion for Judgment as a Matter of Law is GRANTED.

2. The asserted claims of U.S. Patent No. 8,003,705 ("the '3,705 Patent") are entitled to a priority date of November 9, 2001.

3. The asserted claims of the '3,705 Patent are valid (not anticipated or obvious in view of Stockman '454 and not indefinite).

4. HyperBranch is liable for direct and indirect infringement of the asserted claims of the '3,705 Patent.

5. The asserted "predetermined thickness" claims (i.e., Claim 20 of U.S. Patent No. 7,009,034; Claims 8 and 23 of U.S. Patent No. 7,592,418; and claim 4 of U.S. Patent No. 7,332,566) are entitled to a priority date of December 3, 1999.

6. The asserted predetermined thickness claims are valid (i.e., not obvious in view of Tse and Pathak 2000 and not lacking a written description).

7. HyperBranch is liable for direct and indirect infringement of each of the asserted predetermined thickness claims.

Alternatively, a new trial is warranted on all the above issues as well as on damages as that issue was never decided by the jury.

_____
HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE

01:23384673.1

2