**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| INTEGRA LIFESCIENCES CORP., INTEGRA LIFESCIENCES SALES LLC, CONFLUENT SURGICAL, INC., and INCEPT LLC, <br><br>Plaintiffs,<br><br>v.<br><br>HYPERBRANCH MEDICAL TECHNOLOGY, INC.,<br>Defendant. | Civil Action No. 15-819-LPS-CJB |

**MEMORANDUM ORDER**

Pending before the Court in this now-closed patent litigation matter is a motion filed by Marteen Moore ("Ms. Moore"), a non-party to this action, in which Ms. Moore seeks "intervention and/or mandamus to request the unsealing of certain court records" in this action (the "Motion"). (D.I. 816 at cover page) Plaintiffs Integra LifeSciences Corp., Integra LifeSciences Sales LLC, Confluent Surgical, Inc. ("Confluent") and Incept LLC (collectively, "Plaintiffs") oppose the Motion, as does Defendant HyperBranch Medical Technology, Inc. ("Defendant" or "HyperBranch").[1]

**I.   BACKGROUND**

    **A.   Factual Background**

        **1.   Ms. Moore's Litigation**

---

[1] Defendant provided notice that it joined Plaintiffs' arguments for denial of the Motion by way of a filing, which was categorized on the docket as a motion seeking relief. (D.I. 823) The Court, which was referred that "motion" for resolution, (D.I. 825), will consider Defendant's filing simply to be a motion seeking permission to join in Plaintiffs' arguments, without filing separate briefing in support thereof. It thus GRANTS that motion.

Ms. Moore was the plaintiff in a medical malpractice and products liability action that she filed in 2007; the case was brought against a number of different defendants including Confluent, and it was filed in the United States District Court for the Central District of California (the "Confluent Action"). (D.I. 822, ex. 3) That case related to Ms. Moore's participation in a pre-market clinical trial relating to Confluent's DuraSeal® product. (*Id.*, ex. 4 at 2) During a 2006 surgery, one of Ms. Moore's surgeons, Confluent's co-defendant Dr. Michael Wang, applied DuraSeal on Ms. Moore's spine. (*Id.*) Following that surgery, Ms. Moore developed an infection and, after undergoing a subsequent surgery in 2007, she became paralyzed. (*Id.* at 2-3) In the Confluent Action, Ms. Moore alleged, *inter alia*, that DuraSeal had contributed to her post-surgical infection and her paralysis. (*Id.* at 4)

On September, 8, 2009, the District Judge in the Confluent Action granted Confluent's motion for summary judgment as to all claims against it. (*Id.* at 15) The Court found that Ms. Moore had failed to produce any evidence establishing that DuraSeal had proximately caused her injuries, which meant that all of Ms. Moore's claims failed. (*Id.*) The Confluent Action was closed on September 21, 2009, when the District Court entered Final Judgment against Ms. Moore. (*Id.*, ex. 5) Thereafter, in late 2009 and early 2010, the District Court considered and denied Ms. Moore's two post-judgment motions for reconsideration or clarification, and also denied Ms. Moore's post-judgment motion seeking sanctions against Confluent and its counsel. (*Id.*, ex. 3 at D.I. 291, D.I. 305, D.I. 339) After denying the latter motion, the District Court ordered that "Plaintiff's counsel is hereby warned that unreasonably multiplying the proceedings in this case may result in the imposition of sanctions" and that "[t]he Court will not entertain any further attempts by Plaintiff to revisit the Court's decision to grant summary judgment in this case." (D.I. 822 ex. 3 at D.I. 339)

Ms. Moore thereafter appealed, *inter alia*, the District Court's grant of Confluent's summary judgment motion, as well as the district court's denial of her three post-trial motions referenced above. (*Id*., ex. 6 at 2) The United States Court of Appeals for the Ninth Circuit affirmed the District Court's decisions on February 25, 2011, via a short memorandum opinion. (*Id*. at 4) On May 5, 2011, the Ninth Circuit denied Ms. Moore's petition for rehearing and for rehearing *en banc*, (*id*., ex. 7), and on Oct. 3, 2011, the Supreme Court of the United States denied Ms. Moore's petition for certiorari, *see Moore v. USC Univ. Hosp., Inc*., 565 U.S. 884 (2011).

### 2. The Instant Action

Plaintiffs filed this suit (the "instant action") in September 2015 against Defendant, alleging that Defendant's "Adherus" brand dural sealant and spinal sealant products infringed certain of Plaintiffs' patents. (D.I. 1) In the instant action, Plaintiffs alleged that the asserted patents were necessary in order to make, use and sell their DuraSeal product line, which includes DuraSeal Exact Spine Sealant. (D.I. 164 at 3, 5) The case was thereafter referred to the Court by Chief United States District Judge Leonard P. Stark to resolve all matters up through and including case dispositive motions. (D.I. 15)

In addition to the filing of their Complaint, Plaintiffs also filed a motion for preliminary injunction (the "PI motion"), (D.I. 8), in which they sought to enjoin Defendant from commercially using, selling and offering for sale within the United States Defendant's allegedly infringing sealant products, (D.I. 164 at 1). In a Report and Recommendation issued on August 12, 2016 (the "August 2016 R&R"), the Court recommended that the PI motion be denied. (*Id*. at 61) The parties litigated the case through to a jury trial held in May and June 2018. After the trial, the District Court entered a Judgment in favor of Defendant and against Plaintiffs on all

claims of infringement and invalidity that were addressed by the jury's verdict, (D.I. 760); after additional post-trial briefing, the District Court entered a Final Judgment on September 4, 2019, which affirmed judgment in favor of Defendant as to all claims of infringement and invalidity, (D.I. 815).

### 3. Ms. Moore's Subpoena

In 2017, Ms. Moore's counsel performed a search of the national case index and discovered that Confluent was a plaintiff in the instant action. (D.I. 816, Attachment at 1) Ms. Moore's counsel then searched the docket of the instant action and discovered and read the August 2016 R&R. (*Id.* at 2) In September 2017 (while the instant action was still being litigated), Ms. Moore issued a subpoena to counsel for HyperBranch, pursuant to Federal Rule of Civil Procedure 45. (D.I. 822, ex. 8 at 1; *id.*, ex. 9 at 2) The subpoena sought production of declarations and documents referenced in the August 2016 R&R, which Ms. Moore asserted would show that DuraSeal carried an increased risk of causing infection. (D.I. 821 at 5-6; D.I. 822, ex. 8 at 1) After Defendant served objections to the subpoena, Ms. Moore filed a motion seeking to enforce the subpoena in the Confluent Action (a case that, by that time, had been closed for over seven years). (D.I. 822, ex. 3 at D.I. 356) Confluent objected to that motion, (*id.*, ex. 8 at 1), and on February 12, 2019, the District Court in the Confluent Action denied Ms. Moore's motion on various grounds, including that the "documents that [Ms. Moore] now seeks would not . . . show that Dura[S]eal more probably than not caused her injuries" and "would not establish proximate causation" such that they "would not alter the outcome in this case[,]" (*id*. at 2-3). Ms. Moore appealed this decision to the Ninth Circuit as well, which affirmed the District Court's decision on April 27, 2020. (*Id.*, ex. 9)

### B. Procedural Background

4

On July 6, 2020, the Clerk of Court received a cover letter and the instant Motion; the Clerk filed the Motion on the docket that same day. (D.I. 816)[2] On July 28, 2020, Chief Judge Stark referred the Motion to the Court for resolution, (D.I. 819), and briefing on the Motion was completed on September 1, 2020, (D.I. 824).[3]

## II.  DISCUSSION

With her Motion, which the Court will consider to be a motion to intervene, Ms. Moore seeks a Court order unsealing certain documents relating to Plaintiffs' PI motion. (D.I. 816; D.I. 824)[4] Ms. Moore notes that she identified the list of documents at issue from the August 2016 R&R's description of "several documents filed by the parties in the sealed record as relating to, or containing evidence of bad practices or experiences of physicians, surgeons, consumers and Confluent itself with the Duraseal[] [Ex]act Spinal Sealant." (D.I. 824 at 15-16; *see also, e.g.*,

---

[2]  Prior to submitting the Motion to the Clerk's Office, Ms. Moore's counsel apparently sent a letter dated June 3, 2020 directly to Chief Judge Stark, in which counsel sought access to the documents that Ms. Moore had previously subpoenaed from HyperBranch. (D.I. 816, Attachment)

[3]  Ms. Moore's Motion includes (as part of the same document) a brief in support of the Motion. (D.I. 816) Ms. Moore also filed a reply brief. (D.I. 824) The content of the Motion and the reply brief violate various aspects of, *inter alia*, District of Delaware Local Rule 7.1.3. It is important that litigants and their counsel follow the Court's Local Rules, and failure to do can result in the Court declining to consider the substance of a litigant's motion. That said, under the circumstances here, the Court exercises its discretion to address the substance of the Motion, despite these violations of the Court's Local Rules.

[4]  Federal Rule of Civil Procedure 24(b) states in relevant part that "[o]n timely motion, the court may permit anyone to intervene who . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). Whether to grant a motion for permissive intervention is discretionary. *Brody By & Through Sugzdinis v. Spang*, 957 F.2d 1108, 1124 (3d Cir. 1992). Courts have allowed parties to intervene for the limited purpose of unsealing a judicial record, even "long after a case has been terminated." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 778-79 (3d Cir. 1994); *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 161 n.5 (3d Cir. 1993). The Court GRANTS Ms. Moore's request to intervene in this case for this limited purpose.

5

D.I. 816 at 16 ("The records that were sealed, according to [the August 2016 R&R], included primarily documents obtained in discovery and attached to the declarations of Adam Pivovar, Esq. and Karen Pascale, Esq. that relate [to] bad experiences with the Duraseal[] product in the relevant time period.")) According to Ms. Moore, if she had access to the content of these documents, that might allow her to "move the district court in California to reopen the action for discovery and for trial" as it will enable her to "contact surgeons who are identified therein as having proof that Duraseal[] injured their patients" and to then "engage these surgeons as her expert opinion witnesses, and to obtain the objective evidence of causation of her injuries to other patients for a basis for expert opinion testimony." (D.I. 816 at 3) More specifically, Ms. Moore requests that the Court unseal the following "specific" documents:[5]

---

[5] Ms. Moore's opening brief begins by requesting "the unsealing of the records of the court filed in support of, and opposition to, the motion for preliminary injunction herein[,]" which could be broadly read as requesting that *all* such records be unsealed. (D.I. 816 at 1; *see also id.* at 17, 18) Indeed, that is how Plaintiffs appear to have interpreted Ms. Moore's Motion. (D.I. 821 at 3 ("Unsealing the entire preliminary injunction record in this action would needlessly expose the parties' Confidential and Highly Confidential discovery materials, causing them competitive injury, with absolutely no countervailing benefit to Moore.")) But in her reply brief, Ms. Moore requests only that a certain "specific" subset of documents be unsealed (those listed below)—a "middle ground between unsealing all of the documents or unsealing none of the documents[.]" (D.I. 824 at 5, 16) Accordingly, the Court here focuses on Ms. Moore's narrowed request.

Ms. Moore's opening brief had also expressly requested that the transcript from the hearing on the PI motion be unsealed. (D.I. 816 at 1) (A redacted, publicly available version of this transcript is and has been available on the docket at docket entry no. 174.). After Plaintiffs' answering brief attached the redacted, publicly available version of that transcript as an exhibit, (D.I. 822, ex. 1), Ms. Moore's counsel then reviewed it, (D.I. 824 at 9 n.3). And Ms. Moore's reply brief does not appear to further press for the redacted portions of the transcript to be unsealed. (D.I. 824) This is understandable, as those redacted portions amount to less than a page of the 240-page transcript and had nothing to do with "bad experiences" with DuraSeal (as presumably Ms. Moore's counsel could tell from reviewing the redacted transcript, including the text surrounding the redacted portions). (*See* D.I. 163; D.I. 821 at 11) So the Court will not further consider the PI motion transcript issue here.

1. Declaration of John Tew M.D. filed with the court in connection with the motion for preliminary injunction, esp. ¶¶ 4, 6-8, 9, 10-11, 13 ["Tew Declaration"];

2. Deposition transcript of John Tew M.D. ["Tew Deposition"] . . . ;

3. Declarations of Alexander West M.D. ["West Declaration"] . . . ;[6]

4. Deposition transcript of Alexander West M.D. [the "West Deposition"] . . . [;]

5. First Declaration of Adam Pivovar, and Ex[hibit] M thereto[;]

6. Second Declaration of Adam Pivovar, and Exhibits FF, HH, KK, MM thereto[;]

7. First Declaration of Karen Pascale, and [] [E]xhibit 3 [(the "Lenox Declaration")] thereto[; and]

8. Second Declaration of Karen Pascale, and Exhibit 8 [(the "Lucas Declaration")] thereto.

(D.I. 824 at 16-17)

Ms. Moore's Motion is premised on the notion that the above documents are *sealed*. However, most of the documents listed above—all of those except for (5) and (6)—are not sealed on the docket, as is set out below:

- The Tew Declaration is docket entry no. 98, and it is not sealed;

- The Tew Deposition is docket entry no. 184, exhibit 3, and it is not sealed;

---

[6] Ms. Moore's briefing refers to "Declarations" of Alexander West M.D.[,]" (D.I. 824 at 17), but there is only one declaration of Dr. West. The portion of the August 2016 R&R that Ms. Moore cites in support of her request for this document refers to only one declaration of Dr. West. (D.I. 164 at 49-50 (cited in D.I. 824, Attachment at 1))

7

- The West Declaration is docket entry no. 99, and it is not sealed;

- The West Deposition is docket entry no. 184, exhibit 4, and it is not sealed;

- The Lenox Declaration is docket entry no. 10, exhibit 3, and it is not sealed (nor is the First Declaration of Karen Pascale, to which the Lenox Declaration is attached); and

- The Lucas Declaration is docket entry no. 184, exhibit 8 and it is not sealed (nor is the Second Declaration of Karen Pascale, to which the Lucas Declaration is attached).

Ms. Moore's Motion is thus DENIED AS MOOT with respect to these documents.

The remaining two sets of documents listed above *are* sealed on the docket of the instant action: Exhibit M of the First Declaration of Adam Pivovar (found at docket entry no. 102) and Exhibits FF, HH, KK and MM of the Second Declaration of Adam Pivovar (found at docket entry no. 151). The Court will first set out the legal standard applicable to the unsealing of judicial records, and will then turn to these documents.

### A. Legal Standard

It is well-settled that the public has a common law right of access to judicial proceedings and records. *See Littlejohn v. BIC Corp.*, 851 F.2d 673, 677–78 (3d Cir. 1988) (noting that the public's right to such access is "beyond dispute") (internal quotation marks and citation omitted); *accord United States v. Martin*, 746 F.2d 964, 968 (3d Cir. 1984). The public's right of access extends beyond the ability to attend court proceedings, and includes the right to inspect and copy public records, including judicial records (i.e., those documents filed with the court, or documents otherwise incorporated into a court's adjudicatory proceedings). *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001). The United States Court of Appeals for the Third Circuit has explained that this common law right of access, which carries with it a "strong

presumption" in favor of public access to judicial records, applies to pretrial motions of a nondiscovery nature and the material filed therewith. *Id*. at 192-93; *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 164-65 (3d Cir. 1993) (explaining that the presumptive right to public access applies to material submitted in conjunction with a motion for preliminary injunction).

A district court has the power to unseal previously-sealed documents through its general discretionary powers. *United States v. Wecht*, 484 F.3d 194, 211 (3d Cir. 2007); *United States v. Smith*, No. 3:02-CR-00221, 2020 WL 4353565, at *2 (M.D. Pa. July 29, 2020). The common law right of access is not absolute, however, and may be rebutted. *In re Avandia Mktg., Sales Practices & Prods. Liability Litig.*, 924 F.3d 662, 672 (3d. Cir. 2019). "Despite the presumption [of public access], courts may deny access to judicial records, for example, where they are sources of business information that might harm a litigant's competitive standing." *Littlejohn*, 851 F.2d at 678. The party seeking to overcome the presumption of access to maintain the seal has the burden of showing that the "interest in secrecy outweighs the presumption." *Avandia*, 924 F.3d at 672 (internal quotation marks and citation omitted); *see also, e.g.*, *Dobson v. Milton Hershey Sch.*, 434 F. Supp. 3d 224, 234 (M.D. Pa. 2020). In doing so, the party must show that the "material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Avandia*, 924 F.3d at 672 (internal quotation marks and citation omitted). The Court must then determine if the harm from the articulated injury outweighs the presumption of access. *Pa. Nat'l Mut. Casualty Ins. Grp. v. New Eng. Reins. Corp.*, — F. App'x —, 2020 WL 7663878, at *1 (3d Cir. Dec. 24, 2020). To overcome the strong presumption of public access, courts must identify "the compelling, countervailing interests to be protected, make specific findings on the record concerning the

effects of disclosure, and provide[] an opportunity for interested third parties to be heard." *Avandia*, 924 F.3d at 672-73 (internal quotation marks and citation omitted). "[A] person's motive for inspecting or copying judicial records is irrelevant under the common law right of access." *Id.* at 677.

### B. Sealed Documents

Ms. Moore requests that Exhibit M of the First Declaration of Adam Pivovar (found at docket entry no. 102) be unsealed.[7] As described in the August 2016 R&R, this document is a "March 2013 Covidien DuraSeal Sealant Applicator Market Assessment[.]" (August 2016 R&R at 51 (cited in D.I. 824, Attachment at 2)) Ms. Moore also requests that Exhibits FF, HH, KK and MM of the Second Declaration of Adam Pivovar (found at docket entry no. 151) be unsealed.[8] As described in the August 2016 R&R, these documents constitute e-mail exchanges between Covidien employees discussing problems associated with DuraSeal. (*Id.* at 11 (cited in D.I. 824, Attachment at 2)) Covidien is Confluent's prior owner (the company has subsequently been acquired by Medtronic, Inc. ("Medtronic")); it is not a party to the instant action. (*Id.* at 3 & n.1)

There has been no showing that public disclosure of these particular documents would work a clearly defined and serious injury to anyone.[9] (D.I. 821; D.I. 823) Indeed, in the August

---

[7] To the extent Ms. Moore also requests that the actual First Declaration of Adam Pivovar be unsealed, (D.I. 824 at 17), it is located on the docket, in unsealed form, at docket entry no. 599.

[8] To the extent Ms. Moore also requests that the actual Second Declaration of Adam Pivovar be unsealed, (D.I. 824 at 17), it is located on the docket in unsealed form at docket entry no. 609.

[9] The thrust of Plaintiffs' answering brief in opposition to Ms. Moore's Motion is that the documents requested to be unsealed are irrelevant to the Confluent action. (*See* D.I. 821 at 3, 8-9) Indeed, the District Court in the Confluent Action has suggested that documents such as those at issue here would not make a difference in the outcome of that case. (D.I. 822, ex. 4 at

10

2016 R&R, the Court quoted extensively from these documents, particularly as to portions of the documents that discuss problems with Duraseal. Before the August 2016 R&R became publicly available, Plaintiffs moved the Court to redact these references to the documents from the Court's opinion (the "motion to redact"). (D.I. 167, ex. A at 11, 50-52) In doing so, Plaintiffs explained that "[b]ecause the [August 2016 R&R] is under seal, counsel for Medtronic/Covidien have not been permitted access to it, and therefore Medtronic/Covidien has had no opportunity to present its objections to the public disclosure of its highly confidential information quoted and described therein" and that therefore "Plaintiffs' requested redactions . . . include[d] Medtronic/Covidien highly confidential information[.]" (D.I. 166 at 3) The Court thereafter denied Plaintiffs' motion to redact and gave Plaintiffs one final chance to make a stronger showing with respect to any requested redactions regarding the August 2016 R&R. (August 24, 2016 Oral Order) Additionally, the Court entered an order permitting Plaintiffs to provide counsel for Medtronic/Covidien a copy of the August 2016 R&R, so that Medtronic/Covidien could have the opportunity to seek any redactions it felt were warranted by law. (D.I. 168) Plaintiffs subsequently filed a revised motion to redact portions of the August 2016 R&R, in which they "re-evaluated and substantially reduced their requested redactions" after receiving input from, *inter alia*, counsel for Medtronic/Covidien. (D.I. 180 at 2) These requested redactions no longer included the August 2016 R&R's references to the above documents at issue. (*Id.*, ex. A) Thus, the Court's references to (and quotations from) these exhibits in the August 2016 R&R were unredacted in the publicly available version of that opinion. (D.I. 179)

---

15; *id.*, ex. 8 at 2-3) The Third Circuit, however, has instructed that a party's motive for seeking to unseal judicial records is irrelevant under the common law right of access. *Avandia*, 924 F.3d at 677; *Leucadia*, 998 F.2d at 167. The Court therefore declines to consider this "relevance" argument in assessing the Motion.

11

On this record, then, the Court cannot conclude that any harm from disclosure of the documents at issue outweighs the "strong presumption" in favor of public access to judicial records. *Cf. In re Application of Storag Etzel GmbH*, Misc. C.A. No. 19-mc-209-CFC, 2020 WL 2949742, at *29 (D. Del. Mar. 25, 2020) ("After material appears unsealed on the a court's docket, and therefore in the public domain, there are little, if any, plausible justifications for subsequently sealing the same material."). That said, the Court is cognizant that the documents at issue are Medtronic/Covidien's documents, and that the documents contain material other than that excerpted in the Court's August 2016 R&R. Fairness dictates that Medtronic/Covidien be given some opportunity to weigh in before the entirety of those documents is unsealed, in the event that Medtronic/Covidien is unaware of this Motion. *See Avandia*, 924 F.3d at 672-73 (noting that in assessing disputes over the common law right of access, the Court must "provide[] an opportunity for interested third parties to be heard") (internal quotation marks and citation omitted). In its order below, the Court will allow for that opportunity.

## III. CONCLUSION

For the reasons set out above, the Court ORDERS that Ms. Moore's Motion be GRANTED-IN-PART and DENIED-IN-PART as MOOT. As to the documents at issue in the Motion that are already publicly available, the Court need take no further action. As to Exhibit M of the First Declaration of Adam Pivovar (found at docket entry no. 102) and Exhibits FF, HH, KK and MM of the Second Declaration of Adam Pivovar (found at docket entry no. 151), the Court ORDERS that, absent any further order of the Court in the interval, on **February 26, 2021**, the Clerk of Court should take action that results in these documents being made publicly available on the docket. In the interval, counsel for Plaintiffs and Defendant are directed to jointly provide a copy of this Memorandum Order to counsel for Medtronic/Covidien by no later

than **January 27, 2021**. If Medtronic/Covidien seeks to maintain any portion of these documents under seal, then by no later than **February 3, 2021**, it shall file with the Court: (1) a one-page motion seeking such relief; and (2) a letter brief, of no more than four (4) single-spaced pages, setting out support for such a position, in line with the legal precedent set out above. To the extent that Medtronic/Covidien does so, any party to this Motion may file a response to Medtronic/Covidien's position via a letter brief of no more than four (4) single-spaced pages, by no later than **February 10, 2021**. Medtronic/Covidien may file a reply letter brief, of no more than two single-spaced pages, by no later than **February 16, 2021**.

Dated: January 25, 2021

*Christopher J. Burke*
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE